## UNITED STATES BANKRUPTCY COURT

IN RE:  Elliot A. Viches

In a Chapter__13
Case No.:_05-59344 ASW
Adv. Case No.:_

FILED

2.08 MAR -5 P 4:17

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA. S.J.

### AMENDED
### TRANSMITTAL OF WITHDRAWAL OF REFERENCE
### TO THE DISTRICT COURT

1.  __X___ **Motion or order to withdraw reference**.

2.  _____ **Certificate to the District Court** non-core proceeding pursuant to B.L.R. 9015-2(b) demand for jury trial.

3.  _____ **Certificate to the District Court** pursuant to B.L.R. 9015-2(d) personal injury tort and wrongful death claims

DATE FILED: ___[Date Filed]

FILED BY (MOVANT): __Elliot Viches

ATTORNEY:  ___

PLEADINGS TRANSMITTED TO DISTRICT COURT

| ____X_____ | Motion or Order to Withdraw Reference |
| ____X_____ | Memorandum in Support of Motion to Withdraw Reference |
| _____ | Response to Motion to Withdraw Reference |
| _____ | Certificate to the District Court |
| ____X_____ | Certified Copy of Bankruptcy Docket Sheet |
| ____X_____ | Other Pertinent Record:___FILING FEES NOT RECEIVED_____ |

COUNTY OF DEBTOR(S) RESIDENCE: _Santa Clara

DATE: __3/5/08                    TRANSMITTED: ___3/5/08

By: _Erin Coyle, Deputy Clerk

Phone No.: _408-535-5005

----------------------------------------------------------------------------------------

DISTRICT COURT CASE NUMBER: ____CO8-01300 _____JF_____ ____

MAR TE: 5 2008 _____ BY: _____
                            Tiffany Salinas-Harwell
PLEASE RETURN SECOND COPY UPON RECEIPT

cc:    Attorney for Movant
       Attorney for Respondent

1

**Elliot A. Viches**

2
1143 Stonylake Ct.
Sunnyvale, CA 94089

3
Telephone: (408) 745-0646
Fax: (408) 273-6595

4
Debtor, in Pro Per

**FILED**

MAR 0 3 2008

CLERK
United States Bankruptcy Court
San Jose, California

5

6
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

7

8
In re

Case No.: 05-59344 ASW

9
Chapter 13

10
Elliot A. Viches

NOTICE OF MOTION TO WITHDRAW
REFERENCE

11

12
Date: April 7, 2008
Time: 2:00 p.m.

13
Debtor
Courtroom: 3020
Judge: Hon. Arthur S. Weissbrodt

14

15
**TO THE COURT, THE UNSECURED CREDITOR IN PRO PER PAUL KOROLOV,
CHAPTER 13 TRUSTEE AND OTHER PARTIES IN INTEREST;**

16

17
PLEASE TAKE NOTICE, that Chapter 13 debtor Elliot A. Viches (the "Debtor") has

18
filed a motion (the "Motion") with the Court for an order authorizing to withdraw reference of

the proceeding pending before this Court entitled "Debtor's Request to Vacate the Arbitration

19
Award", which constitutes Paragraph III of the "Debtor's Objection to Proof of Claim filed by

20
Paul Korolov; Other Relief and Notice of Opportunity for Hearing" [filed on February 20, 2006,

21
Docket # 111] (the "Debtor's Petition"). This Motion is filed pursuant to 28 U.S.C. §157(d) and

22
Local Rule §5011-2(a) and/or (b). See Cross Reference Fed. R. Bankr. P. § 5011.

23

24
NOTICE IS FURTHER GIVEN that Bankruptcy Local Rules 9014-1(b)(2) and (c)(1)

25
apply to the Motion. B.L.R. 9014-1(c)(1) provides in pertinent part that where the matter to be

26
heard is governed by B.L.R. 9014-1(b)(1), or the initiating party desires a hearing under B.L.R.

27
9014-1(b)(2) (as is the case with this Motion), and relief is sought against an identified, named

28
entity, the motion, notice of hearing, supporting declarations, memoranda, and all other papers

shall be filed and served at least 28 days before the actual scheduled hearing date. Any

opposition shall be filed and served on the initiating party at least 14 days prior to the actual

scheduled hearing date. Any reply shall be filed and served at least 7 days prior to the actual

scheduled hearing date.

NOTICE IS FURTHER GIVEN that the Motion is based upon this Notice and the

Memorandum Of Points and Authorities filed concurrently herewith.

Dated: March 3, 2008

RESPECTFULLY SUBMITTED

By: _____

Elliot A. Viches, Debtor in Pro Per

**Elliot A. Viches**
1143 Stonylake Ct.
Sunnyvale, CA 94089
Telephone: (408) 745-0646
Fax: (408) 273-6595
Debtor, in Pro Per

**FILED**

MAR 0 3 2008

CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No.: 05-59344 ASW |
| | Chapter 13 |
| Elliot A. Viches | MEMORANDUM OF POINTS AND AUTHORITIES OF DEBTOR'S MOTION TO WITHDRAW REFERENCE |
| Debtor | Date: April 7, 2008<br>Time: 2:00 p.m.<br>Courtroom: 3020<br>Judge: Hon. Arthur S. Weissbrodt |

## I. INTRODUCTION

Chapter 13 debtor Elliot A. Viches' (the "Debtor") motion (the "Motion") seeks to withdraw reference of the proceeding pending before this Court entitled "Debtor's Request to Vacate the Arbitration Award", which constitutes Paragraph III of the "Debtor's Objection to Proof of Claim filed by Paul Korolov; Other Relief and Notice of Opportunity for Hearing" [filed on February 20, 2006, Docket # 111] (the "Debtor's Petition"). This Motion is filed pursuant to 28 U.S.C. §157(d) and Local Rule §5011-2 (a) and/or (b). *See* Cross Reference Fed. R. Bankr. P. § 5011. In the alternative, if the reference cannot be withdrawn by either *sua sponte* decision of the Bankruptcy Court (the BK Court") pursuant to the Local Rule §5011-2 (b), or by this motion of the Debtor, or after the review by the Federal District Court Judge, the Debtor's Petition shall be adjudicated by the BK Court, who has jurisdiction of the subject matter.

The Debtor and unsecured creditor in *Pro Per* Paul Korolov ("Korolov") are collectively referred to hereunder as the Parties.

## II. ARGUMENT

The Motion is based on the following facts:

1. Debtor has filed his Chapter 13 petition with BK Court on October 16, 2005 under the old bankruptcy rules. His case since hasn't been confirmed yet.

2. On March 29, 2006, the BK granted Korolov's motion for relief from automatic stay in this Chapter 13 case to pursue the final arbitration award in American Arbitration Association ("AAA") forum, where the arbitration case was pending before the Debtor filed for bankruptcy protection. The pre-petition Interim Arbitration Award was issued by the AAA Arbitrator Charles R. Ragan (the "Arbitrator") on January 25, 20005. The relief granted to Korolov was in the sense that the proceeding goes back to the arbitration.

3. On November 22, 2006, the Arbitrator issued the final arbitration award (the "Arbitration Award") finding the Debtor liable for the breach of contract or November 11, 2003 Mediation Settlement Agreement (the "MSA").

4. On December 1, 2006, Korolov filed his Amended Proof of Claim with the BK Court solely based on the final Arbitration Award.

5. On February 20, 2007, the Debtor timely filed and served his petition to vacate the Arbitration Award with the BK Court.

6. On February 11, 2008, the Bankruptcy Court (the "BK Court") Judge Arthur S. Weissbrodt (the "BK Judge") *sua sponte* after considering the papers and briefs submitted in the underlying case, directed the Parties to resolve their respective disputes in the Federal District Court for Northern District of California, San Jose Division. Particularly, the BK Judge has made, among other things, the following main points (See a copy of the Transcript of the February 11, 2008 hearing attached hereto as **Exhibit A**):

    (a) "**It appears that there may be no jurisdiction currently in the State Court** since the underlying State Court litigation that resulted in the MSA was dismissed on December 13 of 2007." [Emphasis added]; [Page 13, lines 4-8 of Exh.A]

    (b) " There is no provision in the MSA that governs which court shall enter a judgment of the arbitration award. Thus, **it appears that Debtor may bring a petition to vacate the arbitration award in the District Court.**" [Emphasis added]. Citing

CORTEZ BYRD CHIPS, Inc. v. BILL HARBERT CONSTRUCTION COMPANY 529 U.S. 193 (20000); [Page 14, lines 13-21 of **Exh.A**]

(c) "Thus, the **District Court can determine all issues regarding the arbitration award, including any issues that involve the automatic stay**. It appears to this Court that the District Court is the best court to hear Debtor's petition to vacate the arbitration award and that Mr. Korolov's request to confirm that award, if that is what Mr. Korolov wishes to do, should be brought there as well. **This Court [EV: BK Court] has no experience with Title 9 of the United States Code** and presumes that the District Court has had experience with that statutory scheme. If the District Court, for any reason, prefers for this Court to hear Debtor's petition to vacate, and any related matters, the District Court can send the matter back to this Court for determination. " [Emphasis added]; [Page 15, lines 6-20 of **Exh. A**]

(d) The BK Judge has further **ordered** Korolov to bring a motion for relief from automatic stay on the BK Court's March 12, 2008 calendar, if Korolov wants to also confirm the Arbitration Award and the Debtor's Petition to Vacate the Arbitration Award has to be filed within thirty (30) days from the February 11, 2008 hearing. [Page 18, lines 6-10 of **Exh. A**].

7. On February 25, 2004 the Debtor filed self-executing petition with AAA demanding the arbitration.

8. On December 13, 2007, the Superior Court dismissed the case entitled IVEX vs. Korolov et al case number 1-01-CV798879.

**Statute of Limitation Issue**

Pursuant to the Federal Arbitration Act ("FAA") Paragraph 12 the Statute of Limitation ("SOL") for filing of the Debtor's Petition to vacate the Arbitration Award has expired on or around February 20, 2007 or ninety (90) days from the issuance of the Final Arbitration Award on or around November 22, 2006. The Debtor timely filed and served his petition to vacate the Arbitration Award with the BK Court on February 20, 2007 or within ninety (90) days of SOL. Thus, it is apparent that the proceeding pending in the BK Court re: vacation of the Arbitration Award has to be either adjudicated by the BK Court or Federal District Court by withdrawing

the reference of the aforementioned proceeding. Otherwise, if a new petition is going to be filed with Federal District Court, the SOL issue may prevent the Debtor from pursuing his action.

### The Reference Can be Withdrawn Sua Sponte by the BK Court

The BK Court may withdraw the reference *sua sponte* pursuant to the Local Rule §5011-2(b), which reads:

"A Bankruptcy Judge may, on the Judge's own motion, recommend to the District Court that a case or proceeding be withdrawn under 28 U.S.C. § 157(d). Such a recommendation shall be served on the parties to the case or proceeding and forwarded to the Clerk of the District Court, and the recommendation shall be assigned to the Judge of the District Court pursuant to the Assignment Plan."

As stated in Paragraph 6 (a)-(d) hereinabove, the BK Judge found that the subject matter shall be adjudicated in the Federal District Court, which also has jurisdiction over the matter. Thus, one of the appropriate action in the underlying case would be for the BK Court to withdraw the reference pursuant to the Local Rule §5011-2(b).

### The Reference Can Be Withdrawn Pursuant to Local Rule §5011-2(a) or Adjudicated in BK Court.

Local Rule §5011-2(a), reads as follows:

"A motion to withdraw a case or proceeding under 28 U.S.C. § 157(d) shall be filed with the Clerk of the Bankruptcy Court. The Clerk of the Bankruptcy Court shall transmit the motion forthwith to the District Court. The motion shall be assigned by the Clerk of the District Court to a Judge of the District Court pursuant to the Assignment Plan."

Furthermore 28 U.S.C. § 157(d) makes it clear that a party may only obtain a withdrawal of the reference upon a "Motion for Withdrawal." See Hawaiian Airlines, Inc. v. Mesa Air Group, Inc., 355 B.R. 214, 218 (D. Hi. 2006) (holding that "a litigant who believes that a certain [action] or portion of a [action] pending in the bankruptcy court should be litigated in the district court may make a motion to withdraw the reference").

Alternatively, the Debtor's Petition can be adjudicated by the BK Court that currently has jurisdiction over the subject matter.

### Jurisdiction of the Proceeding

The question of which district court is the appropriate court to decide post-arbitration motions under Federal Arbitration Act ("FAA") §§ 9, 10 and 11, is one of permissive or

mandatory venue. These statutory provisions are akin to venue provisions in the sense that they identify which of the several district courts having jurisdiction is the appropriate one to decide these post-arbitration motions. If these so-called venue provisions are mandatory (appropriately brought only in "the United States court in and for the district within which such award was made"), then they may be seen as jurisdictional, in that they would deprive all other district courts of the power to decide these motions.

Section 9 of FAA states, in relevant part, that "if the parties have agreed to judicial confirmation, and shall specify the court, then at any time within **one year after the award is made** any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. **If no court is specified in the agreement of the parties,** [EV: which is the case here] **then such application may be made to the United States court in and for the district within which such award was made.** 9 U.S.C. § 9 [Emphasis added].

Federal appellate courts have reached different conclusions with regard to the interpretation of this statute. Some circuits, including 9th Circuit, hold that § 9 (or § 10) authorizes only the district court in the district where the award was made to confirm (or vacate) arbitration awards. See Bill Harbert Constr. Co. v. Cortez Byrd Chips, Inc., 169 F.3d 693, 694-95 (11th Cir. 1999); This is exactly the case in the Ninth Circuit, where these provisions are viewed as **mandatory**, the Court has found that an Arizona district court properly refused to vacate a California arbitration award under § 10 citing a lack of subject matter jurisdiction. United States v. Ets-Hokin Corp., 397 F.2d 935, 938-39 (9th Cir.1968). Sunshine Beauty Supplies, Inc. v. United States Dist. Ct. for the Cent. Dist. of Cal., 872 F.2d 310, 311-12 (9th Cir. 1989); See also, Feliciano v. Wirth, 911 F.2d 737 (9th Cir.1990) (vacatur of California arbitration award under § 10 by Nevada district court invalid for lack of subject matter jurisdiction); Island Creek Coal Sales Co. v. City of Gainesville, Fla., 729 F.2d 1046, 1049-50 (6th Cir. 1984).

**Federal Court Jurisdiction Issue pursuant to American Arbitration Association Rule 47(c)**

The American Arbitration Association ("AAA") Rule 47(c) the parties arbitrated under states that "[p]arties to these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any **federal** [EV: the only court left having jurisdiction over the parties after Korolov's case 1-01-CV798879 was dismissed on December 13, 2007 in the Superior Court] or state court having jurisdiction thereof." [Emphasis added] See Sutter Corp. v. P & P Indus., Inc., 125 F.3d 914, 916 n.3 (5th Cir. 1997); Appellant's Br. at 23. Courts have also

held that parties who agree that their arbitration shall be governed by the rules of the AAA have implicitly consented to judicial confirmation, because AAA Rule 47(c) states that "[p]arties to these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." See McKee, 45 F.3d at 983-84 & n.3; Rainwater, 944 F.2d at 192-94; Commonwealth Edison Co. v. Gulf Oil Corp., 541 F.2d 1263, 1272-73 (7th Cir. 1976).

Thus, by agreeing to arbitrate before the AAA, despite the fact the parties did not explicitly consent, in the parties' Agreement, to have federal court judgment entered upon their arbitration award., in their Agreement, the parties impliedly agreed that they would be bound, in the course of arbitration proceedings, by the procedural rules of the AAA, including Rule 47(c). A party who consents by contract to arbitration before the AAA also consents to be bound by the procedural rules of the AAA, unless that party indicates otherwise in the contract. See McKee, 45 F.3d at 985.

Therefore, since the parties impliedly agreed "that judgment upon the arbitration award may be entered in any **federal** .... court having jurisdiction thereof" , **the jurisdictional prerequisite of 9 U.S.C. § 9 was satisfied here.** [Emphasis added] See P & P Industries v. Sutter Corp., 179 F.3d 861 (10th Cir. 1999). This 9th circuit has held that 9 U.S.C. Sec. 10, 3 which provides for an action to vacate an arbitration award analogous to the section 9 action to confirm the award, limits jurisdiction to vacate an award to the district where the award was made. See Sunshine Beauty Supplies, Inc. v. United States Dist. Ct. for the Cent. Dist. of Cal., 872 F.2d 310, 311-12 (9th Cir. 1989); citing Central Valley Typographical Union, No. 46 v. McClatchy Newspapers, 762 F.2d 741, 744 (9th Cir.1985).

### Bankruptcy Court Jurisdiction Over the Subject Matter

Finally, Section 10 of the FAA provides that "the United States court in and for the district wherein the award was made" may enter an order vacating an arbitration award. A district court in New York has found that bankruptcy courts are "courts of the United States" for purposes of Section 3 of the FAA, and it would seem to follow that they are "United States court[s]" for purposes of Section 10 of the FAA as well. In re Crysen/Montenay Energy Co., 240 B.R. 166, 169-72 (S.D.N.Y. 1999), aff'd, 226 F.3d 160 (2d Cir. 2000). Bankruptcy courts have not hesitated to entertain motions to vacate arbitration awards. See, e.g., In re Goldbronn, 263 B.R. 347 (Bankr. M. D. Fla. 2001); In re Sacred Heart Hosp., 200 B.R. 826 (Bankr. E. D. Pa. 1996.

BLACK'S LAW DICTIONARY defines jurisdiction as "the power of the court to decide a matter in controversy and presupposes the existence of a duly constituted court with control over the subject matter and the parties." BLACK'S LAW DICTIONARY 853 (6th ed.1990) (citation omitted). Jurisdiction "is the authority of a court to adjudicate the legal dispute before it." In re Bruno's, 227 B.R. 311, 320 (Bankr. N.D.Ala.1998). Bankruptcy courts derive their jurisdiction by a conjunctive reading of three federal statutes enacted by Congress as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 codified in 28 U.S.C. §§ 1334, 151, and 157.21.

28 U.S.C. §§ 1334(a) and (b) respectively vest original jurisdiction over bankruptcy cases and proceedings in federal district courts. A proceeding is "at least related to" the bankruptcy case where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Wood, 825 F.2d at 93 (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984), and citing as additional authority In re Dogpatch U.S.A., Inc., 810 F.2d 782, 786 (8th Cir.1987); In re Salem Mortgage Co., 783 F.2d 626, 634 (6th Cir.1986)).31 The Eleventh Circuit elaborated on this definition: "'An action is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir.1990) (quoting Pacor, 743 F.2d at 994). See also Munford v. Munford (In re Munford Inc.), 97 F.3d 449, 453 (11th Cir. 1996) (quoting same). Thus, under the Eleventh Circuit's broad interpretation of "related to," a civil proceeding against a debtor to recover damages under breach of contract and/or tort theories which "could alter the debtor's rights, liabilities, options, or freedom of action" with respect to subsequent adjudication in bankruptcy of the debtor's interest in property is a "related to" proceeding. In re Norrell states that examples of related to proceedings include "proceedings that could have been brought in district or state court absent bankruptcy, causes of action that became property of the estate and suits between parties that affect estates." 198 B.R. at 993 (Bankr.N.D.Ala.1996) (citing Case Management Manual for United States Bankruptcy Judges, Federal Judicial Center, 1995). Clearly, of the three types of civil proceedings mentioned, the one with the least connection to the bankruptcy case is a civil proceeding that is merely "related to" the case.

**Interstate Commerce Issue**

The FAA provides that a written arbitration provision in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract" (9 USC § 2)

The Supreme Court has interpreted the words "involving commerce" as the functional equivalent of the phrase "affecting commerce," which ordinarily signals Congress' intent to exercise its Commerce Clause powers to the fullest extent ( see Allied-Bruce Terminix Cos. v Dobson (513 US 265, 273-274 [1995]). Thus, where a contract containing an arbitration provision "affects" interstate commerce, disputes arising thereunder are subject to the FAA. To be sure that the FAA is applicable to those transactions that have an affect on interstate commerce, the Supreme Court has recently reaffirmed the validity of Allied-Bruce ( see Citizens Bank v Alafabco, Inc., 539 US 52, 53 [2003]; see also Wien & Malkin, LLP v Helmsley- Spear, Inc., 300 AD2d 32, 33 [1st Dept 2002], lv denied , 99 NY2d 511, revd and remanded 540 US 801, 801 [2003]).

The subject matter here is affected interstate commerce[1], triggering application of the FAA. Numerous out-of- state and foreign entities were involved in the transactions, particularly back and forth transferring of the US patent application rights at issue to the person residing overseas. The sales and marketing of the subject product was primarily done in different US states and abroad.  Thus, the issues presented by the Debtor's Petition related to the Arbitration Award and the Parties' contract dispute are governed by the Federal Arbitration Act (9 USC § 1 et seq. [FAA]).

The FAA apples to contracts that involve interstate or foreign commerce. 9 USC§ 2. The standard "involving commerce" is broad as the commerce clause. Southland Corp. v Keating (1984) 465 US 1, 79 L Ed 2d 1, 104 S Ct 852; Cohoon v Ziman (NC App 1983) 298 SE2d 729 (substantial interstate activity contemplated by parties, so partnership agreement covered by FAA). The slightest nexus with interstate commerce has been held sufficient to bring the arbitration provision within the FAA. Allied-Bruce Terminix Cos., Inc. v Dobson (1995) 513 US 265, 277, 130 L Ed 2d 753, 115 S Ct 834.

---

[1] The Parties agreed to execute a Protective Order governing the filing of documents designated by the Parties as Confidential. The Debtor reserves his rights to amend this brief and file Confidential Documents supporting his position under seal once the Protective Order has been entered by the Court.

1   If state law is contrary to the FAA, the FAA preempts the state law. <u>Prima Paint Corp. v</u>

2   <u>Flood & Conklin Mfg. Co.</u> (1967) 388 US 395, 12 L Ed 2d 1270, 87 S Ct 1801; <u>Erickson v</u>

3   <u>Aetna Health Plans, Inc.</u> (1999) 71 CA4th 646, 649, 84 CR2d 76.

4   **<u>Judicial Efficiency</u>**

5   Judicial efficiency concerns numerous issues, some of which overlap with the other factors:

6   the home court's familiarity with the substantive issues and familiarity with the law to be applied

    in the proceeding (i.e., the "learning curve") [See Paragraph 6(c) hereinabove]; the caseload of

7   the respective courts and thus whether the time to trial is shorter or substantially longer in one

8   forum as opposed to the other; the respective availability of the courts for resolving discovery

9   disputes and for moving the case toward trial at a reasonable pace given the issues involved. In

10  this case it seems like the Federal District Court would be more appropriate venue due to the BK

11  Court unfamiliarity with the FAA statute as noted in Paragraph 6 (c) hereinabove.

12  III. **CONCLUSION**.

13  Based on the facts, points and authorities set forth herein, it is respectfully requested to either

14  withdraw the reference pursuant to the Local Rules §5011-2 (a) and/or (b) or adjudicate it in the

15  BK Court that has original jurisdiction over the matter.

16

17      Dated: March 3, 2008

18

19                                          RESPECTFULLY SUBMITTED

20

21                          By: _____

22                              Elliot A. Viches, Debtor in Pro Per

23

24

25

26

27

28

1

1            UNITED STATES BANKRUPTCY COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3                  (SAN JOSE DIVISION)

4

5   In re:
    ELLIOT A. VICHES,                    Case No. 05-59344-ASW
6
                                         Chapter 13
7
                                         San Jose, California
8                                        February 11, 2008 4:48
                                         p.m.
9
            Debtor.
10                              /

11

12                  TRANSCRIPT OF PROCEEDINGS
              a) HEARING ON CONFIRMATION OF PLAN
13           b) SECOND AMENDED OBJECTION BY TRUSTEE
      c) OBJECTION TO SECOND AMENDED PLAN BY GUZIK TECHNICAL
14                        ENTERPRISES, INC.
       d) OBJECTION TO SECOND AMENDED PLAN BY PAUL KOROLOV
15         f) MOTION FOR ABSTENTION AND STAY AND OTHER
      RELATED RELIEF BY GUZIK TECHNICAL ENTERPRISES, INC.
16                  g) OPPOSITION BY DEBTOR
          h) MOTION FOR BIFURCATION OF TRIAL BY DEBTOR
17      i) OPPOSITION BY GUZIK TECHNICAL ENTERPRISES, INC.

18

19       BEFORE THE HONORABLE ARTHUR S. WEISSBRODT
              UNITED STATES BANKRUPTCY JUDGE

20

21   APPEARANCES:

22

23   The Debtor,                    ELLIOTT A. VICHES
     in pro per:                    1143 Stonylake Court
24                                  Sunnyvale, California 94089

25

*Exh. A*

2

1  APPEARANCES (CONTINUED):

2

3  For Guzik Technical            LAW OFFICES OF BINDER and MALTER
   Enterprises, Inc.:            BY: JULIE ROME-BANKS, ESQ.
4                                 2775 Park Avenue
                                  Santa Clara, California 95050
5

6
   Creditor in pro per:          PAUL KOROLOV
7

8
   Court Recorder:               LUPE BARRON
9                                 UNITED STATES BANKRUPTCY COURT
                                  280 South First Street
10                                San Jose, California 95113

11

12
   Transcription Service: Jo McCall
13                                Electronic Court
                                  Recording/Transcribing
14                                2868 E. Clifton Court
                                  Gilbert, Arizona 85297
15                                Telephone: (480-361-3790)

16

17

18

19

20

21

22

23

24

25

P R O C E E D I N G S                      3

February 11, 2008                           4:48 p.m.

1

2                              ---oOo—

3           THE COURT: Now, we're going to move to Mr. Boone's

4  cases.

5           MR. BOONE: Your Honor, is it okay if I sit here at

6  counsel table.

7           THE COURT: I think that would be great.

8           MS. ROME-BANKS: Your Honor, could I please request

9  that the Viches matter be heard first. This is Ms. Rome-Banks.

10  I'm running up against a conflict of having to pick up my

11  children due to the hour.

12           THE COURT: All right.

13           MS. ROME-BANKS: Thank you very much, Your Honor. THE

14           COURT: Okay, <u>Elliot Viches.</u>

15           MS. ROME-BANKS: Julie Rome-Banks of Binder and Malter

16  on behalf of objecting creditor, Guzik Technical Enterprises.

17

18           MR. VICHES: Good afternoon, Your Honor. Elliot

19  Viches.

20           MR. KOROLOV: This is Paul Korolov.

21           THE COURT: Okay. So what was the stipulation that you

22  wanted to tell me about.

23           MR. VICHES: The stipulation that we reached that

24  I' m going to file a petition to vacate the award to the

25

4

1   Federal District Court, and --
            THE COURT: When?
2           MR. VICHES: Within 30 days after we stipulate. Also

3   we agreed to stipulate to a protective order and also he will

4   waive, you know, the service, you know, just by simply signing

5   the form. So I've already talked to the Clerk today at the court,

6   and I will be paying $350, and we will be signing a stipulation

7   and moving on.

8           THE COURT: Okay. Let me make sure I understand the

9   chronology. When is the protective order going to be signed?

10          MR. VICHES: I will prepare -- actually it has already

11  been sent to the other side --

12

13          THE COURT: To Mr. Korolov?

14          MR. VICHES: Yes.
            THE COURT: Have you reviewed it?
15          MR. KOROLOV: I began reading it. I haven't --I'm not

16  finished yet, so I can't say that --

17          THE COURT: How long is it going to take you to review

18  it and get back to him?

19

20          MR. KOROLOV: Within the week.
            THE COURT: Okay. Go ahead. So then when will you file

21  your petition -- will you file your petition within 30 days of

22  today?

23

24          MR. VICHES: Yeah, that's fine, providing that

25

there's a protective order that will protect filing under seal,

you know, certain documents, because the mediation settlement[5]

1  agreement is confidential on its face, and there's some

2  documents that we stipulated to a number of protective orders,

3  just to, you know -- and that was actually holding everything

4  back.

5

6          THE COURT: Why do you need a protective order before

7      you can file your petition in the District Court --MR. VICHES:

8      Because --

9          THE COURT: -- let me finish my question. MR. VICHES:

10         Oh, sorry.

11         THE COURT: -- before you can file your petition in

12  the District Court?

13         MR. VICHES: Because some of the exhibits, you know,

14  will be deemed, you know, filed under seal and confidential.

15  And as you know, if I don't provide all the evidence, you know,

16  it later will come to me, you know, because it's not going to

17

18  be before the court.

19         THE COURT: But should the District Court sign the

20  protective order since you're filing it there not here? MR.

21         VICHES: That's a good question. Actually

22  that's what we wanted also to clear with you.

23         THE COURT: It seems to me you should file your

24  petition for a protective order and stipulation -- I'm sorry

25  -- your stipulation for a protective order with your

petition and then say that you'll file the rest of the documents

1   once the court has signed the protective order.

2           MR. VICHES: But can we file it here and then --
            THE COURT: No, you file the petition there.
3
            MR. VICHES: Okay. No, no, the petition there yes.
4
            THE COURT: Right. But I'm saying file the petition
5
6   there without some of the exhibits.

7           MR. VICHES: Okay.

            THE COURT: And then -- I don't know. I mean I don't
8
9   know anything about the procedure in the District Court and then

10  file the request for a protective order there and say that the

11  remaining exhibits to the petition will be filed once the court

12  has ruled on the protective order.

13          MR. VICHES: As a matter of fact, that's what exactly

14  I did here. You know, I filed my petition to vacate without some

15  exhibits, subject to a protective order that, you know --

16          THE COURT: Yeah. But you could also call up the

17  District Court --
18
            MR. VICHES: Yeah.
19
            THE COURT -- Clerk or just go downstairs and talk to
20
    them and tell them --
21
            MR. VICHES: Sure. I will --
22

23

24

25

THE COURT: -- what you -- please stop talking when

I'm talking because we're on this recording device. MR.

VICHES: I'm sorry.

THE COURT: And tell them what you want to do and maybe
one of the law clerks will come out and talk to you or maybe
somebody will talk to you about -- procedurally how to do that.

MR. VICHES: They have a model protective order which
I already downloaded.

THE COURT: Uh-huh.
MR. VICHES: And, you know, it's just a standard
protective order that, you know, I can also --

THE COURT: But your question relates to the petition
and whether the protective order -- see, if you haven't filed
your petition, then how can they rule on your protective order
because there's nothing before them. There's no case.

MR. VICHES: That's exactly right.

THE COURT: So it seems to me you have to file the
protective order. But I would go downstairs and talk to them
first and explain to them that you're thinking of filing a
protective order without some of the -- I'm sorry, the petition
without some of the exhibits and the stipulated protective
order, and then the exhibits will follow once the protective
order has been signed. And see

8

if that's okay with them?

1          MR. VICHES: Okay. I will do that.

2   Alternatively, can we execute the protective order here and then

3   transfer it to --

4          THE COURT: I don't know, because am I going to rule

5   on a protective order that's applicable to a piece of litigation

6   in the District Court? It seems a little odd.

7          MR. VICHES: Okay.

8   THE COURT: I think you should try it there, and if you have

9          trouble, then come back to me and talk to me.

10         MR. VICHES: I'll clear it with them. That was only

11  was --

12         THE COURT: Okay.

13         MS. ROME-BANKS: Your Honor, may I --
           THE COURT: Wait a second, Ms. Rome-Banks. MS.

14

15         ROME-BANKS: Certainly.

16         THE COURT: And so if you file your petition to vacate,

17  are you going to file a motion to affirm the arbitration award

18  or not?

19         MR. KOROLOV: Well, my preference all along has been

20  to go back to the Superior Court which I believe has the

21  jurisdiction in this case that ordered --

22

23         THE COURT: But you haven't done a thing. You haven't

24  filed a motion for relief from stay. You haven't tried to go

25  to Superior Court. You haven't done a thing.

MR. KOROLOV: Well, we were trying to -- we were trying

9

to agree on an order for you, but Mr. Viches says he changed

1

his mind with regards to confirmation. He just wanted to do the

2

motion to -- just do his motion, not my motion.

3

4          THE COURT: But why can't you do your motion in the

5   District Court too -- a motion to affirm the arbitration award?

6          MR. KOROLOV: Well, because I don't believe they have

7   jurisdiction.

8          THE COURT: Well, I think the District Court probably

9      does have jurisdiction. I can explain to you why. MR. KOROLOV:

10     Okay.

11         THE COURT: But let's assume they have jurisdiction.

12  Do you have any problem with going to the District Court and

13  filing it there if you're going to file this?

14

15         MR. KOROLOV: No, I don't.
           THE COURT: Okay.

16         MR. VICHES: Your Honor, may I -- a question. You know,

17  it's my position that if my petition is granted, his petition

18  to confirm will become moot, number one. Number two, it is also

19  my position that he has waived his right because of the statute

20  of limitations of one year pursuant to the FAA.

21

22

23

24

25

1          THE COURT: Yeah. So you'll raise all those

2    things in the District Court.

3          MR. VICHES: No, I understand, but what I'm suggesting

4    instead, maybe he has valid, you know, defenses, but, you know,

5    if my petition -- because the petition to confirm is a very simple

6    confirmation, absent objection or petition to vacate. So if my

7    petition is granted, all those issues, you know, will be moot.

8    As a matter of fact, we just stipulated that he will not go with

9    his confirmation without waiving his objections, you know, to

10   confirm later, if my petition is denied.

11

12         THE COURT: I have no idea what you just said. MR.

13         VICHES: Well, I briefed this in --

14         THE COURT: No, I have no idea what you just said. What

15   did you just say? He agreed to something?

16         MR. VICHES: Well, he agreed that I'm going to --with

17   my petition to vacate, because he has to bring a motion for

18   relief from stay as a creditor, and I don't because, you know,

19   the stay doesn't apply to any actions initiated by a debtor.

20         THE COURT: You're not going to give him relief from

21   stay to pursue the confirmation of the arbitration award that

22

23   you seek to vacate?

24         MR. VICHES: No. He can bring an opposition --MR.

25         KOROLOV: That's the problem, Your Honor, all

along. That's why - -

2       MR. VICHES: He can bring an opposition to my

3  motion. That's obviously --

4       THE COURT: No. I mean if you want to, you just file

5  a motion for relief from stay, and I'll consider it, but you have

6  to do that right away, I mean like tomorrow or the next day. You

7  should file it promptly, so that you can get it on my calendar

8  on a relief from stay calendar.

9       MR. KOROLOV: Okay.

10       MR. VICHES: But I have a question. Did you read all

11  my reasoning that I briefed in --

12       THE COURT: I'm going to take you through it right now.

13       MR. VICHES: Okay.

14       THE COURT: Last summer, at Debtor's request --Ms.

15  Rome-Banks, you wanted to say something. What was that?

16       MS. ROME-BANKS: Your Honor, I only had one comment

17  to interject, which was what I heard Mr. Viches say, it was

18  going to cost him $850 to --

19

20       THE COURT: $350.
        MS. ROME-BANKS: I'm sorry?
21       THE COURT: 350.
        MS. ROME-BANKS: 350, it was difficult to hear, but
22  still the amount is significant for someone who is in

23

24

25

1   Chapter 13, and I'm asking myself why the Debtor does not avail

2   himself of the processes available in your court. There is a

3   Proof of Claim on file by Mr. Korolov and maybe

4   I am simply trying to avoid some of these jurisdictional booby

5   traps that seem to be present in this, but it would seem to me

6   that the Debtor could simply amend his objection to claim -- to

7   Mr. Korolov's claim. They could bring the issue before you. You

8   could issue whatever protective orders are needed, and the

9   matter can come on shortly.

10

11          THE COURT: Thank you, Ms. Rome-Banks.

12          MS. ROME-BANKS: All I wanted to say, Your Honor, I'm

13   very happy to hear what your reasoning is, and I would be

14   delighted to see this move forward.

15          THE COURT: Last summer, at the Debtor's request, this

16   Court delayed entering this Court's tentative ruling granting

17   the abstention motion of Guzik, hereinafter referred to as

18   "Guzik," until Debtor could litigate the claim with Mr.

19   Korolov.

20          Mr. Korolov's claim arises from a final arbitration

21   award finding that Debtor and Debtor's wholly-owned

22   corporation, Ivex Pacific Corporation -- or Pacific Group,

23   Inc., whom I'll refer to as Ivex, breached a mediation

24   settlement agreement, hereinafter referred to as "MSA."

25          It appears to the Court that the next thing that

1  needs to happen in this case is an adjudication of Debtor's
2  proposed petition to vacate the arbitration award relating to
3  the MSA. The Debtor proposes three options: to proceed in this
4  court, the District Court, or the State Court. It appears that
5  there may be no jurisdiction currently in the State Court since
6  the underlying State Court litigation that resulted in the MSA
7  was dismissed on December 13 of 2007.

8          Guzik asserts that only this court has jurisdiction
9  over the claim of Paul Korolov at this point. Debtor asserts that
10 a petition to vacate the arbitration award can also be brought
11 in the District Court. It appears from this Court's review of
12 the law that Debtor is correct. Section 9 of Title 9 of the United
13 States Code provides in relevant part that:
14

15          "If the parties in their agreement have agreed that
16          a judgment of the court shall be entered upon the award
17          made pursuant to the arbitration and shall specify the
18          court, and at any time within one year after the award
19          is made, any party to the arbitration may apply to the
20          court so specified for an order confirming the award
21          and thereupon, the court must grant such an order
22          unless the award is vacated, modified, or corrected
23          as prescribed in Sections 10 and 11 of
24
25

1   this Title. If no court is specified in the agreement
2   of the parties, then such application may be made to
3   the United States Court in and for the District, within
4   which such award was made." Paragraph 7 of the MSA
5   provides:
6   "To the extent that any disputes arise as to the terms
7   of this agreement, the parties agree to submit any
8   such dispute to binding arbitration before the
9   American Arbitration Association or as mutually
10   agreed pursuant to the terms of the California
11   Arbitration Act."
12
13   The parties' dispute over the MSA was arbitrated
14   before Arbitrator Charles R. Reagan with the American
15   Arbitrator Association. There is no provision in the MSA that
16   governs which court shall enter a judgment of the arbitration
17   award. Thus, it appears that Debtor may bring a petition to
18   vacate the arbitration award in the District Court. See Cortez
19   Bird Chips, Inc. versus Bill Harbord Construction Company,
20   (Phonetic), 529 US 193, (2000).
21
22   In that case, the Supreme Court -- the United States
23   Supreme Court held that a motion to vacate or modify an
24   arbitration award could be brought in the District where the
25   contract had been performed and was not required to be brought
only in the district in which the award was made. Debtor asserts
that only this Court has any jurisdiction to

1  address issues involving the automatic stay of Bankruptcy Code

2  Section 362. However, that is an inaccurate statement of the law.

3  Under Ninth Circuit authority, a District Court has jurisdiction

4  to determine the scope of the automatic stay. Lockyear versus

5  Mirant Corp. (Phonetic) 398 F3d, 1098 at 1105, 9th Circuit (2005).

6
7       Thus, the District Court can determine all issues

8  regarding the arbitration award, including any issues that

9  involve the automatic stay. It appears to this Court that the

10 District Court is the best court to hear Debtor's petition to

11 vacate the arbitration award and that Mr. Korolov's request to

12 confirm that award, if that is what Mr. Korolov wishes to do,

13 should be brought there as well.

14      This Court has no experience with Title 9 of the United

15 States Code and presumes that the District Court has had

16 experience with that statutory scheme. If the District Court,

17 for any reason, prefers for this Court to hear Debtor's petition

18 to vacate, and any related matters, the District Court can send

19 the matter back to this Court for determination.

20
21      All parties should be aware of certain issues

22 regarding the automatic stay. Debtor asserts that Mr. Korolov

23 can no longer confirm the arbitration award because more than one

24 year has passed since that award was issued. However, Debtor

25 argued last summer when Mr. Korolov sought

1  to confirm the arbitration award as to Ivex that Mr. Korolov's

2  motion violated the automatic stay, and Debtor continues to

3  allege that filing a petition would violate the stay.

4          Thus, it appears that Debtor asserts that there is an

5  automatic stay in place preventing Mr. Korolov from confirming

6  the arbitration award. If that is the case, then so long as the

7  automatic stay is in place, the statute of limitations likely

8  is tolled under the Ninth Circuit authority of <u>Wekell,</u>

9  W-e-k-e-l-l, <u>versus United States,</u> 14 F3d, 32, 9th Circuit

10  (1994).

12          Debtor requests that the pre-hearing conference be

13  continued to the May 5th, 2008 Chapter 13 calendar. The Court is

14  willing to continue the pre-hearing conference; however, the

15  Court will set a date for the Debtor to file his petition to

16  vacate the arbitration award to move Debtor's bankruptcy case

17  along, and Debtor has already stipulated to 30 days.

18          Now, here's the only concern. The question is whether

19  the Debtor needs to have his motion for a protective order heard

20  before Debtor files his petition to vacate the arbitration

21

22  award. If the Debtor and Mr. Korolov can reach a stipulation,

23  then that presumably can be filed in the District Court, and

24  so that's what I think should be done.

25

1    Now, if the Debtor doesn't stipulate to relief from

2    stay for Mr. Korolov to file his request that the District Court

3    confirm the arbitration award -- if that's what Mr. Korolov plans

4    to do -- then Mr. Korolov needs to promptly file a motion for

5    relief from stay here and then I can adjudicate that issue as

6    to relief from stay so that the petition can be filed, along with

7    the motion to confirm, if that's what I decide.

8

9    And my next calendar, at which that likely could go

10   on, would be March 12, and in which case for relief from stay,

11   it has to be filed and served at least 15 days before March 12,

12   which I think is the 26th, but you'll have to count the days. So

13   if the relief from stay has to be filed before the petition is

14   filed -- actually it doesn't; the petition can be filed within

15   the next 30 days. The only thing that has to happen is relief

16   from stay may have to be granted so that the motion to confirm

17   the arbitration award can be filed. Then I'll hear it if you file

18   it within the proper time. If you're going to respond in writing,

19   then I will ask Mr. Viches to respond to the motion for relief

20   from stay within seven days after it's filed and served, and of

21   course you're going to serve it by fax, not by mail, by fax or

22   e-mail or overnight mail, some way in which he's going to get

23   it right away.

24

25   MR. KOROLOV: Okay.

1          THE COURT: Now, does anybody wish to say

2    anything?

3          MR. VICHES: Yes, Your Honor, the only thing I would

4    like to say is I don't want him to spin wheels if in fact I wasn't

5    aware of the authority, Wekell versus USA 1994, which I will

6    be ordering the transcript and researching it because I don't

7    want --

8          THE COURT: Well, you don't need the transcript to get

9    the cite of the case.

10

11         MR. VICHES: I mean --
           THE COURT: Yeah, you're welcome to get the CD, but

12   you don't --

13         MR. VICHES: Yeah, sorry, not the transcript, the CD

14   the next day, because my position, you know, is that I wouldn't

15   be opposing something that, you know, is so obvious based on

16

17   the --

18         THE COURT: You check and see whether you think it's

19   obvious.

20         MR. VICHES: The only thing is what I --

21         THE COURT: I just want you to be aware of these cases.

22         MR. VICHES: Yeah. I was citing another case where

23   the citation was in reverse where Debtor failed to timely file

24   a petition to vacate after filing for bankruptcy and waived

25   his right to vacate, and I thought

1  that reciprocally, you know, that --

THE COURT: I understand.

2  MR. VICHES: And that could have been just, you know,

3  my mistake, and I just wanted to confirm that and --

4  THE COURT: That's fine. So I'm going to continue

5  everything to 5/5 here, but in the meantime, I've ordered you

6

7  to file your petition within 30 days and you're going to get your

8  motion -- if you're going to pursue this, you're going to get

9  your motion for relief from stay on my calendar for the March

10  12th hearing.

11  MR. KOROLOV: Yes, Your Honor.

MR. VICHES: Or we may stipulate because I don't see

12

13  any need --

14  THE COURT: That's fine. If you stipulate, make sure

15  the trustee has signed off on it, or at least stated no

16  opposition.

17  Thank you very much.

18  MR. VICHES: Thank you.

19  MR. KOROLOV: Thank you.

MS. ROME-BANKS: Thank you, Your Honor.

20

21  (Whereupon, the proceedings are concluded at 5:08 p.m.)

22

23

24

25

1
2
3
4
5          CERTIFICATE OF TRANSCRIBER
6
7          I certify that the foregoing is a correct
8    transcript from the digital sound recording of the
9    proceedings in the above-entitled matter.
10
11   DATED: February 26, 2008
12
13                              By: ___/s/ Jo McCall
14
15
16
17
18
19
20
21
22
23
24
25

**Elliot A. Viches**
1143 Stonylake Ct.
Sunnyvale, CA 94089
Telephone: (408) 745-0646
Fax: (408) 273-6595

**FILED**

MAR 0 3 2008

CLERK
United States Bankruptcy Court
San Jose, California

Debtor in Pro Per

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re | Chapter 13<br>Case No. 05-59344 ASW |
| | **PROOF OF SERVICE** |
| ELLIOT A. VICHES, | |
| | Date: April 7, 2008<br>Time: 2:00 p.m.<br>Courtroom: 3020 |
| Debtor. | Judge: Hon. Arthur S. Weissbrodt |

I, Alexander I. Viches, declare:

I am a citizen of the United States and am living in the County of Santa Clara. I am over the age of 18 years and not a party to the within-entitled action. My address is 375 Oaktree Dr. Apt. 45, Mountain View, CA 94040

On March 3, 2008, I caused to be served the following documents:

(a) MEMORANDUM OF POINTS AND AUTHORITIES OF DEBTOR'S MOTION TO WITHDRAW REFERENCE;
(b) NOTICE OF MOTION TO WITHDRAW REFERENCE

[X] (by mail) I caused such envelope(s) with postage thereon fully prepaid and addressed as set forth below to be placed in the United States mail at Sunnyvale, California.

## <u>Service List</u>

1. Paul Korolov
   559 Gaul Ave,
   Sunnyvale, CA 94086

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3    Executed on March 3, 2008, at Sunnyvale, California.

4    _____

5    Alexander I. Viches

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Elliot A. Viches**
1143 Stonylake Ct.

2

Sunnyvale, CA 94089
Telephone: (408) 745-0646

3

Fax: (408) 273-6595

4

Debtor in *Pro Per*



FILED

FEB 2 0 2007

CLERK
United States Bankruptcy Court
San Jose, California

5

UNITED STATES BANKRUPTCY COURT

6

NORTHERN DISTRICT OF CALIFORNIA

7

SAN JOSE DIVISION

8

|  |  |
|---|---|
| In re | Chapter 13 |
| | Case No. 05-59344 ASW |

9

10

**DEBTOR'S OBJECTION TO PROOF OF**

ELLIOT A. VICHES,

**CLAIM FILED BY PAUL KOROLOV;**

11

**OTHER RELIEF AND NOTICE OF**

12

**OPPORTUNITY FOR HEARING**

13

Debtor.

Claimant: Paul Korolov

14

Claim Filed: November 30, 2005
Claim Amended: December 1, 2006

15

16

TO THE BANKRUPTCY COURT, CHAPTER 13 TRUSTEE, AND CLAIMANT:

17

PLEASE TAKE NOTICE THAT Debtor Elliot A. Viches ("Debtor") hereby objects[1] to the

18

allowance of the following proof of claim ("Claim") filed by Creditor Paul Korolov ("Korolov"

19

or "Creditor" or "Claimant") and requests other relief as set forth hereunder:

20

| Name & Address of Claimant as set forth on Proof of Claim | Amount of Claim | Date Filed/Amended |
|---|---|---|
| Paul Korolov c/o Ropers Majeski Kohn Bently 80 N. First Street San Jose, CA 95113 | $300,000.00 plus costs (unsecured) | November 30, 2005 / December 1, 2006 |

21

22

23

24

25

26

A copy of the amended Claim is attached hereto as **Exhibit 1.**

27

//

28

---

[1] This Objection supersedes the Debtor's Objection filed with the Court on March 8, 2006 (Docket # 50)

## I. INTRODUCTION

The objection is made on the grounds that the Claim is filed with insufficient supporting documents to evidence the amount claimed.

Moreover, as shown below, the Claim amount is substantially overstated and not supported by the underlying arbitration award (Interim Award issued pre-petition on January 25, 2005 (the "Interim Award". A copy of the Interim Award is attached hereto as **Exhibit 2**). The amount of the final arbitration award issued post-petition on November 22, 2006, (the "Final Award." A copy of the Final Award is attached hereto as **Exhibit 3**) should not be used in Korolov's calculations in his Claim as a matter of bankruptcy law. Debtor will therefore ask the Court to enter an order disallowing the Claim as filed, and/or allowing it as a general unsecured nonpriority claim in the reduced amount, which shouldn't exceed $15,242.50 (the "Maximum Amount"), as precisely calculated herein below. The Maximum Amount is based upon the bankruptcy law principles discussed herein, the pre-petition Interim Award and financial documents. Also, pursuant to the Interim Award both Debtor and his now defunct[2] California Corporation IVEX Pacific Group, Inc. ("IVEX') are responsible for the Maximum Amount. However, the Interim Award is silent whether the Debtor shall be responsible for the Maximum Amount under the doctrine of Joint and Several Liability ("JSL") or it has to be divided based on a Tortfeasor Comparative Responsibility between Debtor and IVEX. If the latter is determined, the percentage of fault of Debtor, if any, shall be established, and the Maximum Amount shall be divided accordingly. The Maximum Amount or a divided portion thereof shall be determined without prejudice to the Debtor to challenge the validity of the Interim and/or Final Awards.

Furthermore, Debtor requests that the Final Award be vacated on the grounds set forth hereunder. If the Final Award is vacated, the Debtor will therefore ask this Court to enter an order disallowing the Claim as filed in its entirety or for any other relief the Court may consider just and proper. Debtor was diligent in trying to convince Korolov to stipulate as to the Maximum Amount and to withdraw his objections to confirmation, but to no avail.

//

---

[2] On October 16, 2005, IVEX filed Chapter 7 petition and Final Decree was entered on October 24, 2006 in IVEX's case No. 05-59320 RLE. On December 1, 2006, Korolov also filed his amended claim in the IVEX's case for the same amount after the Final Decree has been entered.

Finally, the Debtor is also asking the Court to bifurcate several issues pursuant to Federal Rule of Civil Procedure ("FRCP") 42(b), regarding the adjudication of the Claim, and in the interest of judicial economy, as discussed hereunder.

## II. STATUTORY OBJECTIONS

### 2.1 Insufficient Supporting Documents Related To The Alleged Damages

The amended Claim is allegedly based on a Final Award, finding Debtor and IVEX both liable for breach of a confidential Mediation Settlement Agreement ("MSA"). However, the Claim has no pertinent documents attached, whatsoever. Thus, it doesn't comply with Bankruptcy Rule 3001 requirements. An unsubstantiated claim is facially defective and not entitled to the presumption of validity. See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222 (BAP 9th Cir. 1995).

### 2.2. Claim Amount is Not Supported By the Arbitration Interim Award

The Claim amount is substantially overstated and not supported by the underlying Interim Award. A copy of the Award is attached hereto as **Exhibit 2**. The Claim also violates 11 U.S.C. 1305 provisions and should not be allowed. The Claim was incurred on November 22, 2006 or post-petition, as indicated in Paragraph 2 of **Exhibit 1**.

### 2.3 The Korolov's Claim Is Not Entitled To Administrative Priority

The question here is whether Korolov's Claim is a pre-petition or a post-petition claim. Relying on 9th circuit decision in Abercrombie v. Hayden Corp. (In re Abercrombie), 139 F.3d 755 (9th Cir. 1998), one must conclude that it is a pre-petition claim and, therefore, that it may not be treated as an administrative expense.

The facts of Abercrombie are relatively straightforward. Abercrombie won a judgment in a state-court breach-of-contract case. The defendant in the contract case, Hayden Corporation, appealed and, while the appeal was pending in the state supreme court, Abercrombie filed a bankruptcy petition. The state supreme court then reversed the judgment and, pursuant to a fee provision in the parties' contract, ordered Abercrombie to pay Hayden's attorney fees. See id. at 756.3

Hayden asked the bankruptcy court to grant administrative-expense priority to the attorney fees that it had incurred after Abercrombie filed his bankruptcy petition, on the theory that those fees were caused by Abercrombie's post-petition defense of the appeal. The court held that, because the award of attorney fees was made in an action commenced pre-petition, under the

DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY PAUL KOROLOV; OTHER RELIEF AND NOTICE OF OPPORTUNITY FOR HEARING    Page 3 of 14

Case: 05-59344    Doc #: 111    Filed: 02/20/2007    Page 3 of 14

authority of a pre-petition contract, it was pre-petition in nature and could not be considered an administrative expense. Although Abercrombie had caused the fees to be incurred through its post-petition conduct, "the source of the estate's obligation remain[ed] the pre-petition fee provision." Id. at 759. There are a lot of similarities in our American Arbitration Association ("AAA") case regarding the Korolov's Claim non-administrative expense status.

It is clear that Korolov's basic Claim for damages is a dischargeable Claim. Moroever, it is a pre-petition, non-priority claim arising out of the alleged Breach of Contract. See, e.g. Corman v. Morgan (In re Morgan), 197 B.R. 892, 899-900 (N.D. Cal.1996); In re Allen, 241 B.R. 710, 713 (Bankr. D. Mont. 1999); cf. Papadakis v. Zelis (In re Zelis), 66 F.3d 205 (9th Cir.1995) (holding that two state-court sanction awards that were based on the debtor's pre-petition filing of two frivolous appeals were pre-petition obligations of the estate).

In re: Robert M. Kadjevich, 220 F.3d 1016, (9th Cir. 2000), the Court found 'In short, the financing costs incurred by Nicholas simply were not part of the administration or operation of the estate. Rather, they were part of the administration and operation of Nicholas' own real estate business. Accordingly, Nicholas' claim may not be granted administrative-expense priority.'

## 2.4 Chapter 13 Debt Statutory Limitation Issue

In his objection to confirmation[3] of the Debtor's Chapter 13 Plan filed with the Court on December 5, 2005, (Docket #17) Korolov alleges in Paragraph 6, among other things, that the Debtor has violated the 109(e) statutory limitation. Korolov is wrong. As of the date Debtor filed his petition on October 16, 2005, § 109(e) provided, in relevant part, that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts of less than $307,675 . . . may be a debtor under chapter 13 of this title." Only debt that is both non-contingent and liquidated on the date the petition is filed is counted toward the dollar limit set out in § 109(e).

A debt is defined as liability on a claim, Code § 101(12), and a claim is a right to payment. Code § 101(5) (A).

The Court of Appeals for the Ninth Circuit, in In re Scovis, 249 F.3d 975, 982 (9th Cir. 2001), stated that the rule for determining Chapter 13 eligibility under § 109(e) should be based on

---

[3] Korolov also joined Creditor's Guzik Technical Enterprises, Inc.'s Objections to Confirmation of the Plan.

calculation of debts as of petition date, or in this case, as of October 16, 2005. Thus, the debts owed for eligibility purposes should be made as of **the petition date, without regard to post-petition events**. [Emphasis added] <u>Scovis</u>, 249 F.3d at 982. See also <u>In re Ho</u>, 274 B.R. at 873, (citing <u>In re Slack</u>, 187 F.3d at 1073).

**2.5. Korolov's Claim is Liquidated in the Amount that Shall Not Exceed $15,242.50**

A debt is liquidated if the amount of the debt is readily determinable. <u>In re Slack</u>, 187 F.3d 1070, 1073 (9th Cir. 1999); <u>In re Nicholes</u>, 184 B.R. 82, 89 (9th Cir. BAP 1995). Whether a debt is subject to "ready determination" depends on whether the amount is easily calculable or whether an extensive hearing is needed to determine the amount of the debt. <u>Slack</u>, 187 F.3d at 1074. See also <u>Nicholes</u>, 184 B.R. at 89 ("The test for ' ready determination' is whether the amount due is fixed or certain or otherwise ascertainable by reference to an agreement or by a simple computation." ).

The panel in <u>Slack</u> stated that it was holding that "a debt is liquidated if the amount is readily ascertainable, notwithstanding the fact that the question of liability has not been finally decided." 187 F.3d at 1075. The circumstances of this case are similar.

From the face of the Interim Award and AAA Bills (a redacted copies of the parties' respective AAA Bills are attached hereto as **Exhibit 4**), it is clear that the Claimants IVEX and the Debtor in this case were found liable to unsecured Creditor Korolov for an alleged breach of contract **for a specific amount** of money that can be easily calculated as of October 16, 2005, or as of the time the IVEX's Chapter 7 and Debtor's Chapter 13 petitions were filed. Particularly, Paragraph 47 of the Interim Award (see **Exhibit 2**) reads as follows:

"47.     Because of the mixed nature of this ruling and award, I [EV: Arbitrator] determined that **the arbitral fees and costs** to date should be split such that Claimants [EV: Debtor Elliot A. Viches and IVEX] bear responsibility for **70%** and Korolov bears responsibility for 30%. **Pending such further proceedings and evidence as may occur and be received (see post), each side shall bear its own attorneys' fees.**" [Emphasis added]

In sum, pursuant to Paragraph 47 of the Interim Award and based on the AAA Bills provided by AAA administration, it can be easily determined that as of October 16, 2005, when the petitions were filed in both IVEX Chapter 7 and this Chapter 13 cases, the total **liquidated**, non-contingent amount of IVEX and Debtor's Viches' total debt responsibility to Korolov was only **$15,242.50** (or 70% of total ascertainable amount of $21,775.00 'the arbitral fees and costs'

---

DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY PAUL KOROLOV; OTHER RELIEF AND NOTICE OF OPPORTUNITY FOR HEARING        Page 5 of 14

Case: 05-59344     Doc #: 111     Filed: 02/20/2007     Page 5 of 14

referred to in the Interim Award, which was incurred by the parties pre-petition). Thus, the Maximum Amount Korolov should have claimed in this case shouldn't not exceed $15,242.50, as a matter of law.

While the total amount of debt to Korolov pursuant to the Interim Award can be ascertained to the penny, the question is how much should the Debtor's personal contribution be, if any? Therein lies the rub. Even if Debtor is liable personally, it is not self evident that I am liable for the entire amount of the total debt. This issue needs to be either further stipulated or adjudicated by the Bankruptcy Court, which may remand it back to the Arbitrator for further determination.

**2.6. The Interim Award is Moot In Paragraph 47 and Has to Be Clarified**

While the total amount of debt to Korolov pursuant to the Interim Award and based on AAA Bills can be ascertained to the penny, the question is how much should the Debtor's personal responsibility be, if any? Therein lies the rub. Even if Debtor is liable personally, it is not self evident that he is liable for the entire amount of the total debt. The Interim Award in its Paragraph 47 is silent as to whether the Debtor shall be responsible for the whole $15,242.50 under the doctrine of Joint and Several Liability ("JSL") or it has to be divided based on Tortfeasor Comparative Responsibility between Debtor and IVEX in some proportion, e.g. 50/50. If the latter is determined, the percentage of fault of Debtor, if any, shall be established. The Maximum Amount or a fraction thereof shall be clarified without prejudice to the Debtor to challenge the validity of the Interim and/or Final Awards. In simple words, the arbitrator shall further clarify whether he meant JSL or other type of liability in Paragraph 47 of the pre-petition Interim Award.

This issue needs to be adjudicated by the Bankruptcy Court, which may remand it back to the arbitration forum for further determination. Where an attempt to "enforce" an award generates or reveals a dispute requiring interpretation of the award's scope or application, that dispute "must be referred to a reconvened board of arbitration for determination." W. Air Lines, Inc. v. Labor Comm'r of Div. of Labor Law Enforcement, 167 F.2d 566, 567 (9th Cir. 1948) (reversing district court order enforcing arbitration award and directing remand to arbitrator for clarification of award).

**III. DEBTOR'S REQUEST TO VACATE THE ARBITRATION AWARD**

**3.1. General Provisions and Timing**

The Debtor's objections to Korolov's Claim could itself be treated as a motion to vacate the

DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY PAUL KOROLOV; OTHER RELIEF AND NOTICE OF OPPORTUNITY FOR HEARING    Page 6 of 14

Case: 05-59344    Doc #: 111    Filed: 02/20/2007    Page 6 of 14

arbitration award. Section 10 of the Federal Arbitration Act ("FAA") provides that "the United States court in and for the district wherein the award was made" may enter an order vacating an arbitration award. District courts have found that bankruptcy courts are "courts of the United States" for purposes of Section 3 of the FAA, and it would seem to follow that they are "United States court[s]" for purposes of Section 10 of the FAA as well. In re Crysen/Montenay Energy Co., 240 B.R. 166, 169-72 (S.D.N.Y. 1999), aff'd, 226 F.3d 160 (2d Cir. 2000).

Bankruptcy courts have not hesitated to entertain motions to vacate arbitration awards. See, e.g., In re Goldbronn, 263 B.R. 347 (Bankr. M. D. Fla. 2001); In re Sacred Heart Hosp., 200 B.R. 826 (Bankr. E. D. Pa. 1996). The aforesaid cases have been cited In re: Steve D. Robinson 330 F.3d 834 (Bankr. 6th Cir., 2003)

Under 9 U.S.C. § 12, notice of a motion to vacate must be served on the adverse party within three (3) months after the award is filed or delivered. The final arbitration award appears to have been sent by email on November 22, 2006 and delivered by mail within a few days thereafter. Therefore, the Debtor and any Party In Interest have to meet the three month deadline set forth in FAA § 12 to vacate the Award.

Pursuant to C.C. P. Section 1288.4:

"A response requesting that an award be vacated or that an award be corrected shall be served and filed not later than 100 days after the date of service of a signed copy of the award upon:

(a) The respondent if he was a party to the arbitration; or

(b) The respondent's representative if the respondent was not a party to the arbitration."

**3.2. Grounds for Vacation of Interim and Final Awards**

The Debtor, IVEX and Korolov have executed the MSA on November 11, 2003. The arbitration was compelled by IVEX and Debtor in the Superior Court in early 2004 over Korolov's objections. IVEX and Debtor have initiated AAA arbitration and bifurcated liability Phase 1 hearing was held on November 16 and 17, 20004 and December 9, 2004. The Interim Award was issued on January 25, 2005, finding both IVEX and Debtor liable to Korolov for the alleged breach of contract. The Interim Award has been contested by IVEX and Debtor on a number of occasions in the AAA forum, but to no avail. IVEX and Debtor have filed Chapter 7 and Chapter 13 respective petitions on October 16, 2005. Korolov sought Relief from Automatic

Stay in both Chapter 7 and Chapter 13 cases. Phase 2 Damage hearing was held on August 30, 2006. The Final Award was issued on November 22, 2006. It was served by AAA via US Mail a few days thereafter. The Final Award was corrected on December 29, 2006 based upon Debtor's timely written request for fixing some of the ambiguity. A true and correct copy of the corrected award is attached hereto as **Exhibit 5.**

The particular grounds for vacation of the Interim Award are set in the Debtor's Amended Request to Disqualify the Arbitrator and For Vacation of the Interim Award sent to AAA and to Korolov's counsel on October 11, 2006 by FedEx and by email entitled "FedEx re: Amended Request" on October 12, 2006, and by October 13, 2006 email entitled "FedEx re: Amended Request ERRATA". A true and correct copy of the Debtor's Amended Request and list of the supporting 36 Exhibits[4] is attached hereto as **Exhibit 6** and incorporated by reference as Debtor's Objections to the Interim Award. Consequently, the Arbitrator Mr.Ragan appointed in the AAA forum has refused to disqualify himself after the redacted by AAA request was submitted to him. In other words, Debtor's full motion to disqualify attached hereto as **Exhibit 6** was only submitted to AAA and to the counsel for Korolov, but AAA refused to transmit the Debtor's Objections to the Interim Award and for disqualification to the Arbitrator. A true and correct copy of the Arbitrator's rejection to disqualify himself is attached hereto as **Exhibit 7.**

Debtor reasserts all of his relevant Objections to the Interim Award in this request to the Court based on the aforementioned Debtor's Objections to the Interim Award attached hereto as **Exhibit 6** and Arbitrator's refusal to disqualify himself.

In addition, Debtor objects to the Final Award as follows:

(a) Debtor incorporates all of the relevant Debtor's Objections to the Interim Award referred to herein and in **Exhibit 6**. These Objections also apply to the Final Award.

(b) The arbitrator's failure to disqualify himself or herself upon receipt of a timely demand (as required by CCP §§ 1281.9, 1281.91) is ground to vacate the arbitrator's award. **[CCP § 1286.2(a)(6)].** The Arbitrator failed to disqualify himself.

---

[4] Due to the confidential nature of some of these Exhibits and other content of the AAA proceedings, Debtor will be filing these and other supporting Exhibits separately forthwith with a request for a Judicial Notice and a Protective Order. All 36 Exhibits and other supporting materials were submitted to AAA and counsel for Korolov in October – November 2006 before the final Award was issued on November 22, 2006.

(c) Failure to disclose other matters, particularly arbitrator's participation in the July 7, 2004 event hosted by counsel's for Korolov law firm: In addition to the CCP § 1281.9 requirements, nondisclosure of other matters indicating possible bias may be ground to vacate an award. [Commonwealth Coatings Corp. v. Continental Cas. Co. (1968) 393 US 145, 149, 89 S.Ct. 337, 339; Betz v. Pankow (1993) 16 CA4th 919, 922-923, 20 CR2d 834, 835]

(d) Final and Interim Awards were procured by undue means and in violation of a due process, which prejudiced the Debtor and affected the outcome of the arbitration. Particularly, Debtor was informed of the Korolov's counterclaim increase from $150K to $300K only after the Interim Award has been issued. As such, lost his opportunity to seek the panel of three arbitrators before the Phase 1 has commenced, amend his AAA claim, beef-up the defenses, e.g. hiring a lawyer to represent the Debtor, etc. All consequent Debtor's and IVEX's requests for a panel of three arbitrators were denied by AAA. '(A) party, who did not receive a hearty 'first-bite' could not be precluded from having a 'second bite' ' (e.g., where attorney has conflict of interest that substantially impacts arbitrator's decision). [See Pour Le Bebe, Inc. v. Guess Inc., supra, 112 CA4th at 832, 5 CR3d at 461

(e) Final Award has illegal provision in the following statement on Page 1, lines 21-22 (see **Exhibit 3**): "Elliot Viches ("Viches") represented himself and IVEX Pacific Group, Inc. ("IVEX"). As a layperson Debtor couldn't represent IVEX, as he stated in his Phase 2 pre-hearing Brief dated August 24, 2006. Such representation of a corporation would have been against the law. "longstanding rule that corporations .... must appear in court through an attorney." See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) (internal quotation and alteration omitted). An award may exceed the arbitrator's power if it violates a well-defined and dominant public policy. To vacate an arbitral award on public policy grounds, a court must articulate 'an explicit, well-defined and dominant public policy' ascertained by reference to 'positive law' (e.g., legislation, implementing regulations or interpretive case law) rather than from general considerations of supposed public interests. [Eastern Associated Coal Corp. v. United Mine Workers of America, Dist. 17 (2000) 531 US 57, 63, 121 S.Ct. 462, 467].

DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY PAUL KOROLOV; OTHER RELIEF AND NOTICE OF OPPORTUNITY FOR HEARING                Page 9 of 14

Case: 05-59344        Doc #: 111      Filed: 02/20/2007        Page 9 of 14

(f) Moreover, AAA has failed to officially inform IVEX's counsel (counsel for Chapter 7 trustee Mr.Wurms, Esq. of Wendel who represented IVEX's Estate at that time and/or officially notify Mr.Benda law offices, who filed IVEX's Chapter 7 petition), in its notices to the parties (dated June 14, 2006 and the consecutive notice dated August 18, 2006) of the upcoming hearing held on August 30, 2006. IVEX has been unrepresented at the hearing as a result. Failure to inform one of the parties to the arbitration of an upcoming hearing is subject to a vacatur of an award. Absence of the notice violates AAA's own Rule R-30. entitled "Arbitration in the Absence of a Party or Representative", which states: "Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, **after due notice**, fails to be present or fails to obtain a postponement. **An award shall not be made solely on the default of a party.** The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award." [Emphasis added.] A true and correct copy of AAA notice of hearing dated August 18, 2006 is attached hereto as **Exhibit 8.**

(g) Arbitrator exceeded his power in the following ruling on Page 9, Paragraph H entitled "Interest", lines 19 through 21: "The amounts to be awarded were not liquidated prior to these proceedings." The issue of liquidation is a pure bankruptcy court matter. The Arbitrator is wrong in his conclusion with regards to the same, as it was discussed hereinabove. An award may be set aside where the arbitrator has no authority to act: '(C)ourts retain the ultimate authority to overturn awards as beyond the arbitrator's powers, whether for an unauthorized remedy or decision on an unsubmitted issue.' [Advanced Micro Devices, Inc. v. Intel Corp. (1994) 9 C4th 362, 375, 36 CR2d 581, 589]

(h) Final Award has, among other things, conflicting and ambiguous ruling on Page 10, lines 1 through 7. Particularly, the 82%/18% split of the total arbitration costs contradicts with Ruling in Paragraph G entitled "Costs" on Page 9, lines 1 through 18, particularly with its subparagraphs (a) and (b), which provide for 70%/30% split and 100% post-petition obligation since Interim Award was issued. It simply doesn't add up or have any mathematical sense.

(i) Arbitrator has refused to admit material evidence relevant to the controversy of alleged theft of the subject items by Korolov using a lock-picking device and related rebuttal evidence. Particularly, Final Award deals with the following items: Paragraphs C and D on Page 6 and 7, related to finished filters and modules and items from Exhibit B of the MSA. It relies on the fact that all of these items are in possession, custody or control of Debtor and/or IVEX. However, the arbitrator has refused to allow material witnesses to testify on the subject of theft throughout the arbitration proceedings, rejected Debtor's discovery requests regarding the alleged theft throughout the arbitration proceedings and refused to consider rebuttal evidence during the Phase 2 proceeding regarding theft. Some of the Exhibits[5] that were not considered by the Arbitrator are mentioned in the Final Award on Page 3 and Page 4. Most importantly, as evidence showed, Korolov perjured himself under oath in his verified October 5, 2006 rebuttal submission. The October 6, 2006 rebuttal evidence submitted by Debtor was rejected by the arbitrator, who made his decision without any consideration for public policy against theft in this country and without search for justice. One of the grounds for vacating an award is 'the rights of the parties were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy.' [CCP § 1286.2(a)(5) (amended eff. 1/1/02); 9 USC § 10(a)(3)]

(j) Based on the facts stated in the above Paragraph (h), Debtor contends that Final Award was procured by fraud and undue means. In addition to actual fraud, there were also elements[6] of an extrinsic fraud, i.e., fraud which has deprived the Debtor of a fair hearing. Asserting a damage claim for the first time in a post-hearing brief in order to prevent the opposing party from introducing evidence on this issue constitutes 'extrinsic fraud.' If the arbitrator considers such evidence, the award may be set aside under this section. [Pacific Crown Distributors v. Brotherhood of Teamsters & Auto Truck Drivers, Local 70, supra, 183 CA3d at 1147, 228 CR at 650]. The arbitrator's decision also

---

[5] Due to the confidential nature of some of the Exhibits mentioned herein, they will be filed with the Court under the Protective Order, which hasn't been issued yet in this case.

[6] Exhibits related to the issue of extrinsic fraud and other related will be submitted soon under the Protective Order.

DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY PAUL KOROLOV; OTHER RELIEF AND NOTICE OF OPPORTUNITY FOR HEARING                Page 11 of 14

Case: 05-59344        Doc #: 111        Filed: 02/20/2007        Page 11 of 14

violates the public policy re: theft. In other words, Debtor is now liable for somebody else's misdeeds with regards to the subject items. The 'Undue means' term means behavior that is 'immoral, if not illegal ... something wrong, according to the standards of morals which the law enforces.' [A.G. Edwards & Sons, Inc. v. McCollough (9th Cir. 1992) 967 F2d 1401, 1403-1404--offering a meritless defense is not 'undue means' (if it were, awards would be regularly overturned); Pour Le Bebe, Inc. v. Guess Inc. (2003) 112 CA4th 810, 831, 5 CR3d 442, 460 (accord)] 'Fraud, corruption or other undue means' as ground to vacate award: An arbitral award will be vacated if the court finds it was procured by 'fraud, corruption or other undue means.' [CCP § 1286.2(a)(1); 9 USC § 10(a)(1)]

(k) In Paragraph A entitled "MSA Consideration" the Arbitrator found that both IVEX and Debtor should be responsible for $20K payment. However, only Debtor was supposed to be responsible for that particular item pursuant to confidential MSA.

(l) Finally, Debtor contends that in addition to the issue discussed in the Debtor's Objections to the Interim Award and in the above Paragraph (j), Arbitrator has awarded remedies bearing no 'rational relationship' to the alleged contract breach. Particularly, an award of attorney's fees disguised as compensatory damages, in Paragraph F, entitled "Attorney's fees" on Page 7 and 8. An award may be set aside where the remedy granted bears no 'rational relationship' to the breach of the underlying contract, as expressly or impliedly found by the arbitrator. [Advanced Micro Devices, Inc. v. Intel Corp., supra, 9 C4th at 367, 36 CR2d at 583] 'Rational relationship': 'The award is rationally related to the breach if it is aimed at compensating for or alleviating the effects of the breach.' [Advanced Micro Devices, Inc. v. Intel Corp., supra, 9 C4th at 381, 36 CR2d at 592, fn. 12] Federal 'essence' test: Federal courts use a slightly different test, focusing on the source of the arbitrator's chosen remedy: To be legitimate, an award must 'draw its essence' from the underlying agreement as interpreted by the arbitrator. [See Steelworkers v. Enterprise Corp. (1960) 363 US 593, 597, 80 S.Ct. 1358, 1361; and discussion in Advanced Micro Devices, Inc. v. Intel Corp., supra, 9 C4th at 378, 36 CR2d at 590] The arbitrator exceeds his or her powers by making an award that fails to comply with the terms of the arbitration agreement. [Western Employers Ins. Co. v. Jeffries & Co., Inc. (9th Cir. 1992) 958 F2d 258, 262]

### IV. BIFURCATION OF ISSUES

In addition to statutory objections to Korolov's proof of amended Claim, the issue of vacation of the Final Award is timely brought by the Debtor to meet the mandatory deadline to file such objections. Thus, Debtor is also asking the Court to bifurcate several issues pursuant to FRCP Section 42(b), regarding the adjudication of the Claim, and in the interest of judicial economy. "Rule 42(b) of the Federal Rules of Civil Procedure confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings. ...." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). The following phases are proposed: (a) determination of the Maximum Amount of the Debtor's obligation to Korolov based on the Interim Award and AAA Bills and other statutory objections discussed herein in Section II; (b) issue of determination of the Debtor's individual contribution into the Maximum Amount, if any, as discussed hereinabove in Paragraph 2.6 of Section II; (c) issue of vacation of the Final Award discussed herein in Section III. The first two steps are relatively easy, less time consuming and pretty straight forward, as proposed hereinabove in Paragraphs 2.1 through 2.6 of Section II. Thus, those issues shall be adjudicated first, so that the parties can estimate whether it is worth it to spend more time and money to conclude the last step to vacate/confirm the Final Award or, in the alternative, find easier solutions to conclude the case. It will also conserve the parties' and the Court's resources.

### V. NOTICE OF OPPORTUNITY FOR HEARING

PLEASE TAKE FURTHER NOTICE THAT this claim objection is made pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure as modified by Rule 90 14-1 of the Bankruptcy Local Rules of the United States District Court for the Northern District of California. Local Rule 9014-1 requires that anyone wishing to object to the requested relief or to request a hearing must do so by filing a written objection or request for a hearing with the Clerk of the United States Bankruptcy Court, 280 South First Street, San Jose, CA 5113, and by serving a copy on the Debtor at the address above **no later than 20 days** from the date of mailing of this notice. Any objection or request must be accompanied by the legal memoranda and evidence submitted by declaration which the objecting party wishes the Court to consider in support of its objection. If an objection is timely filed and served, the Debtor will obtain a hearing date and time, and will provide the objecting party with at least 10-day notice of the

DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY PAUL KOROLOV; OTHER RELIEF AND NOTICE OF OPPORTUNITY FOR HEARING                              Page 13 of 14

Case: 05-59344      Doc #: 111      Filed: 02/20/2007      Page 13 of 14

hearing. If no objection is timely filed and served, Debtor will request entry of an order granting the requested relief by default, without a hearing.

Respectfully submitted

Dated: February 20, 2007                    By: _____

Elliot Riches, Debtor in Pro Per

DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY PAUL KOROLOV; OTHER RELIEF AND NOTICE OF OPPORTUNITY FOR HEARING                    Page 14 of 14

Case: 05-59344    Doc #: 111    Filed: 02/20/2007    Page 14 of 14

FORM B10 (Official Form 10) (10/0½,    AMENDED

| UNITED STATES BANKRUPTCY COURT Northern | DISTRICT OF California | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor | Case Number |
|---|---|
| ELLIOT A. VICHES | 05-5-9344 ASW |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

PAUL KOROLOV

Name and address where notices should be sent:
Ropers, Majeski, Kohn & Bentley
c/o Gregory M. Gentile
80 N. First St., San Jose, CA 95113
Telephone number: (408) 287-6262

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

FILED
DEC 0 1 2006
CLERK
United States Bankruptcy Court
San Jose, California

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor: Arbitration 00223-04

Check here ☐ replaces
if this claim XX amends a previously filed claim, dated: 11/30/05

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other Final Arbitration Award

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____
        (date)              (date)

**2. Date debt was incurred:**
November 22, 2006 (Arbitration Award)

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $ 300,000.00, plus
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none of only part of your claim is entitled to priority.

**Unsecured Priority Claim**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $_____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other_____
Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:**

| $300,000.00 plus costs of arbitration | | | |
|---|---|---|---|
| (unsecured) | (secured) | (priority) | (Total) |

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. $300,000.00 excludes costs of arbitration

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 11/30/06 | [signature]    Gregory M. Gentile |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Exhibit 1

In re:  Bankruptcy of ELLIOT A. VICHES                    Case No. 05-5-9344 ASW

## ATTACHMENT A TO AMENDED PROOF OF CLAIM FORM

The claim by Creditor PAUL KOROLOV is premised on an arbitration award dated November 22, 2006 issued by an arbitrator following the completion of a binding arbitration of a dispute under the auspices of the American Arbitration Association in case number 74 199 00223 04 NOCA.

The issues in the arbitration arose from the settlement of Santa Clara County Civil Action Number 1-01 CV798879.  Pursuant to that settlement, the parties entered into a Confidential Mediation Settlement Agreement.  KOROLOV claimed that Debtor failed to deliver to KOROLOV consideration due under that Agreement.  The Agreement had an arbitration clause and the Superior Court ordered the matter to binding arbitration.  The matter went to arbitration in November and December 2004 (Phase I) before arbitrator Charles R. Ragan.  On January 25, 2005, the arbitrator issued an interim ruling/award in favor of KOROLOV, finding Debtor liable for breach of contract.

Pursuant to the parties' agreement, the arbitration proceeding was bifurcated with a damage phase to follow after the issuance of the interim ruling/award for Phase 1.  After several continuances of the hearing date for Phase II, Debtor filed for Bankruptcy protection.  Creditor obtained relief from stay from this Court and proceeded with Phase 2 of the hearing on August 31, 2006.  The arbitration award in favor of Creditor was issued on November 22, 2006.

_____
Gregory M. Gentile
Attorney for Creditor Paul Korolov

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

SJ/381914.1/BL1                              -1-

## ATTACHMENT TO PROOF OF CLAIM FORM

1  **CASE NAME:    ELLIOT A. VICHES**
   **U.S. Bankruptcy Court Case No. 05-5-9344 ASW  (Chapter 13)**

2

3                            **PROOF OF SERVICE**

4         I am a citizen of the United States. My business address is 80 North First Street, San Jose,
   California  95113.  I am employed in the county of Santa Clara where this service occurs.  I am

5  over the age of 18 years, and not a party to the within cause.  I am readily familiar with my
   employer's normal business practice for collection and processing of correspondence for mailing

6  with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S.
   Postal Service the same day as the day of collection in the ordinary course of business.

7
          On the date set forth below, following ordinary business practice, I served a true copy of
8  the foregoing document(s) described as:

9                          **AMENDED PROOF OF CLAIM**

10   ☐   (BY FAX) by transmitting via facsimile the document(s) listed above to the fax
         number(s) set forth below, or as stated on the attached service list, on this date
11       before 5:00 p.m.

12   ☒   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be
         placed in the United States mail at San Jose, California.
13
     ☐   (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand
14       this date to the offices of the addressee(s).

15   ☐   (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an
         overnight delivery carrier with delivery fees provided for, addressed to the
16       person(s) on whom it is to be served.

17                        **See attached Service List**

18   ☒   *(Federal)* I declare that I am employed in the office of a member of the bar of
         this court at whose direction the service was made.
19

20        Executed on November 30, 2006, at San Jose, California.

21                                            _Bonnie Langston_
                                              _____
22                                                 Bonnie Langston

23

24

25

26

27

28
     SJ/353731.1/BL1                      -1-

─────────────────────────────────────────────

                **PROOF OF SERVICE – Case No. 05-5-0344 ASW**

## AMERICAN ARBITRATION ASSOCIATION

### Commercial Arbitration Tribunal

| | |
|---|---|
| Elliot Viches/IVEX Pacific Group, Inc | Case No.: **74 199 00223 04 NOCA** |
| *Claimants* | INTERIM RULING / AWARD |
| vs | (following Phase 1 Hearings |
| Paul Korolov, dba Wideband RF Components, PK Technology and Decade Technologies (www.decadetech.com) | on November 16-17 and December 9, 2004) |
| | Arbitrator: Charles R. Ragan, Esq. |
| *Respondents* | |

**AND RELATED CROSS-ACTIONS**

The claims of claimants Elliot Viches and IVEX Pacific Group, Inc., and the counterclaims of Paul Korolov, came on regularly for hearing in the Silicon Valley offices of Pillsbury Winthrop LLP before the duly-appointed undersigned Arbitrator, Charles R. Ragan ("the Arbitrator"), on the following dates: November 16-17, and December 9, 2004.

Elliot Viches ("Viches") represented himself; IVEX Pacific Group, Inc. ("IVEX") was represented by Renee Glover Chantler, of the Chantler Law Offices; and Paul Korolov ("Korolov") was represented by Gregory M. Gentile, of Ropers, Majeski, Kohn & Bentley. (From time to time herein, Viches, IVEX and Korolov are collectively referred to as "the Parties", and Viches and IVEX are collectively referred to as "Claimants".)

On December 9, 2004, the Parties concluded their presentation of evidence, and agreed to a schedule for the submission of limited post-hearing papers. Post-hearing briefs were submitted, as agreed, on December 30, 2004. On January 6, 2005, additional correspondence was received from counsel. By letter of the same date, the American Arbitration Association advised the parties that the hearings were declared closed as of January 4, 2005, and the matter was submitted to the Arbitrator for decision and award.

RECEIVED TIME  JAN. 25.  3:33PM

K06461

1  The Arbitrator now having considered the claims and defenses of the Parties, the
2  testimony and evidence presented at the hearing, and the objections, arguments and authorities
3  submitted by the Parties in their pre-hearing submissions and post-hearing papers, and good
4  cause appearing therefor, the following findings and award are made:

5

6  ## FINDINGS AND CONCLUSION

7  **1.**    This matter arises from a joint effort by Viches and Korolov to develop certain
8  technology and market it which, unfortunately, turned sour. The resulting disputes have
9  occupied several years in court litigation, efforts to mediate a resolution, and now this
10  arbitration. To put it mildly, the disputes have been contentious and bitterly fought.

11  **2.**    In November 2003, the parties participated in a mediation which resulted in the
12  execution on November 11, 2003 of a Mediation Settlement Agreement ("the MSA").

13  **3.**    The MSA provided for several elements of consideration, including cash, and
14  further that Claimants "will assign to cross complainants, Korolov, et al. all rights and interest in
15  the intellectual property described in Paragraphs VI and VII of the attached Exhibit A, including
16  an assignment of any and all rights in any patent application related to that technology, except
17  for similar technology which is commercially available from other sources."

18  **4.**    The MSA stated that the "parties intend for this agreement to be valid, binding,
19  and enforceable pursuant to California Evidence Code section 1123 and California Code of Civil
20  Procedure section 664.6."

21  **5.**    The MSA also contemplated that the parties would enter into more formal closing
22  papers, including releases, and that any disputes that arose as to the terms of the MSA would be
23  submitted to binding arbitration before the American Arbitration Association.

24  **6.**    After the mediation, the parties exchanged drafts of closing papers.

25  **7.**    Among the papers prepared by Korolov and his counsel was a requested
26  assignment form.

27  **8.**    By email dated December 8, 2003, Viches advised Korolov's counsel, in pertinent
28  part:

---

*IVEX et al. v. Paul Korolov. et. al.*   Case No. 74 199 00223 04 NOCA
**INTERIM RULING / AWARD**
RECEIVED TIME   JAN. 25.   3:33PM

2

K06462

"Neither IVEX nor I have 100% rights in the Patent application mentioned in your assignment [the U.S. Patent application]. Thus, I cannot assign any rights." This was because, early in 2003, Viches, unbeknownst to Korolov, had assigned the U.S. Patent application to an individual in China. See Respondent's Exh. 29 (hereafter Respondent's exhibits are identified as "R." followed by the exhibit number).

9. In the several weeks following, Viches purported to tender various consideration called for by the MSA but not including U.S. patent rights, which tenders Korolov refused to accept.

10. The parties' dispute spilled back into Santa Clara Superior Court in December 2003 – January 2004.

11. During those proceedings, Viches explained that there was another patent application relating to the same technology – a PCT application – and offered to assign this application in satisfaction of the MSA obligations.[1]

12. On January 20, 2004, the parties appeared before the Hon. William J. Elfving on a number of motions, including cross-motions to enforce the settlement agreement and a motion to reconsider by Korolov's counsel. R.10 Korolov took the position in those proceedings that the MSA did not reflect a meeting of the minds, that the settlement should be voided and that the matter should be returned to the court's active calendar.

13. Viches at that hearing stated that IVEX "is willing ... to assign the patent application related to the programmable filter technology at issue." R. 10 at 12.

14. Viches also offered to show the court in chambers the documentation concerning the assignment to the individual in China.

15. Counsel for Korolov stated that, if the court was to inspect documents in chambers, Korolov and his counsel should be free to see the assignments because "if Mr.

---

[1] The evidence failed to establish that, at the time of the mediation in November 2003, Korolov was aware of the PCT application, which was only filed in September 2002. Claimants sought to establish that Korolov should have understood that such an application likely would have been filed. The evidence was clear, however, that the rights under the PCT application were less extensive than the rights under the U.S. Patent application might have been.

K06463

1   Korolov is going to be taking an assignment of an assignment, that [sic] he really needs to see
2   that or the patent application." R. 10 at 18. The Court responded:

3                "I'd agree. I think both sides need to share relative information so your respective
4           rights are protected." Id.

5       16.     On the days immediately following, a series of miscommunications occurred in
6   connection with ex parte applications to the court[2] which, unfortunately, led to distrust on both
7   sides and the complete absence of the sharing of necessary information that had been
8   contemplated and suggested by Judge Elfving[3]. In all probability this situation was exacerbated
9   by the circumstance that Mr. Viches was representing himself, in part because counsel for IVEX
10  to that point, Mr. Kutche, was occupied by trial preparation in another matter.

11      17.     Regardless of the reasons, Viches did not then share with Korolov the assignment
12  of the U.S. Patent application.

13      18.     Viches did *offer to make* a tender of his rights in the U.S. Patent application.

14      19.     By this time (January 2004), however, Viches rights in the U.S. Patent application
15  were substantially diluted.  He had assigned the rights to an individual in China; further, the
16  application had been declared abandoned (but could be revived).  Thus, as reflected in the
17  document tendered as R. 30 and bearing a date of January 21, 2004, Viches' rights in the U.S.
18  Patent application were limited to a contingent right, upon a payment by Viches of $12,000 to
19  the individual in China, to have the rights re-assigned to IVEX (assuming that the application
20  would be revived, as it has been).

21      20.     Viches did not disclose this document (R. 30) to Korolov during January 2004.

22      21.     The document was produced to Korolov several months later in connection with
23  the pre-hearing exchanges of information in this arbitration.

24      22.     During the hearings in this matter, there was testimony that the U.S. Patent
25  application had been revived.

26
---
27   [2]   Following the hearings, Viches tendered to the Arbitrator a number of documents, urging that they be
28   considered in part because one of Respondent's exhibits was incomplete. The documents in question, however,
     appear to have been part of Claimants' Exh. 48 (hereafter Claimants' Exhibits are referred to as "C." followed by the
     exhibit number), were earlier a part of the record, and have been considered.
     [3]   That distrust has continued well into these proceedings.

*IVEX et al. v. Paul Korolov. et. al.*    Case No. 74 199 00223 04 NOCA
INTERIM RULING / AWARD
RECEIVED TIME  JAN. 25.   3:33PM

4

K06464

Case: 05-59344    Doc #: 111    Filed: 02/20/2007    Page 7 of 21

23.    However, Viches confirmed at the hearings, even as late as December 9, 2004, that he had not yet paid the $12,000 to the individual in China for the reassignment. Tr. 497.

24.    Claimants commenced this arbitration by Demand dated February 25, 2004, which was later amended.

25.    Korolov resisted arbitration, requiring Claimants to prosecute successfully an application to compel arbitration.

26.    Korolov filed a response and counterclaims on April 2, 2004, which were later amended.

27.    At the hearing, Korolov confirmed that, although his fraud counterclaim was originally pleaded so as to seek rescission of the MSA, he had abandoned that request and was pressing only claims for damages for breach of the MSA as well as for fraud. Tr. 481-82.

28.    Following discussion with the parties in pre-hearing conferences, it was determined, pursuant to AAA Commercial Arbitration Rule 30(b), that these proceedings would be bifurcated, and the initial hearings would not consider issues relating to the amount of damages, if any, to be awarded. See Order No. 2, ¶ 2. This Interim Ruling / Award therefore does not reach issues concerning the amount of damages.

### Fraud Claim

29.    Korolov asserts in his post-hearing brief:

> "The elements of fraud are as follows: (1) A representation of past or existing fact; (2) That is false; (3) That is known to be false by Defendant or made recklessly; (4) That is made with intent to defraud, and which induced reliance; (5) Plaintiff's unawareness of the falsity; (6) And resulting damages." Resp. Closing Brief and Submission.

30.    Accepting this formulation as an accurate summary of the law, Korolov has failed to establish that Viches made a representation of past or existing fact in connection with the mediation on November 11, 2003. During that mediation, the parties were separated and the mediator shuttled between the parties.[4] There was no testimony as to any affirmative statement

---

[4]    There was one instance in which counsel for Korolov met with the mediator and Viches, but there was no evidence offered or considered as to what was said on that occasion.

---

*IVEX et al. v. Paul Korolov, et. al.*    Case No. 74 199 00223 04 NOCA
INTERIM RULING / AWARD
RECEIVED TIME  JAN. 25.  3:33PM

5

K06465

1  | or representation during the mediation or immediately preceding it to the effect that Viches was
2  | then the owner of rights to the U.S. Patent application.

3  |    31.    Nor had Korolov made any investigation before the mediation to confirm or seek
4  | to confirm Claimants' (or any of their) ownership of rights to the U.S. Patent application.

5  |    32.    Rather, Korolov, who had some prior knowledge of an application having been
6  | filed for a U.S. patent on the programmable filter technology in issue, assumed that Viches still
7  | had rights to that application, and could assign them as part of a settlement.[5]

8  |    33.    Accordingly, I conclude that Korolov has failed to carry his burden of proving
9  | that Viches or IVEX committed fraud in connection with the MSA.

10 |                              The Contract Claims

11 |    34.    Claimants assert that Korolov is liable by virtue of his alleged anticipatory breach
12 | of the MSA obligations, because he repeatedly refused Viches' tenders of performance.

13 |    35.    Korolov, on the other hand, asserts that Claimants are liable for breach of the
14 | MSA because no valid tender consistent with the obligations of the MSA was ever made.

15 |    36.    The MSA obligated Claimants to assign to Korolov "all rights and interest in the
16 | intellectual property described in Paragraphs VI and VII of the attached Exhibit A, including an
17 | assignment of any and all rights in any patent application related to that technology, except for
18 | similar technology which is commercially available from other sources."

19 |    37.    Having considered all the evidence submitted by the parties, the testimony
20 | adduced at the hearing, and the submissions from the parties before and after the hearing, I
21 | conclude that Korolov is correct: There is no evidence that Viches or IVEX *actually* took the
22 | steps necessary to re-acquire the U.S. Patent application or *actually made* a tender of all his
23 | rights in the patent applications for the programmable filter technology at issue – including his
24 | asserted right to reacquire the U.S. Patent application.

25 |    38.    At no time did Viches or IVEX *assign* to Korolov all rights (including the right to
26 | the PCT application and the right to re-acquire rights to the U.S. Patent application from the

27 |
28 | _____

> [5]   Claimants urged that I consider as evidence an exhibit to the proffered declaration of Mr. Kutche. Respondent urges that such consideration is barred by the teachings of *Rojas v. Superior Court*, 33 Cal. 4th 407 (2004). In light of my analysis of the fraud claim, this question is moot.

*IVEX et al. v. Paul Korolov. et. al.*   Case No. 74 199 00223 04 NOCA
INTERIM RULING / AWARD                                                    6
RECEIVED TIME   JAN. 25.   3:33PM

K06466

1  individual in China) and interest in programmable filter technology not commercially available
2  from other sources.

3        **39.**  An assignment of *all* such rights was required by the MSA – not an offer to make
4  such an assignment. Once Viches professed to have a right to reacquire the U.S. Patent
5  application, it was incumbent as part of the MSA obligations for Claimants to assign all rights to
6  the U.S. Patent application, as well as the rights to the PCT application. Viches, however, at
7  most made a conditional offer to make such a tender, if Korolov would agree that he would
8  accept such a tender.

9        **40.**  In the absence of a valid assignment of all such rights, there was no valid and
10  complete tender consistent with the MSA obligations made by Claimants. In short, Claimants
11  failed to perform their obligations under the MSA.

12        **41.**  Therefore, Claimants are liable for breach of the MSA

13  Interim Ruling and Award

14        **42.**  Based upon and in accordance with the foregoing findings of fact and conclusions
15  of law, and considering only competent evidence, I reach the following conclusions:

16        **43.**  Claimants shall take nothing by their claims against Respondent Korolov.

17        **44.**  Korolov shall take nothing by his claims for fraud against Claimants.

18        **45.**  Korolov is entitled to damages as may be proved for Claimants' breach of the
19  MSA.

20        **46.**  Korolov is the prevailing party on the issues considered and determined to date,
21  and is entitled to recover some of his arbitral costs and fees. See immediately below.

22        **47.**  Because of the mixed nature of this ruling and award, I determine that the arbitral
23  fees and costs to date should be split such that Claimants bear responsibility for 70% and
24  Korolov bears responsibility for 30%. Pending such further proceedings and evidence as may
25  occur and be received (see post), each side shall bear its own attorneys' fees.

26  Further Proceedings

27        **48.**  The parties are urged to meet and confer for the purposes of considering next
28  steps.

7

*IVEX et al. v. Paul Korolov. et al*    Case No. 74 199 00223 04 NOCA
**INTERIM RULING / AWARD**
RECEIVED TIME  JAN. 25.    3:33PM

K06467

49.    If the parties conclude to proceed with a second stage, at which I would determine the amount of damages to be awarded for Claimants' breach of the MSA, they should bear in mind the following.  At a second stage, only damages properly established can be awarded.  It would also be appropriate at the second stage to consider Korolov's attorneys' fees in connection with these first phase proceedings (recognizing of course that Korolov was only partially successful).  In that connection, however, it would also be appropriate to consider the duty to mitigate; the evidence to date indicates that some of the complexity in the proceedings subsequent to January 20, 2004 was the result of a hard-line position adopted by Korolov that the MSA should be voided, and arbitration was therefore inappropriate.  The parties are to advise the undersigned and Ms. Norma Cantu at AAA by February 28, 2005, if they wish to proceed with the second phase proceeding so that a prehearing conference call can be arranged.  In the even no response is received, this interim ruling/award shall be incorporated into the full and final award.

Dated:  January 25, 2005

*Charles R. Ragan*

CHARLES R. RAGAN, AAA Arbitrator

---

*IVEX et al. v. Paul Korolov. et. al.*    Case No. 74 199 00223 04 NOCA
INTERIM RULING / AWARD
RECEIVED TIME  JAN. 25.  3:33PM

8

K06468

1

2          AMERICAN ARBITRATION ASSOCIATION

3              Commercial Arbitration Tribunal

4

5    Elliot Viches/IVEX Pacific Group, Inc.        Case No.: 74 199 00223 04 NOCA

6            *Claimants*                          FINAL AWARD

7              vs.

8    Paul Korolov, dba Wideband RF Components,     Arbitrator:  Charles R. Ragan, Esq.
     PK Technology and Decade Technologies
9    (www.decadetech.com)

10

11           *Respondents*

12   AND RELATED CROSS-ACTIONS

13

14       **I.      Introduction.**

15          Issues concerning liability as to the claims of claimants Elliot Viches and IVEX Pacific

16   Group, Inc., and the counterclaims of Paul Korolov, were heard in the Silicon Valley offices of

17   Pillsbury Winthrop LLP before the duly-appointed undersigned Arbitrator, Charles R. Ragan

18   ("the Arbitrator"), on the following dates: November 16-17, and December 9, 2004. An Interim

19   Award was timely issued on January 25, 2005. Issues as to damages were bifurcated. After

20   several postponements for various reasons, the damages issues were regularly heard in the San

21   Jose Executive Center on August 30, 2006. Elliot Viches ("Viches") represented himself and

22   IVEX Pacific Group, Inc. ("IVEX"); and Paul Korolov ("Korolov") was represented by Gregory

23   M. Gentile, of Ropers, Majeski, Kohn & Bentley. (From time to time herein, Viches, IVEX and

24   Korolov collectively referred to as "the parties;" Viches and IVEX are collectively referred to

25   as "claimants"; and Korolov is referred to as respondent.) At the Phase 2 hearing, testimony was

26   received from Viches, Korolov and third-party witness Mari Shido.

27          The Arbitrator now having considered all the claims and defenses of the parties, the

28   testimony and evidence presented at the hearings and in post-hearing submissions, as well as the

---

*IVEX et al. v. Paul Korolov. et. al.*   Case No. 74  199 00223 04 NOCA
FINAL AWARD – Page 1

Exhibit 3
Case: 05-59344      Doc #: 111    Filed: 02/20/2007      Page 12 of 21

objections, arguments and authorities cited by the parties throughout, and having evaluated the demeanor and credibility of the witnesses, renders this Final Award.

## II. Procedural history.

This arbitration was commenced with the filing of a Demand for Arbitration dated February 25, 2004. The dispute stems from a partnership between Elliott Viches, the principal and owner of IVEX Pacific Group, Inc.[1], and Paul Korolov, which began in early 2000 but turned sour and acrimonious within 18 months. A lawsuit ensued in Superior Court and was vigorously litigated. An apparent resolution was reached through mediation before Thomas H.R. Denver on November 11, 2003, and the execution of a Mediation Settlement Agreement (the "MSA"). Several weeks later, however, a dispute erupted over interpretation of that agreement, the parties returned to court and thence to the American Arbitration Association ("the Association") because of an arbitration clause in the MSA. These proceedings, too, have been keenly contested. The issues of liability and damages were bifurcated. An Interim Award after three days of hearing was issued on January 25, 2005. Phase Two proceedings addressing the quantum of damages were postponed due to health issues and bankruptcy proceedings involving claimants.

A fourth day of hearings was held on August 30, 2006. At the hearing, respondent was represented by attorney Gregory Gentile. Claimants were represented by Elliott Viches, acting pro se.

The parties requested permission to submit post-hearing papers, and, by letter directive from the Association, I advised the parties:

1. By Friday, September 1, claimant will send to respondent's counsel those three documents which claimant used by way of rebuttal/impeachment during [the August 30, 2006] today's session.

2. Respondent shall provide written comments, if any, on those three documents by 5 p.m. on September 11, 2006.

---

[1] In connection with these Phase 2 proceedings, respondent has submitted a copy of a Statement Regarding Corporate Resolution submitted to the U.S. Bankruptcy Court. The document, signed by Viches, recites in part that Viches is the president and 100% shareholder of IVEX. R-1882.

*IVEX et al. v. Paul Korolov, et. al.*   Case No. 74 199 00223 04 NOCA
FINAL AWARD – Page 2

3. Respondent shall have until 5 p.m. on September 15, 2006, to provide to claimant and to the AAA administrator, Ms. Norma Cantu (for the arbitrator), a detailed explanation of the $142K+ in attorneys' fees claimed, and the arbitration fees and costs claimed.

4. Claimant shall have until 5 p.m. on October 5, 2006, in which to provide a response and/or counter-arguments to respondent's detailed explanation of attorneys' fees and arbitration fees and costs.

5. Respondent shall have until 5 p.m. on October 5, 2006, in which to provide an answering brief to the brief submitted by claimant at [the August 30, 2006] hearing.

I have now received through the Association the following post-hearing papers from the parties:

- E-mail dated August 31, 2006, from claimants, providing four documents discussed at the Phase 2 hearing;

- Respondent's written comments on claimants' documents, provided to the Association and claimants on September 11, 2006;

- Claimants' September 12, 2006 rebuttal to respondent's comments of September 11, 2006;

- Email from respondent dated September 13, 2006;

- Email from claimants dated September 13, 2006;

- Verification to respondent's rebuttal, provided to the Association on September 14, 2006;

- Respondent's breakdown of attorneys' fees and arbitral costs, provided to the Association on September 15, 2005;

- Respondent's brief dated October 5, 2006, in response to claimants' damages rebuttal of August 30, 2006, and amended matrix reflecting attorneys' fees and costs claimed by respondent;

- An email from claimants dated October 5, 2006, including attachments and a spreadsheet further analyzing respondent's claimed damages;

---

*IVEX et al. v. Paul Korolov, et. al.*   Case No. 74 199 00223 04 NOCA
FINAL AWARD – Page 3

- An email from claimants dated October 6, 2006;
- A letter from respondent dated October 12, 2006; and
- An email from claimants dated October 12, 2006[2],

This recitation of the post-hearing submissions illustrates the intensity and contentiousness with which this dispute has been waged. Claimants' email of October 6th was not authorized. At the Phase 2 hearing, I acquiesced to each side submitting additional materials, but stated that the last submissions would be those due on October 5, 2006. Due process requires a fair hearing of relevant issues; it does not require a complete airing of all issues one side or another may feel are significant. While the late submissions are in the file, I decline to consider them in my analysis. Claimants have had more than ample opportunity to present their arguments during these proceedings, and their positions are well understood even if not accepted as meritorious.

## III.    The limited Phase 2 issue.

In the Interim Award, it was determined that claimants should take nothing on their claims, certain of respondent's claims were rejected, but it was held that claimants had breached their contractual obligations under the Mediation Settlement Agreement. The parties were given an opportunity to resolve the matter between themselves. If the parties failed to reach a private resolution, the Interim Award established that a second phase or stage of these proceedings would follow to determine the amount of damages to be awarded to respondent in respect of claimants' breach of the MSA. I also stated in the Interim Award that it would be appropriate in the second phase to consider the amount of respondent's attorneys' fees as a measure of the harm incurred by respondent as a result of the breach of the MSA.

## IV.    Respondent's claimed damages and claimants counter-arguments.

Respondent claims damages in seven categories, namely:

1.    Monetary consideration called for in the MSA = $20,000.
2.    Value of patent applications and associated technology = $300,000.

---

[2] These last three submissions were provided to me on October 24, 2006.

---

*IVEX et al. v. Paul Korolov. et. al.*    Case No. 74 199 00223 04 NOCA
FINAL AWARD – Page 4

3. All finished programmable filters and programmable filter modules, plus unfinished products in component inventory (estimated at $1650 each) = $132,000.

4. Those items set forth in Exhibit B to the MSA (minus certain items) = $52,424.

5. One analog oscilloscope = $1700.

6. Attorneys' fees (Ropers, Majeski) = $126,468.35

7. Costs = $28,413.82

Respondent acknowledges, however, that by virtue of its pleadings before the Association, respondent may not recover more than $300,000 in damages.

Before addressing these several elements of claimed damages, several comments are appropriate to put the issues into proper focus. It is perfectly clear from the length of these proceedings, from the volume of submissions, from the tenacity and vigor of the arguments, and from the emotion of claimants' testimony that claimants absolutely believe that respondent wronged claimants in the past and that there is a conspiracy to injure claimants. But it is equally clear that the dispute before the undersigned Arbitrator is more limited. It concerns the parties' rights under the MSA – an agreement that was to have established peace between the parties in November 2003. In the Interim Award, I determined that claimants breached the MSA by failing to make a proper tender of consideration. In fact, claimants deprived respondent of his intended bargain under the MSA and made reciprocal performances impossible by assigning the U.S. patent rights abroad and not timely re-acquiring them for delivery to respondent.

In this Phase 2 proceeding, the central issue is how much money claimants should pay to respondent in order to put respondent in a position equivalent to where respondent would have been had claimants performed timely and appropriately under the MSA. That issue is finite, and does not require a relitigation of the parties' dispute in Superior Court five years earlier. Nor are credibility determinations made by that court on different issues binding on this Arbitrator in resolving completely different issues.

---

*IVEX et al. v. Paul Korolov. et. al.*   Case No. 74  199 00223 04 NOCA
FINAL AWARD – Page 5

### A.    MSA consideration.

Under the MSA, respondent was to have received $20,000. He did not. Claimants argue that their non-performance was excused by respondent's failure to accept partial tenders and failure to complete "closing papers". Respondent counters that he did not complete the closing papers when claimants admitted they did not then own and could not deliver all U.S. patent rights.

I find that claimants should pay respondent the $20,000 that was due respondent under the MSA, because claimants set in motion a chain of events and circumstances which made it imprudent for respondent to accept a partial tender.

### B.    Value of patent and technology.

Respondent claims he should be awarded $300,000 for the undelivered patent and technology rights. Claimants assert that the amount should be zero. Here respondent correctly observes that the valuation of the rights should be made at the time of the breach to be remedied – early 2004 – and not the present. This principle undercuts some evidence from each side: respondent's business plan prepared after the Phase 1 hearing and Interim Award is not particularly pertinent, and claimants' mid-2006 estimate also misses the mark. Based on all the evidence, including the undisputed evidence that in earlier years (and including shortly before this arbitration began) there was a market for programmable filters of the kind described in the patent application[3], I conclude that the value of the patent and technology rights[4] promised to respondent was $100,000 at the time of the breach.

### C.    Finished filters and modules.

Respondent claims $132,000 for filters and modules that were to have been transferred to him under the MSA. At the hearing, claimants initially argued that there was no market for the programmable devices and therefore no compensation should be awarded to respondent on this

---

[3] At the hearing, there was testimony of orders for more than $200,000 of the programmable devices in one year. A third-party witness testified that her company made sales of programmable filters (some concededly of a different design) in 2003 – 2005.

[4] Claimants focus solely on the value of the U.S. patent rights, but ignore that respondent's claim includes associated technology. My use of the broader term is intentional; it avoids claimants' technical arguments about whether a U.S. patent could have issued, and recognizes what I find to have been the parties' broader intent in entering into the MSA.

1    element of his claim. However, Viches eventually conceded there was a market, even if a

2    depressed one, for the equipment in some parts of the world. Claimants argue in their August 30,

3    2006 submission that the value of these devices should be depreciated over a 6.5 year span. I

4    reject this argument as inconsistent with the cardinal principle that damages for breach of

5    contract are designed to compensate as of the time of the breach. Taking all facts and

6    circumstances into account, including that Viches' transfer of the U.S. patent rights abroad which

7    may have adversely affected the value of the equipment that was to have been transferred under

8    the MSA, I find that these devices had a value of $90,000 as of the time of the breach.

9         D.    Exhibit B items.

10        Respondent claims the value of the items set forth in Exhibit B to the MSA (excluding

11   items 2, 3, 4, and 8, and the Texas Instrument laptop) was $52,424. Claimants argued in their

12   written submission on this element dated August 30th that the value should be zero, but, by

13   reference to a table prepared by Viches in 2004 as required by court order, necessarily concede

14   that the equipment had a value in 2004 or $19,900. See Exhibit C accepted at hearing on August

15   30, 2006. As previously noted, depreciation from that date is not appropriate, as damages are to

16   be calculated as of the time of the breach. Accordingly, I find that respondent is entitled to

17   recover $19,900 under this category of damages.

18        E.    Oscilloscope.

19        Respondent seeks $1700; claimants say it should be $170. I conclude a fair value for the

20   item in 2004 was $900.

21        F.    Attorneys' fees.

22        The information supplied by respondent under this heading is detailed. The analysis of

23   the appropriate amount to be awarded is fairly complicated for a variety of reasons, including:

24   (a) some amount of respondent's attorneys' fees and costs of prosecuting its counterclaims in this

25   proceeding should be awarded as an element of his damages, as he would not have had to incur

26   those fees if claimants had not breached the terms of the MSA; (b) at least some amount of

27   attorneys' fees incurred by respondent during the first half of 2004 should not be awarded as

28   damages because, during part of that period, respondent was resisting arbitration; (c) as indicated

in the Interim Award, some portion of attorneys' fees incurred by respondent in connection with this arbitration and prior to the Interim Award *might* be excluded from the final award of damages because respondent did not prevail on all its counterclaims, and, (d) even if some part of respondent's attorneys' fees were excluded from an award of damages to compensate for the breach of the MSA, under Rule 43(d)(ii) a discretionary award of fees might still be made.

Respondent's request for attorneys' fees can be segmented into several subcategories:

- For the period of December 2003 – January 2004, respondent claims $11,658.86.
- For the period February 2004 – June 2004, respondent claims $12,987.96
- For the period July 2004 – January 2005, respondent claims $ 67,957.15
- For the period February 2005 – September 2006, respondent claims $ 35,273.81

Compensation for the first period is not appropriate, because there was no breach at that time. The parties were proceeding as if the MSA would be enforced. Had respondent prevailed on its fraud claim, where reliance damages can be recovered, a different result might attach. But he did not.

For the second period (February 2004 – June 2004), respondent does not seek all amounts billed for attorneys' fees, but has instead himself trimmed more than $6,500 from his request. During part of that period, respondent was resisting arbitration, and arguing that the MSA should be voided. However, by June 2004, respondent had filed pleadings in this matter, including a claim for breach of the MSA. I conclude that an appropriate award of attorneys fees in this period, as compensatory damages for breach of the MSA, is $9,000.

Notwithstanding that respondent failed on some of its counterclaims, I conclude that none of the attorneys fees incurred by respondent during the third period would have been necessary had claimants performed their obligations under the MSA. Thus, the full amount claimed shall be recovered, again, as compensatory damages for breach of the MSA. The same is true for the amount claimed in the fourth period.

Thus, I conclude that respondent should recover as compensatory damages for breach of the MSA the sum of $112,230.96 incurred as attorneys' fees to defend claimants claims and prosecute his own counterclaims.

---

*IVEX et al. v. Paul Korolov. et. al.*   Case No. 74 199 00223 04 NOCA
FINAL AWARD – Page 8

G.    Costs.

Respondent seeks an award of costs comprised of two parts: $25,472.50 paid to the Association, and $2,941.32 paid for a transcript of the Phase 1 hearing. Taking the second first, the parties agreed to share the costs of the transcript. See Order No. 1 re: Arbitration Procedure and Scheduling, August 9, 2004, at ¶ 5. I decline to upset that agreement.

With respect to fees paid to the Association, I do not find in the record a detailed statement as to what fees were paid when; I recognize, however, that there are legitimate reasons including likely policy of the Association that such details not be available to the Arbitrator. Moreover, with the guidance of the remarks that follow, it should be a straightforward administrative matter for the Association to calculate the amount of fees that respondent has previously paid that claimants should as a result of this award now pay.

a.    As to all amounts that the Association requested as fees (whether administrative or for the Arbitrator's compensation) between the date on which this arbitration was commenced and the date of the Interim Award, claimants shall be responsible for 70%, and respondent 30%;

b.    As to all amounts that the Association has requested as fees (whether administrative or for the Arbitrator's compensation) since the date of the Interim Award, claimants shall be responsible for 100%.

H.    Interest.

The amounts to be awarded were not liquidated sums or definite prior to these proceedings. I therefore decline to award pre-judgment interest, as respondent requested.

V.    Conclusion.

The total of the amounts I have determined are appropriate to remedy the harm respondent has suffered as a result of claimants' breach of the MSA is $343,031. As noted above, however, respondent acknowledges that his pleadings limit him to a damages recovery of $300,000. Accordingly, respondent shall recover $300,000 as damages for claimants' breach of the MSA, and be entitled to an award of its arbitral fees and costs as directed in part IV.G, supra.

---

*IVEX et al. v. Paul Korolov, et. al.*    Case No. 74  199 00223 04 NOCA
FINAL AWARD — Page 9

1    The administrative fees and expenses of the American Arbitration Association totaling

2   $5,175.00 shall be borne as follows:  70 % by Claimant and 30% by Respondent for AAA Fees;

3   100% by Claimant for AAA Expenses; and the compensation and expenses of the arbitrator

4   totaling $49,262.89 shall be borne as follows:  82% by Claimant and 18% by Respondent.

5   Therefore, Claimant shall reimburse Respondent the additional sum of Eighteen Thousand Two

6   Hundred Twenty One Dollars and Twenty-Eight Cents ($18,221.28), representing that portion of

7   said fees and expenses in excess of the apportioned costs previously incurred by Respondent.

8       This Award is in full settlement of all claims and counterclaims submitted to this

9   Arbitration.  All claims not expressly granted herein are hereby, denied.

10

11   Dated: _November 22_, 2006              _Charles R Ragan_

12                                          CHARLES R. RAGAN, AAA Arbitrator

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*IVEX et al. v. Paul Korolov, et. al.*  Case No. 74 199 00223 04 NOCA
FINAL AWARD – Page 10

American Arbitration Association
*Dispute Resolution Services Worldwide*

6795 North Palm Ave, 2nd Floor
Fresno, CA 93704

| STMT DATE | AMOUNT DUE |
|-----------|------------|
| 08/07/2006 | - 3.00 |

| CASE# |
|-------|
| 74-199-00222-04 02 NOCA-R |

## INVOICE/STATEMENT

Payment Due Upon Receipt

Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose CA 95113

Representing Paul Korolov dba Wide Band RF Comp.,
Re: Elliot Viches/IVEX Pacific Group, Inc.

Please Detach and Return with Payment to the Above Address          Please Indicate Case No. on check

American Arbitration Association
*Dispute Resolution Services Worldwide*

6795 North Palm Ave, 2nd Floor
Fresno, CA 93704

JMB    Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose CA 95113

Representing Paul Korolov dba Wide Band RF Comp.,
Re: Elliot Viches/IVEX Pacific Group, Inc.

CONFIDENTIAL

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|-----------|-------|------------------|-----------------|-------------|-------------------|
| /07/2005 | 74-199-00223-04 02 NOCA-R | | 44405.50- | 44402.50 | - 3.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|------|------|-------------|--------|---------|---------|
| /18/2004 | 8851484 | Your share of the arbitrator compensation deposit covering 1 day of Hearing | 475.00 | | |
| /05/2004 | 1104 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 475.00 - | |
| /20/2004 | 8873110 | Administrative Fee for Counterclaim | 1500.00 | | |
| /03/2004 | 3848 | Payment recvd from : CRD/PAUL KOROLOV/VI | | 1500.00 - | |
| /03/2004 | 8861293 | Your share of the arbitrator compensation deposit covering 4 hours of Preliminary Matters | 900.00 | | |
| /18/2004 | 1061 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 900.00 - | |
| /21/2004 | 8892711 | Case Service Fee | 750.00 | | |
| /30/2004 | 1131 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 750.00 - | |
| /30/2004 | 1131 | Resd., Chk# 000001131 | 350.00 | | |
| /16/2004 | 1153 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 350.00 - | |
| /19/2004 | 8941878 | Your share of the arbitrator compensation deposit covering 24 hours of Preliminary Matters | 4800.00 | | |
| /05/2004 | 1142 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 4800.00 - | |

Remarks:  For any inquiry please call: 559-490-1896
This is a full statement showing all financial activity on this case.

NOTE: THIS IS A CREDIT BALANCE

- 3.00

Please Indicate Case No. on Check

| INVOICE SUMMARY: | NET BILLED | NET PAID | NET DUE |
|------------------|-----------|----------|---------|
| INITIAL/COUNTER-CLAIM FEES | 4000.00 | 4000.00 | 0.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 0.00 | 0.00 | 0.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 25472.50 | 25475.50 | 3.00- EIN: 13-0429745 |

### Important Notice for California Consumers

Pursuant to section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit the AAA's Affidavit for Waiver of fees. Please contact AAA's Western Case Management Center if you have any questions.

R-1918

#2

| STMT DATE | AMOUNT DUE |
|---|---|
| 08/07/2006 | - 3.00 |

| CASE# |
|---|
| 74-199-00223-04 02 NOCA-R |

Payment Due Upon Receipt

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

6795 North Palm Ave, 2nd Floor
Fresno, CA 93704

## *INVOICE/STATEMENT*

Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose CA 95113

Representing Paul Korolov dba Wide Band RF Comp.,
Re: Elliot Viches/IVEX Pacific Group, Inc.

---

Please Detach and Return with Payment to the Above Address          Please Indicate Case No. on check

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

6795 North Palm Ave, 2nd Floor
Fresno, CA 93704

JMB    Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose CA 95113

Representing Paul Korolov dba Wide Band RF Comp.,
Re: Elliot Viches/IVEX Pacific Group, Inc.

| TMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| /07/2006 | 74-199-00223-04 02 NOCA-R | 0.00 | 44405.50- | 44402.50 | - 3.00 |

| DATE | ITEM# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| /19/2004 | 8941687 | Your share of the arbitrator compensation deposit covering 2 days of Hearing | | | |
| /05/2004 | 1142 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 200.00 - | |
| /16/2004 | 1163 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 3800.00 - | |
| /19/2004 | 8941689 | Your share of the arbitrator compensation deposit covering 8 hours of Study | 1600.00 | | |
| /16/2004 | 1163 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 1600.00 - | |
| /19/2004 | 8941691 | Your share of the arbitrator expense deposit | 50.00 | | |
| /16/2004 | 1153 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 50.00 - | |
| /25/2004 | 8974687 | Your share of the arbitrator compensation deposit covering 25 hours of Preliminary Matters | 5000.00 | | |
| /16/2004 | 1153 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 5000.00 - | |
| /27/2004 | 8976279 | Fee for increased Counter Claim | 1250.00 | | |
| /02/2004 | 2223 | Payment recvd from : CRD/PAUL KOROLOV/VI | | 1250.00 - | |

emarks:  For any inquiry please call: 559-490-1698
This is a full statement showing all financial activity on this case.

NOTE:THIS IS A CREDIT BALANCE

- 3.00

Please indicate Case No. on check

| INVOICE SUMMARY: | NET BILLED | NET PAID | NET DUE |
|---|---|---|---|
| INITIAL/COUNTER-CLAIM FEES | 4000.00 | 4000.00 | 0.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 0.00 | 0.00 | 0.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 25472.50 | 25475.50 | 3.00- |

EIN: 19-0429745

**Important Notice for California Consumers**

Pursuant to section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. If a fee applies to all consumer arbitrations subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit the AAA's Affidavit for Waiver of fees. Please contact AAA's Western Case Management Center if you have any questions.

R-1919

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

8795 North Palm Ave, 2nd Floor
Fresno, CA 93704

| STMT DATE | AMOUNT DUE |
| --- | --- |
| 08/07/2008 | - 3.00 |

| CASE# |
| --- |
| 74-199-00223-04 02 NOCA-R |

Payment Due Upon Receipt

## *INVOICE/STATEMENT*

Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose CA 95113

Representing Paul Korolov dba Wide Band RF Comp.,
Re: Elliot Viches/IVEX Pacific Group, Inc.

---

Please Detach and Return with Payment to the Above Address          Please Indicate Case No. on check

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

8795 North Palm Ave, 2nd Floor
Fresno, CA 93704

JMB          Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose CA 95113

Representing Paul Korolov dba Wide Band RF Comp.,
Re: Elliot Viches/IVEX Pacific Group, Inc.

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
| --- | --- | --- | --- | --- | --- |
| /07/2008 | 74-199-00223-04 02 NOCA-R | 0.00 | 44405.50- | 44402.50 | - 3.00 |

| DATE | ITEM | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
| --- | --- | --- | --- | --- | --- |
| /27/2004 | 8976280 | Fee for Increased Case Service Fee | 500.00 | | |
| /02/2004 | 2223 | Payment recvd from : CRD/PAUL KOROLOV/VI | | 500.00 - | |
| /22/2004 | 8989960 | Your share of the arbitrator compensation deposit covering 5 hours of Hearing | | | |
| /16/2004 | 1163 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 1000.00 - | |
| /22/2004 | 8989982 | Your share of the arbitrator compensation deposit covering 2 hours of Study | 400.00 | | |
| /16/2004 | 1163 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 400.00 - | |
| /18/2005 | 9064161 | Your Share of the Neutral Compensation Deposit covering 1 day of Hearing | 1600.00 | | |
| /15/2005 | 2000 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 1600.00 - | |
| /18/2005 | 9064163 | Your Share of the Neutral Compensation Deposit covering 4 hours of Study | 800.00 | | |
| /30/2004 | 1131 | Payment recvd from : Resll., Chk# 000000 | | 950.00 - | |
| /15/2005 | 2000 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 450.00 - | |

Remarks: For any inquiry please call: 559-490-1698
This is a full statement showing all financial activity on this case.

NOTE: THIS IS A CREDIT BALANCE

- 3.00

Please Indicate Case No. on check

| INVOICE SUMMARY: | NET BILLED | NET PAID | NET DUE |
| --- | --- | --- | --- |
| INITIAL/COUNTER-CLAIM FEES | 4000.00 | 4000.00 | 0.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 0.00 | 0.00 | 0.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 25472.50 | 25475.50 | 3.00-  EIN: 13-0429745 |

**Important Notice for California Consumers**

Pursuant to section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit the AAA's Affidavit for Waiver of fees. Please contact AAA's Western Case Management Center if you have any questions.

R-1920

American Arbitration Association
Dispute Resolution Services Worldwide

8795 North Palm Ave, 2nd Floor
Fresno, CA 93704

| STMT DATE | AMOUNT DUE |
|---|---|
| 08/07/2006 | - 3.00 |

| CASE# |
|---|
| 74-199-00223-04.02 NOCA-R |

## INVOICE/STATEMENT

Payment Due Upon Receipt

Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose CA 95113

Representing Paul Korolov dba Wide Band RF Comp.,
Re: Elliot Viches/IVEX Pacific Group, Inc.

Please Detach and Return with Payment to the Above Address    Please Indicate Case No. on check

American Arbitration Association
Dispute Resolution Services Worldwide

8795 North Palm Ave, 2nd Floor
Fresno, CA 93704

JMB    Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose CA 95113

Representing Paul Korolov dba Wide Band RF Comp.,
Re: Elliot Viches/IVEX Pacific Group, Inc.

| TMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| /07/2006 | 74-199-00223-04.02 NOCA-R | 0.00 | 44405.50- | 44402.50 | - 3.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| /20/2005 | 9094363 | Administrative Fee for Counterclaim | 2750.00 | | |
| /20/2005 | | Cancellation : Billed in Error | | 2750.00 - | |
| /28/2005 | 9112903 | Your Share of the Neutral Compensation Deposit covering 18.5 hours of Preliminary Matters | | | |
| /18/2005 | | Cancellation : Deposit Amount Not Needed | | 3415.00 - | |
| /12/2005 | 1258 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 3700.00 - | |
| /18/2006 | | Refund : Refund arb comp and hrng room deposits/ldg | 3415.00 | | |
| /28/2005 | 9112906 | Your share of the arbitrator expense deposit | 150.00 | | |
| /12/2005 | 1258 | Payment recvd from : PAUL KOROLOV AND NATALIYA DARAGAN | | 150.00 - | |
| /06/2005 | 9130353 | Your Share of the Neutral Compensation Deposit covering 12 hours of Preliminary Matters | 2400.00 | | |
| /18/2006 | | Cancellation : Deposit Amount Not Needed | | 2400.00 - | |
| /30/2005 | 1257 | Payment recvd from : PAUL KOROLOV NATALIYA DARAGAN | | 2400.00 - | |
| /18/2006 | | Refund : Refund arb comp and hrng room deposits/ldg | 2400.00 | | |
| /03/2005 | 9144372 | Rental Fee for AAA Hearing Room | 100.00 | | |

emarks:    For any inquiry please call: 559-490-1896
This is a full statement showing all financial activity on this case.

NOTE: THIS IS A CREDIT BALANCE

- 3.00

Please Indicate Case No. on check

| /VOICE SUMMARY: | NET BILLED | NET PAID | NET DUE |
|---|---|---|---|
| INITIAL/COUNTER-CLAIM FEES | 4000.00 | 4000.00 | 0.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 0.00 | 0.00 | 0.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 25472.50 | 25475.50 | 3.00- EIN: 13-0429745 |

**Important Notice for California Consumers**
suant to section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. s law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit the AAA's Affidavit for Waiver of s. Please contact AAA's Western Case Management Center if you have any questions.

R-1921

#5

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

6795 North Palm Ave, 2nd Floor
Fresno, CA 93704

| STMT DATE | AMOUNT DUE |
|---|---|
| 08/07/2006 | - 3.00 |

| CASE# |
|---|
| 74-199-00223-04 02 NOCA-R |

Payment Due Upon Receipt

## INVOICE/STATEMENT

Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose CA 95113

Representing Paul Korolov dba Wide Band RF Comp.,
Re: Elliot Viches/IVEX Pacific Group, Inc.

Please Detach and Return with Payment to the Above Address    Please Indicate Case No. on check

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

6795 North Palm Ave, 2nd Floor
Fresno, CA 93704

NAME    Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose CA 95113

Representing Paul Korolov dba Wide Band RF Comp.,
Re: Elliot Viches/IVEX Pacific Group, Inc.

| ITMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| /07/2006 | 74-199-00223-04 02 NOCA-R | 0.00 | 44405.50- | 44402.50 | - 3.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| /18/2005 | | Cancellation : Deposit Amount Not Needed / idg | | | 100.00 - |
| /19/2005 | 104937 | Payment recvd from : ROPERS, MAJESKI, KOHN & BENTLEY | | | 100.00 - |
| /18/2006 | | Refund : Refund arb comp and hrng room deposits/idg | 100.00 | | |
| /14/2006 | 9284396 | Your Share of the Neutral Compensation Deposit covering 8 hours of Preliminary Matters | | | 1600.00 - |
| /28/2006 | VQCA0A0E59D0 | Payment recvd from : Korolov Paul | | | |
| /14/2006 | 9284401 | Your Share of the Neutral Compensation Deposit covering 8 hours of Hearing | 1600.00 | | 1600.00 - |
| /28/2006 | VQCA0A0E59D0 | Payment recvd from : Korolov Paul. | | | |
| /14/2006 | 9284405 | Your Share of the Neutral Compensation Deposit covering 7 hours of Study | 1400.00 | | 1400.00 - |
| /28/2006 | VQCA0A0E59D0 | Payment recvd from : Korolov Paul | | | |
| /14/2006 | 9284410 | Your Share of the Neutral Compensation Deposit covering 2.5 hours of Travel | 500.00 | | 500.00 - |
| /28/2006 | VQCA0A0E59D0 | Payment recvd from : Korolov Paul | | | |
| /14/2006 | 9284419 | Expenses for Non AAA Facilities | 62.50 | | 62.50 - |
| /28/2006 | VQCA0A0E59D0 | Payment recvd from : Korolov Paul | | | |

CONFIDENTIAL

Remarks:  For any inquiry please call: 559-490-1896
This is a full statement showing all financial activity on this case.

NOTE:THIS IS A CREDIT BALANCE

- 3.00
Please Indicate Case No. on check

| INVOICE SUMMARY: | NET BILLED | NET PAID | NET DUE |
|---|---|---|---|
| INITIAL/COUNTER-CLAIM FEES | 4000.00 | 4000.00 | 0.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 0.00 | 0.00 | 0.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 25472.50 | 25475.50 | 3.00- |

EIN: 13-0429745

**Important Notice for California Consumers**

rsuant to section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit the AAA's Affidavit for Waiver of es. Please contact AAA's Western Case Management Center if you have any questions.

R-1922

American Arbitration Association
*Dispute Resolution Services Worldwide*

5795 North Palm Ave, 2nd Floor
Fresno, CA 93704

| STMT DATE | AMOUNT DUE |
|---|---|
| 08/07/2006 | - 3.00 |

| CASE# |
|---|
| 74-199-00223-04 02 NOCA-R |

Payment Due Upon Receipt

## INVOICE/STATEMENT

Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose CA 95113

Representing Paul Korolov dba Wide Band RF Comp.,
Re: Eliot Viches/IVEX Pacific Group, Inc.

---

Please Detach and Return with Payment to the Above Address          Please Indicate Case No. on check

American Arbitration Association
*Dispute Resolution Services Worldwide*

5795 North Palm Ave, 2nd Floor
Fresno, CA 93704

ME      Gregory M. Gentile
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose CA 95113

Representing Paul Korolov dba Wide Band RF Comp.,
Re: Eliot Viches/IVEX Pacific Group, Inc.

| TMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| '07/2006 | 74-199-00223-04 02 NOCA-R | 0.00 | 44405.50- | 44402.50 | - 3.00 |

| DATE | ITEM | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| '14/2006 | 9284421 | Your share of the arbitrator expense deposit | 50.00 | | |
| 28/2006 | VQCA0A0E59D0 | Payment recvd from : Korolov Paul | | 53.00 - | |
| | | | | | 3.00- |

**CONFIDENTIAL**

emarks:  For any inquiry please call: 559-490-1896
This is a full statement showing all financial activity on this case.

**NOTE:THIS IS A CREDIT BALANCE**

- 3.00

Please indicate Case No. on check

| IVOICE SUMMARY: | NET BILLED | NET PAID | NET DUE |
|---|---|---|---|
| INITIAL/COUNTER-CLAIM FEES | 4000.00 | 4000.00 | 0.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 0.00 | 0.00 | 0.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 25472.50 | 25475.50 | 3.00-  EIN: 13-0429745 |

**Important Notice for California Consumers**
Pursuant to section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit the AAA's Affidavit for Waiver of fees. Please contact AAA's Western Case Management Center if you have any questions.

R-1923

# AMERICAN ARBITRATION ASSOCIATION

### Commercial Arbitration Tribunal

In the Matter of the Arbitration between:

Re:    74 199 00223 04 NOCA

        Elliot Viches/IVEX Pacific Group, Inc.
          *Claimants*
          **vs.**
        Paul Korolov, dba Wideband RF Components, PK Technology and Decade Technologies
        (www.decadetech.com)

        *Respondents*

## DISPOSITION FOR APPLICATION OF CORRECTION OF AWARD

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated January 25, 2006, and a Final Award dated November 22, 2006, and Claimant having filed an application for correction dated November 28, 2006, and Respondent having responded by letter dated December 7, 2006, do hereby, DECIDE, as follows:

In his email dated December 12, 2006, Mr. Viches questions whether the term "claimant" that appears several times on page 10 of my Final Award should be in the singular, or plural.  This will advise that all instances of the word "claimant" that appear on page 10 of the Final Award should be "claimants".

In his first email of November 28th (from 10.03 a.m.), Mr. Viches raises several technical questions about the calculations that underlie the award.  Those in paragraph 4(b) of that email are better resolved by the parties and the Association, as they have the documents in question.  As to the suggestion that I erroneously calculated the amounts of attorneys' fees claimed by Korolov from July 2004 to January 2005 as $67,957.15, rather than $66,506.15, Mr. Viches is correct.  I mistakenly included in my calculation the amount claimed for the month following, February 2005.  However, as Mr. Gentile points out in the fourth paragraph of his letter dated December 7th, this miscalculation is completely immaterial to the ultimate conclusion stated in the Final Award, because this difference does not change the conclusion that the total amount of compensatory damages to be awarded to respondent in these proceedings is $300,000.

I hereby request the Association to correct the term "claimant" on page 10 of the Final Award to read "claimants" in each instance where it appears, and to correct the figure on page 8, line 9 to read $66,506.15.

In all other respects my Final Award dated November 22, 2006, is reaffirmed and remains in full force and effect.

_____        DATE: _12-29-06_
Charles R. Ragan, Esq.

**Subject:** Re: FedEx re: Amended Request ERRATA
**From:** ivex <ivex@comcast.net>
**Date:** Fri, 13 Oct 2006 11:51:21 -0700
**To:** norma Cantu <CantuN@adr.org>
**CC:** "Gentile, Gregory M." <GGentile@Ropers.com>
**X-Mozilla-Status:** 0001
**X-Mozilla-Status2:** 00800000
**Message-ID:** <452FE029.4020106@comcast.net>
**Disposition-Notification-To:** ivex <ivex@comcast.net>
**User-Agent:** Thunderbird 1.5.0.7 (Windows/20060909)
**MIME-Version:** 1.0
**References:** <452E676B.4090104@comcast.net>
**In-Reply-To:** <452E676B.4090104@comcast.net>
**Content-Type:** multipart/mixed; boundary="------------010303010209040604090700"

Dear Ms.Cantu and Mr.Gentile, Please find a file named EV REQUEST TO DISQUALIFY
-LINKS rev 1.doc containing some minor changes in pink color, e.g fixed typos and
minor corrections of some errors found. It replaces the file named EV REQUEST TO
DISQUALIFY -LINKS.doc on the CD and sent yesterday by email, which can still be
used to access the Exhibits by hyperlinks. Very truly yours, Elliot Viches.

ivex wrote:
> Dear Ms.Cantu,
>
> 1. I did FedEx the Moving Papers re:Amended Request over to AAA and Ropers
> yesterday without those missing three exhibits that I have requested from AAA a
> few days ago.
>
> 2. Please find attached the following documents:
>
> (a) EV MS Doc re Request.zip -File containing MS Doc Pleadings re: Request with
> Hyperlinks to the Exhibits (Note that due to the large value of the Exhibits
> they were sent by FedEx on the CD along with these files)
>
> (b) EV PDF re Request.zip - The PDF file containing the same as above without
> Hyperlinks.
>
> (c) EV Exhibits re Request.jpg -Graphic JPG file which depicts a list of all
> the Exhibits sent by FedEx burned on the CD
>
> (e) EV Brief and Decl re Request.jpg -Graphic JPG file which depicts a list of
> all the Moving Papers re: Request in different format sent by FedEx burned on
> the CD
>
> (f) Self-explanatory INSTRUCTIONS.doc file.
>
> 3. Please note that the following Exhibits are missing, which I recently
> requested from AAA:
>
> (i) Exhibit 16- Mr.Gentile's December 24, 2004 email objecting to USPA tender
> of full performance and Closing Papers.
>
> (ii) Exhibit 28- Mr.Ragan correspondence between May and June 2005 suggesting
> to me to represent IVEX in Pro Per instead of finding a new counsel.
>
> (iii) Exhibit 19- AAA Notice dated 11/15/04 denying Korolov's request for $300K
> increase. This document has to be added to the existing Exhibit 19.
>
> Please send them as soon as you get a chance.
>
> Should you have any questions or concerns as to the above please let me know.
>
> Very truly yours, Elliot Viches

```
PS:
8588 6406 8903  is AirBill  www.fedex.com/us/ to track the letter sent to AAA
8588 6406 8614  is AiiBill  www.fedex.com/us/ to track the letter sent to
Ropers
```

**EV REQUEST TO DISQUALIFY -LINKS rev 1.doc**

**Content-Type:**      application/msword
**Content-Encoding:** base64

these relevant facts in the Interim Ruling. Moreover, Mr.Ragan has refused to make the Closing Papers as a part of the Interim Award, as it was contemplated by the stipulated AAA Order No.2 Par. 3. Execution of Closing Papers would have triggered an actual performance of many tenders, pursuant to the MSA. Since, a premature tender is ineffective, as a matter of law, as stated herein above, the Claimants didn't breach the MSA, submitted the USPA tender of full performance as required by LAW before the Interim Award was issued and before anticipated Closing Papers were executed or prepared by Mr.Ragan pursuant to the parties stipulation and the aforesaid AAA order.

Thus, Mr.Ragan wasn't able and/or refused to perform his duties with diligence and in good faith, subjecting himself to disqualification under AAA Rule R-17(2)(ii).

### (d) Award of Attorney's Fees and Costs Is Outside of Arbitrator's Authority

Another fact that the Arbitrator has exceeded his authority was the fact of considering an award of the attorney's fees [**Exh. 17**] neither available by law[5], nor contemplated by the MSA. By making the request for attorney's fees and costs to be awarded as it may be required by the law, the Claimants also excluded the first option of the AAA Rule R-43(d)(ii) allowing the Arbitrator to award the attorneys' fees if both parties have requested it without any conditions.

The pivotal question a court must answer when deciding whether an arbitrator exceeded his powers is whether the arbitrator had *the authority to rule on a particular issue under the terms of the controlling arbitration agreement.* (Creative Plastering, Inc. v. Hedley Builders, Inc., supra, 19 Cal.App.4th at p. 1666; Southern Cal. Rapid Transit Dist. v United Transportation Union (1992) 5 Cal.App.4th 416, 422 [6 Cal.Rptr.2d 804]; cf. DiRussa v. Dean Witter Reynolds, Inc. (2d Cir. 1997) 121 F.3d 818, 824.)

The Arbitrator exceeded his power as that concept is interpreted in DiMarco v. Chaney (1995) 31 Cal.App.4th 1809 [37 Cal.Rptr.2d 558]. Absent agreement by the parties for an award of attorney fees, an arbitrator has no power (at least under state rules) to award attorney fees in arbitration proceedings. I.e., each party must bear his or her own fees and expenses and share the costs of the arbitration. [CCP § 1284.2; Thompson v. Jespersen (1990) 222 CA3d 964, 967-968, 272 CR 132, 133- 134; Agreement may limit arbitrator's discretion: Whether an arbitrator has discretion to award or deny fees depends upon the attorney fees agreement. Where it provides that fees 'shall' be awarded to the prevailing party, the arbitrator has no discretion to do otherwise (assuming the arbitrator does in fact determine that one party is the prevailing party). An award

---

[5] The Claimants request for attorney's fees was to the extent it may be allowed by law. See Claimants Amended Claim

1    denying fees in such cases exceeds the arbitrator's powers. [DiMarco v. Chaney (1995) 31 CA4th
2    1809, 1816, 37 CR2d 558, 561--but it is error for trial court to substitute its judgment as to
     amount of fees.
3
          Here, the MSA signed by the Parties is clear:
4         "2. Each side to bear its own costs and attorney's fees."
5         Furthermore, pursuant to Paragraph 7 of the MSA, Mr.Ragan has authority to decide
     only disputes '*as to the terms*' of the MSA itself, not all the disputes.
6
          Thus, Mr.Ragan has no jurisdiction or authority to authorize an award of attorney's fees
7    and costs, as a matter of law, because the terms of the MSA are controlling here. The MSA has
8    to be re-written in order to allow for any attorney's fees and costs be awarded to the prevailing
     party, which is not the case in the existing MSA. Besides, the IVEX's request for attorney's fees
9    in the amended demand for arbitration was to the extent "it may be allowed by law". See
10   Paragraph 5 on Page 1 of the [**Exh. 18**] Also, since Viches is representing himself in Pro Per, no
11   attorney fees can be recovered in Pro Per, as a matter of law. Moreover, had Claimants known
     about Korolov's $300K counterclaim increase before the liability stage of Phase 1, they would
12   have considered requesting a panel of three arbitrators, beefed-up their defenses, increased their
13   own claim to $1mil and removed the attorney fee demand to the extent allowed by law clause.
14   AAA admitted a mistake re:$300K Counterclaim after the fact or after the Interim Award was
     already issued. [**Exh. 19**] Both Mr.Ragan and AAA have refused to grant Claimants' consequent
15   request for a panel of three arbitrators after the issues of potential bias and manifest disregard of
16   law and error of facts have been brought up by the Claimants and panel of three arbitrators
17   requested.

18        **III.    Refusal To Hear Relevant Evidence**

19        (i)    Mr.Ragan has refused to hear relevant evidence, e.g. related to Korolov's
20               marketing efforts on his alter ego website www.decadetech.com related to the
                 Programmable Filter technology in violation of the court's order and while
21               declaring the MSA voided. Also, Mr.Ragan has refused to hear any evidence
22               related to the third party entity Decade Technologies after Korolov has objected
23               with regards to the same. The question one may ask is: how can it be established
                 now, as to how much did Korolov sell or make profit by using his marketing
24               channels, if no evidence was allowed? [**Exh 8**] [Decl. Viches ¶2]
25        (ii)   Surprisingly, Mr.Ragan has just recently allowed for introduction into evidence
26               Korolov's self-serving Marketing/Expert Witness Report (the "Report") made on
                 behalf of Decade Technologies, Inc. a Nevada Corporation, which is/was not a
27               party to this arbitration. [Decl. Viches ¶3] Mr.Ragan has rejected outright an
28               introduction into evidence in Phase 1 anything related to the same entity and
                 Korolov's marketing efforts and documents.

(iii)    Consequently, Mr.Ragan also didn't allow the requested by Claimant continuance of the Phase 2 hearing in order to adequately prepare Claimant's rebuttal witness report and/or expert witness with regards to the subject Report. [**Exh. 20**] [Decl. Viches ¶4] As a result, many technical questions have remained unanswered, e.g. whether or not the subject filters would have fit in the new market fields described by Korolov? Or, how much efforts, time and money would have been necessary to 'completely redesign' the subject filters, as Korolov himself said he would do in the secret letter to Guzik? Or how exactly Korolov planned to compete with Guzik without his technical support and permission to integrate the subject filters with Guzik's equipment? Or what effect Korolov's actions related to torturous interference with IVEX's business relationship with regards to the subject filters did on the subject market or on the subject market spoilage? How up-to-date the subject technology is? How much the subject technology is different from the public domain abandoned KMY filter technology? What effect the Korolov's disclosure of the subject filter trade secrets to a competitor Guzik did do to the value of the subject technology? How Korolov would have made any profits while maintaining his Director full-time position at Fidelica, Inc. Etc. We would never know without the rebuttal expert witness evidence, report and expert witness testimony.

(iv)    Korolov's Report contains/based upon speculative data in violation of Paragraph 5 of the AAA order dated July 2, 2005. [**Exh. 21**] Furthermore, in order to be recoverable, damages must be established with reasonable certainty. (Rest.2d §352; Cal.Civ.Code §3301.) In other words, damages which are speculative, remote, imaginary, contingent, or merely possible cannot be recovered. (McDonald v. John P. Scripps Newspaper (1989) 210 CA3d 100, 104.). Korolov's Expert Witness/Marketing Report is primarily based upon speculative damages. As for the Guzik's Market, Korolov failed to establish that Guzik would have bought and/or supported his filters. As evidence showed, officially, Guzik has accused Korolov of misappropriating its technology, including filter circuitry. The evidence also showed that Guzik's permission was necessary in order to use any third party filters with its equipment. Also, the evidence showed that Korolov has disclosed the trade secrets related to the subject technology to Guzik. [Decl. Viches ¶5] Thus, it is Claimant's position that he was deprived from fair hearing with regards to this Report by not affording an opportunity to rebuttal it and/or to conduct a discovery with regards to Korolov's actual marketing and sales efforts in 2004;

(v)    Mr.Ragan didn't allow the key witnesses testimony re: Claimants' IP assignment pursuant to the MSA during January 22, 2004 ex-parte, where Ropers counsel

Mr.Gentile didn't show up and gave a false account of his whereabouts. This *ex-parte* was related to the important US Patent Application tender, which Korolov refused to accept and which is subject to the purported breach of contract  See Paragraph 4 of [**Exh. 22**] [Decl. Viches ¶6];

(vi)    Mr.Ragan didn't allow during the Phase 2 hearing any examination by the Claimant related to the Korolov's use of a lock-picking device on IVEX's premises. Mr.Ragan also didn't allow a testimony of Police Officer Mr.Reese who interviewed Korolov after his break-in with a lock-picking device stealing the subject inventory [Korolov is rejecting now the fact of breaking-in, but is seeking damages equal, in part, to the amount of stolen by him property]. [**Exh. 23**] Moreover, the same officer was involved in subsequent reviews of the stolen inventory reported by Mr.Viches in 2001 to the police and to the Court. Korolov has failed to establish as to which parts were stolen after they were returned by him pursuant to the August 2001 Judge Elfving Order or subject to the MSA to the extent they are in possession, custody or control of the Claimants. Moreover, Korolov, who has committed criminal acts, is now claiming damages equal to the 6-year old value of the subject inventory, most of which he stole. [Decl. Viches ¶7] It is Claimant's position that he shall not be responsible for the Korolov's misdeeds or be liable for the stolen inventory, particularly after Korolov has refused to execute the Closing Papers required by the MSA, as the condition for the subject inventory transfer.

(vii)   Korolov failed to establish the amount of the actual inventory on hand in the possession of the Claimants, subject to the MSA during the discovery process. [Decl. Viches ¶8]. Thus, it is Claimant's position that award of any purported damages based upon stolen inventory  would be highly prejudicial to Claimant and against public policy;

(viii)  Mr.Ragan has rejected many other Claimants' discovery requests related to Korolov's purported damages, value of the IPs, refusal to let Claimant Viches to adequately cross-examine Korolov during the Phase 1 regarding his position that all communication with the Claimants should be done in front of a judge or mediator only. Also, Mr.Viches was not provided an adequate time to cross-examine Mr.Korolov during the Phase 1. Transc 12/09/04 Page 473-476 [**Exh. 11**] [Decl. Viches ¶9]

(ix)    At the end of the 20-minute phone conference on June 7, 2006, Mr.Ragan, among other things, summarized the parties' stipulation re: Court reporter during the Phase 2 hearing and 50/50 sharing of the transcript's cost between the parties. However, he didn't include this fact in the consequent June 14, 2006 Order issued after the said conference. [**Exh. 24**] [Decl. Viches ¶10]

(x)    Moreover, Mr.Ragan has refused to allow tape recording of the Phase 2 hearing requested by the Claimant to avoid bias, after the Respondent refused to share the cost of the reporter. See Paragraph 9 of [**Exh. 25**] [Decl. Viches ¶11]

(xi)    It is Claimant's position that during the Phase 2 hearing, Mr.Ragan didn't let Mr.Viches to adequately cross-examine Mr.Korolov, by interrupting the procedure after only a few questions were asked. Contrarily, Mr.Ragan allowed for examination of Respondent Mr.Korolov by his counsel Mr.Gentile on different subjects, including on the Expert Witness Report for almost forty five minutes [on one subject along] uninterrupted. [Decl. Viches ¶12]

(xii)    Mr.Ragan also didn't allow for impeachment of Korolov during the Phase 2 hearing and didn't stop Mr.Gentile's constant talking over during the Mr.Viches' testimony. It is also important to note that Mr.Gentile has dropped yet another "bomb" at the Phase 2 hearing. He has requested certain electronically produced documents be also printed out by Claimant. Mr.Ragan has denied Mr.Gentile's request. Moreover, on August 28, 2006, Claimant sent Mr.Gentile email [**Exh. 26**] stating, among other things, that there is another Folder named "Misc" which contains other exhibits Claimants intents to use at the hearing. Particularly, the Claimant wrote as follows: "After reviewing your letter dated Aug 25 sent to Mr.Ragan, it appears from your statement that you only have 36 files on the CD. This is not the case. I hereby attach a copy of the replica of the CD sent to you and Mr.Ragan. As you can see, in addition to 36 files/Exhibits mentioned in your email, it contains additional files in the Misc folder. Total 104 files and one folder named Misc. The size of the CD should be circa 117Kb total. Please let me know immediately if it doesn't comport with your understanding." Despite the foregoing fact, Mr.Gentile has complained to Mr.Ragan at the hearing that he received too many electronic files, not printed ones and that the Claimant cannot use any of them, unless they were printed out. Mr.Ragan acted swiftly and reprimanded Claimant for not having the subject files printed out, despite the fact that Mr.Gentile has failed to raise this issue regarding the Misc Folder before the hearing after he was being warned of the subject files. This shows how deceptive and unfair the Phase 2 hearing was towards Claimant, which disrupted the attention away from the real issues and prevented from performing his tasks in the absence of any recording. [Decl. Viches ¶13]

## IV.    Evident Bias

Sometimes (not always) Mr.Ragan has acted with evident bias against Claimants, particularly against Viches, who represents himself in Pro Per. The actual facts were as follows:

(i) Mr.Ragan has stated in his Order that Viches' rights in Phase 2 shall be diminished and the IVEX's counsel shall do all the 'leg work' at the Phase 2 hearing or the words to that effect,

ignoring the fact that Viches is an independent party See Paragraph 6 of **[Exh 27]** [Decl. Viches ¶14];

   (ii) Mr.Ragan has refused to allow IVEX to afford adequate time to find a new counsel in 2005, and suggested to Viches to represent the Corporation in violation of law [**Exh 28**] [Decl. Viches ¶15];

   (iii) Mr.Ragan has disclosed some of the confidential medical conditions of Viches without his prior authorization in the AAA Order See Paragraph 11 of **[Exh 29]** [Decl. Viches ¶16];

   (iv) Mr.Ragan has refused to correct the Interim Award after the Claimants' motions to vacate were submitted, therefore, manifestly disregarding the laws and facts. **[Exh 30]** [Decl. Viches ¶17];

   (v) Mr.Ragan did not investigate Mr.Gentile's conduct[6] on January 22, 2004 **[Exh 31]** and not properly factored in the Respondent Korolov 'text book' material breach of the MSA after its unilateral repudiation, while finding Claimants liable for breach of contract, the fact that was not allowed by the MSA, supported by evidence, law, and not pleaded in the Korolov's June 18, 2004 counterclaim. The evidence unequivocally showed that Mr.Gentile didn't show up at the ex-parte hearing to receive the subject USPA tender and gave false account about his whereabouts. Contrarily to Mr.Gentile's explanation, he simply could not have possibly missed at 8:30am and 8:45am the signup sheet entry, where Viches' name was written first before 8:30am as time stamp shows. Mr.Ragan, however, who worked at that time for Pillsbury or for a company who represented Ropers and who didn't disclose the fact of his professional participation on June 7, 2004 in the event hosted by Ropers, did not consider this important fact of evading the responsibility and rejection of tender, while providing a false statement, as critical in the underlying case. Moreover, Korolov has refused to receive the actual assignment of the USPA on a number of occasions, beside at the ex-parte on January 22, 2004. These facts were also ignored by Mr.Ragan [Decl. Viches ¶18];

   (vi) Mr.Ragan has denied the Claimants' request for a panel of three arbitrators after the questions of bias and manifest disregard of law and error of facts were bubbled up and after the AAA has made a mistake by failing to timely inform of $300K counterclaim increase by Korolov before the liability Phase 1 has begun **[Exh 32]**. Mr.Ragan has allowed to increase Korolov's cross-claim amount to $300K. [Decl. Viches ¶19] It is Claimant's position that had he known about the approval of the $300K amount before the Phase 1 has begun, he would have

---

[6] Beside the disclosed fact that the former company Mr.Ragan worked for, Pillsbury has represented Ropers and Majeski firm www.ropers.com where Mr.Gintile works, Mr.Ragan's new firm RDRW www.rdrw.com he co-founded in 2005 does work with large law firms like Ropers in providing different legal and technical services, including 'E-Discovery Workshops for Corporate and Law Firm Clients' http://www.rdrw.com/practices/education.cfm and the arbitration services exclusively by Mr.Ragan. http://www.rdrw.com/practices/special.cfm

also asked, among other things, for an increase of the amount of his Claim to $1Mil in order to seek a panel of three arbitrators to minimize any risks of losing the case;

(xiii)    Mr.Ragan has refused to allow a request for a continuance of the Phase 2 hearing to afford the opportunity to prepare a rebuttal Expert Witness Report or expert witness re: Korolov's Expert Witness Report, while allowing for Korolov's testimony and subject Report into evidence. As such, Mr.Ragan decided not to reveal his decision regarding the Claimant's objections to documents, including objections to the Korolov's Expert Witness Report until the hearing on August 30, 2006, which prevented from adequate rebuttal, including expert witness report and rebuttal expert witness participation. See Paragraph 4 of **[Exh 33]** [Decl. Viches ¶20];

(xiv)    Mr.Ragan didn't reply to the Claimant's request regarding Mr.Ragan's status as a material and/or expert witness in the Bankruptcy case introduced by the Respondent's side in violation of the law. Particularly, Ropers firm identified Mr.Ragan as a witness in the unrelated Bankruptcy case, involving the parties. See Page 2 and related Responses Nos. 8 and 23 of **[Exh 34]** [Decl. Viches ¶21];

(xv)    Mr.Ragan hasn't reflected the parties stipulation re: court reporter in Phase 2 and 50/50 cost split and consequently disallowed free tape recording of the Phase 2 proceeding requested by Claimant **[Exh. 25]** [Decl. Viches ¶11];

(xvi)    Mr.Ragan has conducted the Phase 2 proceeding with evident bias by interrupting the Claimant's direct examination and cross-examination of Respondent Mr.Korolov as a witness and/or as an expert witness [Decl. Viches ¶22].

(xvii)    Mr.Ragan has refused to apply the law principals in his rulings, as the parties and Mr.Ragan have stipulated in Paragraph 3 of the AAA Order No. 1. Had this fact been known before Phase 1, the Claimants would have requested a panel of 3 or taken other appropriate actions, including different arbitration strategy. See Paragraph 7 of **[Exh. 14]** [Decl. Viches ¶23]

The aforementioned actual facts show some elements of an evident bias and subjecting Mr.Ragan to disqualification pursuant to applicable laws and statutes, as well as pursuant to the AAA rule R-17(a)(i).

## V.    CONCLUSION

Based upon new facts, points and authorities set forth herein and in the Claimants' respective motions to vacate the Interim Award submitted to AAA in early 2005 (attached herewith as **[Exh 35]** and **[Exh 36]** respectively), it is respectfully requested:

(a) Self-disqualification of Mr.Ragan pursuant to CCP §1281.91(d) and CCP §170.1; *or*

(b) Disqualification of Mr.Ragan before the final award has been rendered pursuant to the AAA Rule R-17(b);

(c) Vacatur of the Interim Award rendered on January 25, 2005;

(d) Alternatively, to select a new arbitrator or allow for a panel of three (3) arbitrators pursuant to AAA Rules R-11(c), R-15 and/or L-2 to decide the submitted issues to avoid bias, errors of facts, exceeding of power and manifest disregard of laws, or enforcement of the MSA by resolving the outstanding disputes as to the terms of the agreement or pursuant to its Paragraph 7 and execution of the Closing Papers, so that the parties can afford the opportunity to finalize their settlement without a need for any further legal actions like appeal, etc. The panel may also decide the issues already submitted without new hearing pursuant to the AAA Rule R-19(c). This request is also made due to the fact that the Claimants' rights were severely prejudiced resulting in consequent bankruptcy in 2005, when the AAA has failed to timely inform of the Respondents' counterclaim increase to $300K before the liability Phase 1 has begun in November of 2004. AAA has actually informed the parties of the Korolov's $300K counterclaim amount rejection due to the non-payment of required fees. Particularly, it is Claimant's position that because of that he was underrepresented during the Phase 1, didn't prepare adequate defenses, retained a lawyer to represent himself, timely increased his and IVEX's Claim to $1Mil, so that the panel of three would have been appointed pursuant to the AAA Rule L-2 before the Phase 1 hearings, didn't remove the request for attorney's fees to the extent allowed by law, didn't adequately conduct his case, etc. It is not too late to fix the numerous significant problems set forth herein before the final award has been issued by allowing for a panel of three arbitrators or other alternative remedies.

Dated: October 4, 2006            Respectfully submitted


By:_____ /s/ Elliot Viches _____
                **Elliot Viches**
            Claimant in *Pro Per*

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Western Case Management Center*
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

November 21, 2006

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

**VIA FACSIMILE**

Elliot Viches
IVEX Pacific Group, Inc.
1143 Stoneylake Ct.
Sunnyvale, CA 94089

Gregory M. Gentile, Esq.
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose, CA 95113

Re: 74 199 00223 04 NOCA
    Elliot Viches/IVEX Pacific Group, Inc.
    VS
    Paul Korolov dba Wide Band RF Comp.,
    PK Technology and Decade Technologies
    (www.decadetech.com)

Dear Parties:

The arbitrator has issued the following:

> "I have received from the AAA a volume of correspondence, principally from claimants, seeking that I disqualify myself from serving as an arbitrator in this case. I was appointed arbitrator in June 2004, while I was with Pillsbury Winthrop LLP. Since then, I have held hearings on four days, reviewed several hundred submissions of the parties, and have rendered more than a score of rulings, orders and awards on substantive and procedural issues.
>
> The essence of the current application to disqualify is that claimants say I should have disclosed in my pre-appointment disclosure statement, that, in June 2004, I participated, along with two other experienced American Arbitration Association ("AAA") arbitrators, in a public Continuing Legal Education panel co-sponsored by the ADR, Employment and Business Litigation Sections of the San Mateo Bar Association and the AAA. The event was held at the offices of Ropers, Majeski, Kohn, Bentley, LLP, and was one of a series sponsored by the AAA on the topic "Avoiding the 10 Worst Mistakes Attorneys Make at Arbitration."
>
> I have reviewed the voluminous materials from the parties on these issues supplied to me by the AAA. These include:
>
> ➢ An email from claimants dated November 10, 2006
> ➢ Four emails from claimants dated November 14, 2006
> ➢ Three emails from claimants dated November 16, 2006
> ➢ Email from claimant dated November 17, 2006
> ➢ Letter from respondent's counsel dated November 17, 2006
>
> Some of these correspondence are redundant, containing repeated strings of email. I have, however, reviewed and comprehended their entire substance.

What claimants overlook, however, is that in all the rules, regulations and laws on arbitrator disclosure, there is some element of reasonable materiality, as there must be. Were that not the case, no professional with 30 years experience would likely survive the creative arguments of talented counsel and advocates. That element of materiality is embodied in the materials cited by claimants. For example, claimants cite to the AAA's website. The central tenet concerning disclosure is there stated:

> Q. Are arbitrators obligated to make disclosures?
>
> A. Arbitrators must disclose <u>any relationship between themselves and a party representative, or a witness.</u> The AAA's rules require that neutral arbitrators be impartial, and that the parties have confidence in their impartiality. The rules require every neutral arbitrator "to disclose to the AAA any <u>circumstances likely to affect his or her impartiality, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives.</u>" This is also dealt with in detail in the AAA's Code of Ethics for Commercial Arbitrators. Viewed November 20, 2006 at http://www.adr.org/sp.asp?id=22024 (emphasis added).

(Claimants refer to the AAA website, but not this particular Q&A.) Claimants also quote from California Code of Civil Procedure section 1281.9(a)(6) to the effect that "the proposed neutral arbitrator shall disclose all matters that could cause a person aware of the facts to reasonably entertain a doubt that the proposed neutral arbitrator would be able to be impartial, including all of the following: (6) Any professional ...... relationship the proposed neutral arbitrator......has or has had with any party to the arbitration proceeding or lawyer for a party." (Emphasis added.)

Claimants also cite two cases. One of them (*Ovitz v Schulman*, 35 Cal. Rptr. 3d 117 (Cal. App. 2005)) speaks to procedural issues that are not pertinent to the instant question. The other (*Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 436 F.3d 495 (5th Cir. 2006)) is more apt, but in my view does not support claimants' request. In *Positive Solutions*, the appellate court affirmed the trial court's vacating of an award, but the underlying relationship that had not been disclosed by the arbitrator was that the arbitrator had "'served as co-counsel with [the wining party's] counsel over a period of years in significant [patent] litigation,' and that the prior relationship 'might create a reasonable impression of possible bias.'" *Id.*, at 497. Moreover, the court held that "any reasonable lawyer selecting a sole arbitrator for the arbitration would have wanted to know that the arbitrator chosen had a prior association with opposing counsel, given the contentious nature of the dispute between the parties and <u>the duration and importance of the prior litigation with which both arbitrator and opposing counsel were associated.</u>" *Id.*, at 498 (emphases added). Based on the several-year relationship in patent litigation representing Intel Corporation between the arbitrator and counsel for one of the parties, the court found the arbitrator had a disclosure duty, but stated that "an arbitrator to be selected by the parties *need not disclose relationships that are trivial.*" *Id.*, at 503 (emphasis added).

When I participated on the AAA CLE panel in June 2004, I did so as a public service, to help inform those who chose to pay $10 to attend about the differences between arbitration and court-based litigation. The program had been advertised (and the notice for it is readily available on the Internet through a simple Google search for "Ragan + Ropers Majeski", and presumably has been so published throughout the long duration of this arbitration). *See* http://www.smcba.org/docs/heresay/archive/2004/0504heresay.pdf, p. 2, viewed November 20, 2006. The venue for the panel was chosen by the sponsors, apparently as a convenience because the AAA did not have an office in San Mateo County, the AAA wanted to have a panel in that

county, no courthouse facility was available (as I believe was mentioned to me in passing). The actual location for the panel presentation was of no significance to me. I went where the AAA told me to go.

My visit to the Ropers Majeski office in San Mateo for purposes of the panel (which, as I understand it, is *not* the office where San Jose-based Mr. Gentile in fact works) lasted no more than two hours. In that limited time, I did not form *any relationship* with any party or its counsel (including the firm of Ropers Majeski) -- not a professional relationship, not a financial relationship and not even a trivial relationship. Nor do I believe that my participation in that panel at that site would cause a person aware of the facts to *reasonably* entertain a doubt that I would be able to be impartial. In short, I was not in June 2004 and am not now of the opinion that the panel appearance was a circumstance that needed to be disclosed in my disclosure statement. If that opinion were wrong, the logical result would be that a potential arbitrator would have to disclose every instance where he or she had visited the offices of a law firm that was appearing as counsel in the arbitration for any meeting regardless of the length or purpose of the meeting (*e.g.*, for depositions, or meetings on court committees, or bar associations, or CLE presentations). Given that such instances may occur every day (if not multiple times a day) for experienced members of the bar who are sought to serve as arbitrators, it would not only be impossible for the candidates to recall or recite each such instance but it would be virtually impossible for arbitrator candidates to survive such a test. Further, the exercise would not serve any purpose as the "relationships" established with such office visits, if any, are at most trivial and, under *Positive Software*, need not be disclosed.

For all the foregoing reasons, I therefore reject claimants' request that I disqualify myself as an arbitrator."

Please call should you have a question.

Sincerely,

/s/
Norma Cantu
Case Manager
559-490-1896
cantun@adr.org

*Supervisor Information: Lupe Gonzalez-Baca, 559 650 8019, Gonzalezl@adr.org*

cc:    Charles R. Ragan, Esq.



**American Arbitration Association**

*Dispute Resolution Services Worldwide*

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
http://www.adr.org

# FAX

| | |
|---|---|
| DATE | 08/18/2006 6:17:11 PM |
| TO | Elliot Viches |
| COMPANY | IVEX Pacific Group, Inc. |
| ADDRESS | 408-273-6595 |
| FROM | Norma Cantu |
| NUMBER OF PAGES | 2 (Including cover page) |
| RE | Case number: 74 199 00223 04 |
| RECIPIENTS | Charles R. Ragan; Elliot Viches; Gregory M. Gentile |

NOTES:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO
WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL,
PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE
INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE
INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF
THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE
NOTIFY US IMMEDIATELY BY TELEPHONE (COLLECT) AND RETURN THE ORIGINAL
FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Western Case Management Center*
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

August 18, 2006

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

**VIA FACSIMILE**

Elliot Viches
IVEX Pacific Group, Inc.
1143 Stoneylake Ct.
Sunnyvale, CA 94089

Gregory M. Gentile, Esq.
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose, CA 95113

Re: 74 199 00223 04 NOCA
    Elliot Viches/IVEX Pacific Group, Inc.
    VS
    Paul Korolov dba Wide Band RF Comp.,
    PK Technology and Decade Technologies
    (www.decadetech.com)

Dear Parties:

Pursuant to the agreement of the parties and the arbitrator, the hearing scheduled for August 22, 2006, was postponed and rescheduled for **Wednesday, August 30, 2006, at 9:30 a.m. at the San Jose Executive Center, 95 S. Market Street, Suite 300, San Jose, CA 95113.**

- Parties are to exchange any briefs and exhibits they intend to use at the Phase 2 hearing no later than August 23, 2006.

- Pre-hearing briefs and exhibits are to be delivered to the arbitrator's San Francisco office no later than noon on **August 24, 2006.**

Please call should you have a question.

Sincerely,

/s/
Norma Cantu
Case Manager
559-490-1896
cantun@adr.org

*Supervisor Information: Lupe Gonzalez-Baca, 559 650 8019, Gonzalezl@adr.org*

cc:    Charles R. Ragan, Esq.

PreAct

# U.S. Bankruptcy Court
# Northern District of California (San Jose)
# Bankruptcy Petition #: 05-59344
### Internal Use Only

*Assigned to:* Judge Arthur S. Weissbrodt
Chapter 13
Voluntary
Asset

*Date Filed:* 10/16/2005

*Debtor*
**Elliot A. Viches**
1143 Stonylake Court
Sunnyvale, CA 94089
SSN: 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
*dba*
**Ivex Group**
*dba*
**Ivex Pacific Group**
*dba*
**Magtest International**

represented by **Elliot A. Viches**
PRO SE

**Fred S. Hjelmeset**
Law Offices of Stephen Benda
750 Menlo Ave. #350
Menlo Park, CA 94025
(650) 323-6600
Email: fred@bendalaw.com
*TERMINATED: 04/04/2006*

**Stephen Benda**
(See above for address)
*TERMINATED: 04/04/2006*

*Trustee*
**Devin Derham-Burk**
P.O. Box 50013
San Jose, CA 95150-0013
(408) 354-4413

represented by **Eva Alexandra Delateur**
Office of the Chapter 13
Trustee
P.O. Box 50013
San Jose, CA 95150
(408) 354-5513
Email: ctdocs@ch13sj.com

*U.S. Trustee*
**Office of the U.S. Trustee / SJ**
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004
( )

UNITED STATES BANKRUPTCY COURT
Northern District of California
I certify that this is a true, correct and full copy
of the original document on file in my custody.
Dated 3/12/08
by _____
Deputy Clerk

| Filing Date | # | Docket Text |
| --- | --- | --- |

| 10/16/2005 | ●1 | Chapter 13 Voluntary Petition. Fee Amount $ 194 filed by Stephen Benda on behalf of Elliot A. Viches . (Benda, Stephen) (Entered: 10/16/2005) |
| 10/16/2005 | | Receipt of filing fee for Chapter 13 Voluntary Petition - case upload(05-59344) [caseupld,1305u] ( 194.00). Receipt number 2740023, amount $ 194.00 (U.S. Treasury) (Entered: 10/16/2005) |
| 10/16/2005 | ●2 | Statement of Social Security Number. Filed by Debtor Elliot A. Viches (Benda, Stephen) (Entered: 10/16/2005) |
| 10/16/2005 | ●3 | Chapter 13 Plan Filed by Debtor Elliot A. Viches. (Benda, Stephen) (Entered: 10/16/2005) |
| 10/16/2005 | ●4 | Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys Filed by Debtor Elliot A. Viches (Benda, Stephen) (Entered: 10/16/2005) |
| 10/28/2005 | ●5 | Amended Schedules H Filed by Debtor Elliot A. Viches (Benda, Stephen) (Entered: 10/28/2005) |
| 10/28/2005 | ●6 | Amended Schedules F. Fee Amount $26. Filed by Debtor Elliot A. Viches (Benda, Stephen) (Entered: 10/28/2005) |
| 10/28/2005 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)(05-59344) [misc,amdsch] ( 26.00). Receipt number 2793135, amount $ 26.00 (U.S. Treasury) (Entered: 10/28/2005) |
| 10/28/2005 | ●7 | Amended Statement of Financial Affairs Filed by Debtor Elliot A. Viches (Benda, Stephen) (Entered: 10/28/2005) |
| 10/28/2005 | ●8 | Declaration of Elliot Viches in in support of of *Amended Schedules F & H and Amended Statement of Financial Affairs* (RE: related document(s)5 Amended Schedules (A, B, C, H, I and J - No Fee Required), 6 Amended Schedules (D, E, and F - Fee Required), 7 Statement of Financial Affairs). Filed by Debtor Elliot A. Viches (Benda, Stephen) (Entered: 10/28/2005) |
| 11/01/2005 | ●9 | Meeting of Creditors with Certificate of Service. 341(a) meeting to be held on 12/05/2005 at 11:30 AM San Jose Room 130 Proofs of Claims due by 03/06/2006 Last day to object to confirmation is 12/05/2005 Confirmation hearing to be held on 12/12/2005 at 02:00 PM San Jose Courtroom 3099 - Weissbrodt; if objection filed, Prehearing Conference will be 02/13/2006 at 02:00PM in San Jose Courtroom 3099 - Weissbrodt (Derham-Burk, Devin (harbor)) (Entered: 11/01/2005) |
| 11/08/2005 | ●10 | Objection to Confirmation of Plan Filed by Creditor DCFS Trust (Attachments: # 1 Exhibit # 2 Certificate of Service) (Goodrich, David) (Entered: 11/08/2005) |

| | | |
|---|---|---|
| 11/08/2005 | ●11 | Request for Notice Filed by Creditor DCFS Trust (Attachments: # 1 Certificate of Service) (Goodrich, David) (Entered: 11/08/2005) |
| 11/10/2005 | ●12 | Request for Notice Filed by Creditor HomEq Servicing Corporation (Clark, Gene) (Entered: 11/10/2005) |
| 12/02/2005 | ●13 | Objection to Confirmation of Plan Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Exhibit A-B# 2 Certificate of Service) (Rao, David) (Entered: 12/02/2005) |
| 12/02/2005 | ●14 | Objection to Confirmation of Plan *with Certificate of Service* Filed by Trustee Devin Derham-Burk (Derham-Burk, Devin (harbor)) (Entered: 12/02/2005) |
| 12/02/2005 | ●15 | Objection to Debtor's Claim of Exemptions *with Certificate of Service* Filed by Trustee Devin Derham-Burk (Derham-Burk, Devin (harbor)) (Entered: 12/02/2005) |
| 12/05/2005 | ●16 | Objection to Confirmation of Plan With Certificate of Service Filed by Creditor Paul Korolov (cvc, ) (Entered: 12/07/2005) |
| 12/05/2005 | ●17 | Joinder of Paul Korolov To (RE: related document(s)13 Objection to Confirmation of the Plan) With Certificate of Plan. Filed by Creditor Paul Korolov (cvc, ) (Entered: 12/07/2005) |
| 12/06/2005 | ● | 341 Meeting of Creditors Held Section 341 Meeting of Creditors held on 12/5/2005. Tape Number: Tr #26. Notes: Sp Appr August Bullock; Debtor; Gary Rudnick/cr IRS; Concluded; PHC. (Derham-Burk, Devin) (Entered: 12/06/2005) |
| 12/13/2005 | ●18 | Motion *to Determine Propriety of Representation* Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Declaration # 2 Exhibit A-C to Declaration) (Rao, David) (Entered: 12/13/2005) |
| 12/13/2005 | ●19 | Motion to Expedite Hearing (RE: related document(s)18 Motion Miscellaneous Relief filed by Creditor Guzik Technical Enterprises, Inc.). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Declaration) (Rao, David) (Entered: 12/13/2005) |
| 12/14/2005 | ●23 | Order Granting Motion Expedite Hearing (Related Doc # 19) Hearing scheduled for 1/9/2006 at 02:00 PM at San Jose Courtroom 3099 - Weissbrodt. (cvc, ) (Entered: 12/16/2005) |
| 12/15/2005 | ●20 | Notice of Hearing (RE: related document(s)18 Motion *to Determine Propriety of Representation* Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Declaration # (2) Exhibit A-C to |

Declaration) (Rao, David)). Hearing scheduled for 1/9/2006 at 02:00 PM at San Jose Courtroom 3099 - Weissbrodt. Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Certificate of Service) (Rao, David) (Entered: 12/15/2005)

| | | |
|---|---|---|
| 12/15/2005 | ●21 | Certificate of Service (RE: related document(s)18 Motion Miscellaneous Relief). (Rao, David) (Entered: 12/15/2005) |
| 12/15/2005 | ●22 | Certificate of Service (RE: related document(s)19 Motion to Expedite Hearing). (Rao, David) (Entered: 12/15/2005) |
| 12/16/2005 | ●24 | Request for Notice Filed by Creditor HSBC Mortgage Services (Clark, Gene) (Entered: 12/16/2005) |
| 12/18/2005 | ●25 | BNC Certificate of Mailing - Electronic Order (RE: related document(s)23 Order on Motion to Expedite Hearing). Service Date 12/18/2005. (Admin.) (Entered: 12/18/2005) |
| 12/21/2005 | ●26 | Statement of Non-Opposition *to Motion to Determine Propriety of Representation* (RE: related document(s)18 Motion Miscellaneous Relief). Filed by Debtor Elliot A. Viches (Attachments: # 1 Certificate of Service) (Hjelmeset, Fred) (Entered: 12/21/2005) |
| 01/09/2006 | ●28 | Hearing Held (RE: related document(s)18 Motion *to Determine Propriety of Representation* Filed by Creditor Guzik Technical Enterprises, Inc. (tb, )GRANTED. (Entered: 01/10/2006) |
| 01/10/2006 | ●27 | Certificate of Service *of [proposed] Order Granting Motion to Determine Propriety of Representation* (RE: related document(s)18 Motion Miscellaneous Relief). (Rao, David) (Entered: 01/10/2006) |
| 01/18/2006 | ●29 | Order Granting Motion To Determine Propriety of Representation(Related Doc # 18) (cvc, ) (Entered: 01/20/2006) |
| 01/30/2006 | ●30 | Pre-Hearing Statement (RE: related document(s)10 Objection to Confirmation of the Plan). Filed by Creditor DCFS Trust (Attachments: # 1 Certificate of Service) (Goodrich, David) (Entered: 01/30/2006) |
| 01/30/2006 | ●31 | Pre-Hearing Statement Filed by Debtor Elliot A. Viches (Attachments: # 1 Certificate of Service) (Hjelmeset, Fred) (Entered: 01/30/2006) |
| 02/01/2006 | ●32 | First Amended Chapter 13 Plan Filed by Debtor Elliot A. Viches. (Attachments: # 1 Certificate of Service)(Hjelmeset, Fred) (Entered: 02/01/2006) |

| 02/01/2006 | ●33 | Amended Schedules B and C Filed by Debtor Elliot A. Viches (Attachments: # 1 Schedule # 2 Declaration # 3 Certificate of Service) (Hjelmeset, Fred) (Entered: 02/01/2006) |
|---|---|---|
| 02/03/2006 | ●34 | Withdrawal of Documents (RE: related document(s)10 Objection to Confirmation of the Plan). Filed by Creditor DCFS Trust (Attachments: # 1 Certificate of Service) (Kim, John) (Entered: 02/03/2006) |
| 02/06/2006 | | Documents terminated- Objection to Confirmation of Plan . (cvc, ) (Entered: 02/06/2006) |
| 02/13/2006 | ● | Hearing Continued (RE: related document(s)32 First Amended Chapter 13 Plan Filed by Debtor Elliot A. Viches. Confirmation hearing to be held on 4/10/2006 at 2:00 PM San Jose Courtroom 3099 - Weissbrodt for 9, (tb, ) (Entered: 02/14/2006) |
| 02/14/2006 | | Receipt of Relief from Stay Filing Fee. Amount 150.00 from Ropers, Majeski, Et Al. Receipt Number 50063711. (tp) (Entered: 02/14/2006) |
| 02/14/2006 | ●35 | Motion for Relief from Stay RS #06-002, Fee Amount $150,; Memorandum of Points and Authorities ; Declaration of Gregory M. Gentile . Filed by Creditor Paul Korolov (cvc, ) (Entered: 02/16/2006) |
| 02/14/2006 | ●36 | Notice of Hearing (RE: related document(s)35 Motion for Relief from Stay RS #06-002, Fee Amount $150,; Memorandum of Points and Authorities ; Declaration of Gregory M. Gentile . Filed by Creditor Paul Korolov (cvc, )). Hearing scheduled for 3/15/2006 at 10:30 AM at San Jose Courtroom 3099 - Weissbrodt. Filed by Debtor Elliot A. Viches (cvc, ) (Entered: 02/16/2006) |
| 02/14/2006 | ●37 | Memorandum of Points and Authorities in Support of (RE: related document(s)35 Motion for Relief From Stay). Filed by Creditor Paul Korolov (cvc, ) (Entered: 02/16/2006) |
| 02/14/2006 | ●38 | Declaration of Gregory M. Gentile in Support of (RE: related document(s)35 Motion for Relief From Stay). Filed by Creditor Paul Korolov (cvc, ) (Entered: 02/16/2006) |
| 02/14/2006 | ●39 | Certificate of Service (RE: related document(s)35 Motion for Relief From Stay). Filed by Creditor Paul Korolov (cvc, ) (Entered: 02/16/2006) |
| 02/17/2006 | ●40 | Motion to Sell *Property of the Estate* Filed by Debtor Elliot A. Viches (Attachments: # 1 Certificate of Service) (Hjelmeset, Fred) (Entered: 02/17/2006) |
| 02/17/2006 | ●41 | Notice of Hearing *re Motion to Sell Property of the Estate* (RE: related |

document(s)40 Motion to Sell *Property of the Estate* Filed by Debtor Elliot A. Viches (Attachments: # 1 Certificate of Service) (Hjelmeset, Fred)). Hearing scheduled for 3/13/2006 at 02:00 PM at San Jose Courtroom 3099 - Weissbrodt. Filed by Debtor Elliot A. Viches (Attachments: # 1 Certificate of Service) (Hjelmeset, Fred) (Entered: 02/17/2006)

| 02/17/2006 | 📎42 | Declaration of Debtor Elliot A. Viches in in support of (RE: related document(s)40 Motion to Sell). Filed by Debtor Elliot A. Viches (Attachments: # 1 Certificate of Service Proof of Service) (Benda, Stephen) (Entered: 02/17/2006) |
| --- | --- | --- |
| 02/17/2006 | 📎43 | Exhibit *to Debtor Elliot A. Viches' Declaration in Support of Motion to Sell* (RE: related document(s)40 Motion to Sell). Filed by Debtor Elliot A. Viches (Attachments: # 1 Exhibit Exhibit A Part II# 2 Exhibit Exhibit A Part III# 3 Exhibit Exhibit A Part IV# 4 Exhibit Exhibit V# 5 Exhibit Exhibit VI# 6 Exhibit Exhibit B# 7 Exhibit Exhibit C# 8 Exhibit Exhibit D# 9 Exhibit Exhibit E) (Benda, Stephen) (Entered: 02/17/2006) |
| 02/27/2006 | 📎44 | Objection *to debtor's motion for order authorizing sale of property of the estate with Certificate of Service* (RE: related document(s)40 Motion to Sell). Filed by Trustee Devin Derham-Burk (Derham-Burk, Devin (me)) (Entered: 02/27/2006) |
| 03/03/2006 | 📎47 | Relief From Stay Cover Sheet (RE: related document(s)35 Motion for Relief From Stay). Filed by Creditor Paul Korolov (srm, ) (Entered: 03/08/2006) |
| 03/07/2006 | 📎45 | Stipulation, regarding Inspection of Property of the Estate Filed by Creditor Guzik Technical Enterprises, Inc., Debtor Elliot A. Viches. (Attachments: # 1 Certificate of Service) (Rome-Banks, Julie) (Entered: 03/07/2006) |
| 03/07/2006 | 📎46 | Objection *(Conditional Objection to Debtor's Motion for Order Authorizing Sale of Property of the Estate)* (RE: related document(s)40 Motion to Sell). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Certificate of Service) (Rao, David) (Entered: 03/07/2006) |
| 03/08/2006 | 📎48 | Objection *to Proof of Claim Filed by Paul Korolov and Notice of Opportunity for Hearing* Filed by Debtor Elliot A. Viches (Attachments: # 1 Certificate of Service) (Hjelmeset, Fred) ERROR: INCORRECT EVENT SELECTED (SHOULD HAVE USED OBJECTION TO CLAIM LOCATED UNDER CLAIM ACTIONS CATEGORY). FOR INFORMATIONAL PURPOSES ONLY. Modified on 3/9/2006 (jd, ). (Entered: 03/08/2006) |

| 03/08/2006 | 49 | Exhibit *to Debtor's Objection to Proof of Claim Filed by Paul Korolov* (RE: related document(s)48 Objection). Filed by Debtor Elliot A. Viches (Attachments: # 1 Exhibit # 2 Exhibit) (Hjelmeset, Fred) (Entered: 03/08/2006) |
| --- | --- | --- |
| 03/08/2006 | 50 | Joinder (RE: related document(s)46 Objection, ) With Proof of Service. Filed by Creditor Paul Korolov (srm, ) (Entered: 03/09/2006) |
| 03/08/2006 | 51 | Order (RE: related document(s)45 Stipulation for Miscellaneous Relief filed by Debtor Elliot A. Viches, Creditor Guzik Technical Enterprises, Inc.). (srm, ) (Entered: 03/09/2006) |
| 03/09/2006 | | **ERROR** (RE: related document(s)48 Objection, ). (jd, )INCORRECT EVENT SELECTED (SHOULD HAVE USED OBJECTION TO CLAIM LOCATED UNDER CLAIM ACTIONS CATEGORY). FOR INFORMATIONAL PURPOSES ONLY. (Entered: 03/09/2006) |
| 03/09/2006 | 52 | Brief/Memorandum in Opposition to *Paul Korolov's Motion for Relief from Stay* (RE: related document(s)35 Motion for Relief From Stay). Filed by Debtor Elliot A. Viches (Attachments: # 1 Declaration # 2 Exhibit # 3 Certificate of Service) (Hjelmeset, Fred) (Entered: 03/09/2006) |
| 03/09/2006 | 53 | Stipulation, Production of Tax Returns and Entry of Protective Order Filed by Creditors Guzik Technical Enterprises, Inc., Paul Korolov, Debtor Elliot A. Viches. (Attachments: # 1 Certificate of Service) (Rome-Banks, Julie) (Entered: 03/09/2006) |
| 03/11/2006 | 54 | BNC Certificate of Mailing (RE: related document(s)51 Order). Service Date 03/11/2006. (Admin.) (Entered: 03/11/2006) |
| 03/13/2006 | | Hearing Continued (RE: related document(s)40 Motion to Sell *Property of the Estate* Filed by Debtor Elliot A. Viches. Hearing to be held on 3/20/2006 at 3:45 PM San Jose Courtroom 3099 - Weissbrodt for 40, Mr Findley to fax a statement to chambers re Guzik's position by 10:00 AM on 3/20/06. (tb, ) (Entered: 03/16/2006) |
| 03/14/2006 | 55 | Protective Order Regarding Production of And Use of Tax Returns And Permitting Filing of Documents Under Seal (RE: related document(s)53 Stipulation for Miscellaneous Relief filed by Debtor Elliot A. Viches, Creditor Guzik Technical Enterprises, Inc., Creditor Paul Korolov). (er, ) (Entered: 03/15/2006) |
| 03/15/2006 | 56 | Hearing Held (RE: related document(s)35 Motion for Relief from Stay RS #06-002, Fee Amount $150,; Memorandum of Points and Authorities ; Declaration of Gregory M. Gentile . Filed by Creditor Paul Korolov (cvc, |

|  |  |  |
|---|---|---|
|  |  | )). (tb, )Granted in the sense that it goes back to arbitration. (Entered: 03/15/2006) |
| 03/16/2006 | ●57 | Supplemental Declaration of Debtor in support of *Motion to Sell Property of the Estate* (RE: related document(s)40 Motion to Sell). Filed by Debtor Elliot A. Viches (Attachments: # 1 Main Document # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Certificate of Service) (Hjelmeset, Fred) (Entered: 03/16/2006) |
| 03/17/2006 | ●58 | Objection (RE: related document(s)40 Motion to Sell). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Declaration) (Finley, Steven) (Entered: 03/17/2006) |
| 03/17/2006 | ●59 | BNC Certificate of Mailing (RE: related document(s)55 Order, ). Service Date 03/17/2006. (Admin.) (Entered: 03/17/2006) |
| 03/20/2006 | ● | Hearing Continued (RE: related document(s)40 Motion to Sell *Property of the Estate* Filed by Debtor Elliot A. Viches. Hearing to be held on 4/10/2006 at 2:00 PM San Jose Courtroom 3099 - Weissbrodt for 40, (tb, ) (Entered: 03/21/2006) |
| 03/21/2006 | ●60 | Objection to Claim *(Claimant: Natalia V. Gunina, Claim #10)* Filed by Creditor Guzik Technical Enterprises, Inc.. (Attachments: # 1 Certificate of Service)(Rao, David) (Entered: 03/21/2006) |
| 03/21/2006 | ●61 | Amended Objection to Confirmation of Plan *with Certificate of Service* Filed by Trustee Devin Derham-Burk (Derham-Burk, Devin (harbor)) (Entered: 03/21/2006) |
| 03/27/2006 | ●62 | Pre-Hearing Statement Filed by Debtor Elliot A. Viches (Attachments: # 1 Certificate of Service) (Hjelmeset, Fred) (Entered: 03/27/2006) |
| 03/29/2006 | ●63 | Objection and Response to (RE: related document(s)48 Objection, ). Filed by Creditor Paul Korolov (srm, ) With Proof of Service. (Entered: 03/29/2006) |
| 03/29/2006 | ●65 | Order NOT SIGNED (RE: related document(s)40 Motion to Sell filed by Debtor Elliot A. Viches). (srm, ) (Entered: 03/31/2006) |
| 03/29/2006 | ●66 | Order Granting Motion for Relief From Stay (Related Doc # 35) (srm, ) (Entered: 03/31/2006) |
| 03/30/2006 | ●64 | Pre-Hearing Statement (RE: related document(s)13 Objection to Confirmation of the Plan). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Certificate of Service) (Rao, David) (Entered: 03/30/2006) |

| 03/31/2006 | ●67 | Amended Objection to Confirmation of Plan Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Certificate of Service) (Rao, David) (Entered: 03/31/2006) |
| 04/02/2006 | ●68 | BNC Certificate of Mailing (RE: related document(s)65 Order). Service Date 04/02/2006. (Admin.) (Entered: 04/02/2006) |
| 04/04/2006 | ●69 | Substitution of Attorney. Attorney Stephen Benda and Fred S. Hjelmeset terminated. In Pro Per added to the case. Filed by Debtor Elliot A. Viches (Attachments: # 1 Certificate of Service # 2 Appendix) (Hjelmeset, Fred) (Entered: 04/04/2006) |
| 04/07/2006 | ●70 | Response and Objection to (RE: related document(s)58 Objection). Filed by Debtor Elliot A. Viches (Attachments: # 1 Declaration) (srm, ) (Entered: 04/07/2006) |
| 04/07/2006 | ●71 | Declaration of David B. Rao in Support of (RE: related document(s)58 Objection). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Exhibit A to Declaration of David B. Rao# 2 Certificate of Service) (Rao, David) (Entered: 04/07/2006) |
| 04/07/2006 | ●73 | Joinder (RE: related document(s)67 Objection to Confirmation of the Plan). Filed by Creditor Paul Korolov (srm, ) (Entered: 04/10/2006) |
| 04/10/2006 | ●72 | Supplemental Pre-Hearing Statement (RE: related document(s)61 Objection to Confirmation of the Plan). Filed by Debtor Elliot A. Viches (srm, ) (Entered: 04/10/2006) |
| 04/10/2006 | ● | Hearing Continued (RE: related document(s)32 First Amended Chapter 13 Plan Filed by Debtor Elliot A. Viches. Confirmation hearing to be held on 6/5/2006 at 2:00 PM San Jose Courtroom 3099 - Weissbrodt for 9, (tb, ) (Entered: 04/13/2006) |
| 04/10/2006 | ● | Hearing Continued (RE: related document(s)40 Motion to Sell *Property of the Estate* Filed by Debtor Elliot A. Viches (Attachments: # (1) Certificate of Service) (Hjelmeset, Fred)). Hearing to be held on 6/5/2006 at 2:00 PM San Jose Courtroom 3099 - Weissbrodt for 40, (tb, ) (Entered: 04/13/2006) |
| 05/30/2006 | ●76 | Debtor's Notice of Withdrawal of Motion (RE: related document(s)40 Motion to Sell). Filed by Debtor Elliot A. Viches (srm, ) (Entered: 06/02/2006) |
| 06/01/2006 | ●74 | Stipulation to Continue Hearing *(Pre-Hearing Conference)* Filed by Creditor Guzik Technical Enterprises, Inc., Debtor Elliot A. Viches (RE: related document(s) Hearing Continued/Rescheduled (BK)). (Rao, David) (Entered: 06/01/2006) |

| 06/02/2006 | 🔵75 | Order To Continue Hearing (RE: related document(s)74 Stipulation to Continue Hearing filed by Debtor Elliot A. Viches, Creditor Guzik Technical Enterprises, Inc., 32 Amended Chapter 13 Plan filed by Debtor Elliot A. Viches, 9 Meeting of Creditors Chapter 13/12, ). Confirmation hearing to be held on 9/11/2006 at 2:00 PM San Jose Courtroom 3099 - Weissbrodt for 9, (srm, ) (Entered: 06/02/2006) |
| 06/02/2006 | 🔵77 | Certificate of Service (RE: related document(s)75 Order to Continued Hearing, ). (Rao, David) (Entered: 06/02/2006) |
| 06/04/2006 | 🔵78 | BNC Certificate of Mailing (RE: related document(s)75 Order to Continued Hearing, ). Service Date 06/04/2006. (Admin.) (Entered: 06/04/2006) |
| 08/31/2006 | 🔵79 | Stipulation to Continue Hearing *(Pre-Hearing Conference)* Filed by Creditor Guzik Technical Enterprises, Inc., Debtor Elliot A. Viches (RE: related document(s)75 Order to Continued Hearing, ). (Attachments: # 1 Certificate of Service) (Rao, David) (Entered: 08/31/2006) |
| 09/07/2006 | 🔵80 | Order (RE: related document(s)79 Stipulation to Continue Hearing, filed by Debtor Elliot A. Viches, Creditor Guzik Technical Enterprises, Inc.). (be, ) (Entered: 09/08/2006) |
| 09/10/2006 | 🔵81 | BNC Certificate of Mailing (RE: related document(s)80 Order). Service Date 09/10/2006. (Admin.) (Entered: 09/10/2006) |
| 09/11/2006 | 🔵 | Hearing Continued (RE: related document(s)32 First Amended Chapter 13 Plan Filed by Debtor Elliot A. Viches. Confirmation hearing to be held on 11/6/2006 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 9, (tb, ) (Entered: 09/11/2006) |
| 10/30/2006 | 🔵82 | Pre-Hearing Statement (RE: related document(s)13 Objection to Confirmation of the Plan). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Exhibit A to Pre-Hearing Statement# 2 Certificate of Service) (Rao, David) (Entered: 10/30/2006) |
| 10/31/2006 | 🔵83 | Pre-Hearing Statement (RE: related document(s)16 Objection to Confirmation of the Plan, 67 Objection to Confirmation of the Plan, 61 Objection to Confirmation of the Plan). Filed by Debtor Elliot A. Viches (be, ) (Entered: 11/01/2006) |
| 11/06/2006 | 🔵 | Hearing Continued (RE: related document(s)32 First Amended Chapter 13 Plan Filed by Debtor Elliot A. Viches. Confirmation hearing to be held on 2/12/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 9. The objection by Guzik Technical Enterprises, Inc. is set for a pre-trial conference on 2/12/07 at 2:00 PM also, discovery complete by 1/12/07, |

|  |  | parties to file a joint statement by 2/1/07 with time estimates for a timed trial, debtor is to amend his schedules within 30 days and file an objection to Guzik's claim within two weeks. (tb, ) (Entered: 11/16/2006) |
|---|---|---|
| 11/16/2006 | ●84 | Transcript, Date of Hearing: Nov. 6, 2006 *continued hearing on objection to plan confirmation.* (Palmer, Susan) (Entered: 11/16/2006) |
| 11/16/2006 | ●85 | Order for Pre-Trial Conference (RE: related document(s)67 Objection to Confirmation of the Plan filed by Creditor Guzik Technical Enterprises, Inc.). Pretrial Conference set for 2/12/2007 at 02:00 PM at San Jose Courtroom 3020 - Weissbrodt. (be, ) (Entered: 11/17/2006) |
| 11/19/2006 | ●86 | BNC Certificate of Mailing (RE: related document(s)85 Order To Set Hearing, ). Service Date 11/19/2006. (Admin.) (Entered: 11/19/2006) |
| 11/22/2006 | ●87 | Objection to Claim of Guzik Technical Enterprises, Inc and Notice of Opportunity For Hearing. w/pos Filed by Debtor Elliot A. Viches . (aw, ) (Entered: 11/29/2006) |
| 12/12/2006 | ●88 | Request for Hearing Regarding (RE: related document(s)87 Objection to Claim). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Certificate of Service) (Rao, David) (Entered: 12/12/2006) |
| 12/15/2006 | ●89 | Stipulation to Continue Hearing (RELATED DOCUMENT: 85Order for Pre-Trial Conference)Filed by Attorney Steven C. Finley, Creditor Guzik Technical Enterprises, Inc. (RE: related document(s) Hearing Continued/Rescheduled (BK), Hearing Continued/Rescheduled (BK), Hearing Continued/Rescheduled (BK)). (Rao, David)ERROR: NOT LINKED - COURT ADDED LINKAGE. Modified on 12/18/2006 (jd, ). (Entered: 12/15/2006) |
| 12/26/2006 | ●90 | Order Approving Stipulation For Continuance of Pre-Trial Conference on Objection To First Amended Plan, For Extensiuon of Deadline To Respond To Objection to claim and Discovery Requests, and For Modification of Order For Pre-Trial Conference (RE: related document(s)89 Stipulation to Continue Hearing, filed by Creditor Guzik Technical Enterprises, Inc., Attorney Steven C. Finley). (aw, ) (Entered: 12/27/2006) |
| 12/26/2006 | ● | Hearing Continued (RE: related document(s)85 Order To Set Hearing, ). Trial date set for 3/12/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 85, (aw, ) (Entered: 12/27/2006) |
| 12/29/2006 | ●91 | Transcript, Date of Hearing: 3-13-06*a) Motion for Order Authorizing Sale of Property of the Estate by Debtor; b) Objection by Trustee; c) Conditional Objection by Guzik Technical Enterprises, Inc.; d) Joinder to* |

| | | *item (c) by Paul Korolov.* (McCall, Jo) (Entered: 12/29/2006) |
|---|---|---|
| 12/29/2006 | ❍92 | Transcript, Date of Hearing: 3-20-06 *a) Motion for Order Authorizing Sale of Property of the Estate by Debtor; b) Objection by Trustee; c) Objection by Guzik Technical Enterprises, Inc.; d) Joinder to Item (c) by Paul Korolov.* (McCall, Jo) (Entered: 12/29/2006) |
| 12/29/2006 | ❍93 | BNC Certificate of Mailing (RE: related document(s)90 Order, ). Service Date 12/29/2006. (Admin.) (Entered: 12/29/2006) |
| 01/12/2007 | ❍94 | Ex Parte Motion to Seal *and for Protective Order* Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Exhibit "A"# 2 Certificate of Service) (Rao, David) (Entered: 01/12/2007) |
| 01/12/2007 | ❍95 | Declaration of Steven C. Finley in In Support of *Claimant's Request for Hearing*(RELATED DOCUMENT: 88 REQUEST FOR HEARING) Filed by Creditor Guzik Technical Enterprises, Inc. (Finley, Steven)ERROR: NOT LINKED - COURT ADDED LINKAGE. Modified on 1/16/2007 (jd, ). (Entered: 01/12/2007) |
| 01/12/2007 | ❍96 | Declaration of Saroj Pathak in In Support of *Claim Filed by GTE, Inc.* Filed by Creditor Guzik Technical Enterprises, Inc. (Finley, Steven) (Entered: 01/12/2007) |
| 01/12/2007 | ❍97 | Request To Take Judicial Notice *in Response to Debtor's Objection to Proof of Claim*(RELATED DOCUMENT: 87 OBJECTION TO CLAIM) Filed by Creditor Guzik Technical Enterprises, Inc. (Finley, Steven)ERROR: NOT LINKED - COURT ADDED LINKAGE. Modified on 1/16/2007 (jd, ). (Entered: 01/12/2007) |
| 01/12/2007 | ❍98 | Memorandum of Points and Authorities in Opposition of *Defendant's Motion for Summary Judgment/Summary Adjudication* (RELATED DOCUMENT: 88 REQUEST FOR HEARING) Filed by Creditor Guzik Technical Enterprises, Inc. (Finley, Steven) ERROR: NOT LINKED - COURT ADDED LINKAGE. Modified on 1/16/2007 (jd, ).2nd ERROR: TITLE OF PDF DOES NOT MATCH DOCKET TEXT. Modified on 1/16/2007 (jd, ). (Entered: 01/12/2007) |
| 01/18/2007 | ❍99 | Objection (RE: related document(s)94 Motion to Seal and for Protective Order). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 01/22/2007) |
| 01/22/2007 | ❍100 | Stipulation to Extend Time *for Deadline to Exchange Witness Lists and Pre-Trial Exhibits* Filed by Creditor Guzik Technical Enterprises, Inc., Debtor Elliot A. Viches (RE: related document(s)90 Order, ). (Rao, David) (Entered: 01/22/2007) |

| 01/22/2007 | ●101 | Order Not Signed Regarding Motion for Documents under Seal and for Protective Order. (Related Doc # 94) (jd, )COURT ERROR: COURT CORRECT DATE OF THE ORDER. Modified on 1/24/2007 (jd, ). (Entered: 01/23/2007) |
|---|---|---|
| 01/24/2007 | ●102 | Order (RE: related document(s)100 Stipulation to Extend Deadline to Exchange Witness Lists and Pre-Trial Exhibits. filed by Debtor Elliot A. Viches, Creditor Guzik Technical Enterprises, Inc.). (jd, ) (Entered: 01/25/2007) |
| 01/25/2007 | ●103 | BNC Certificate of Mailing - Electronic Order (RE: related document(s)101 Order on Motion to Seal). Service Date 01/25/2007. (Admin.) (Entered: 01/25/2007) |
| 01/27/2007 | ●104 | BNC Certificate of Mailing (RE: related document(s)102 Order). Service Date 01/27/2007. (Admin.) (Entered: 01/27/2007) |
| 01/31/2007 | ●105 | Exhibit _1-3_ (RE: related document(s)97 Request To Take Judicial Notice, ). Filed by Attorney Steven C. Finley (Attachments: # 1 Exhibit 4-7) (Rao, David) ERROR: DEBTOR'S NAME AND CASE NUMBER MISSING FROM PDF DOCUMENT. FOR INFORMATIONAL PURPOSES ONLY. NO ACTION TO BE TAKEN AT THIS TIME. Modified on 2/1/2007 (jd, ). (Entered: 01/31/2007) |
| 02/12/2007 | ● | Hearing Continued (RE: related document(s)32 First Amended Chapter 13 Plan Filed by Debtor Elliot A. Viches. Confirmation hearing to be held on 3/12/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 9, (tb, ) (Entered: 02/12/2007) |
| 02/12/2007 | ●106 | Motion for Abstention , Motion _for Miscellaneous Relief_ Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Request for Judicial Notice in Support of Motion for Abstention and Other Related Relief# 2 Exhibit A-D to Request for Judicial Notice# 3 Declaration of Steven Finley# 4 Exhibit A-C to Declaration of Steven Finley# 5 Exhibit D-F to Declaration of Steven Finley# 6 Exhibit G to Declaration of Steven Finley# 7 Exhibit H-K to Declaration of Steven Finley# 8 Certificate of Service) (Rome-Banks, Julie) ERROR: PAGE 52-57 OF ATTACHMENT # 7 IS UNREADABLE. Modified on 2/13/2007 (jd, ). (Entered: 02/12/2007) |
| 02/12/2007 | ●107 | Notice of Hearing (RE: related document(s)106 Motion for Abstention , Motion _for Miscellaneous Relief_ Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # (1) Request for Judicial Notice in Support of Motion for Abstention and Other Related Relief# (2) Exhibit A-D to Request for Judicial Notice# (3) Declaration of Steven Finley# (4) Exhibit A-C to Declaration of Steven Finley# (5) Exhibit D-F to Declaration of Steven Finley# (6) Exhibit G to Declaration of Steven |

Finley# (7) Exhibit H-K to Declaration of Steven Finley# (8) Certificate of Service) (Rome-Banks, Julie)). Hearing scheduled for 3/12/2007 at 02:00 PM at San Jose Courtroom 3020 - Weissbrodt. Filed by Creditor Guzik Technical Enterprises, Inc. (Rome-Banks, Julie) (Entered: 02/12/2007)

| | | |
|---|---|---|
| 02/13/2007 | ●108 | Motion for Bifurcation of Trial Filed by Debtor Elliot A. Viches (Attachments: # 1 Declaration) (jd, ) (Entered: 02/14/2007) |
| 02/13/2007 | ●109 | Notice of Hearing (RE: related document(s)108 Motion for Bifurcation of Trial Filed by Debtor Elliot A. Viches (Attachments: # (1) Declaration) (jd, )). Hearing scheduled for 3/12/2007 at 02:00 PM at San Jose Courtroom 3020 - Weissbrodt. Filed by Debtor Elliot A. Viches (jd, ) (Entered: 02/14/2007) |
| 02/20/2007 | ●111 | Objection to Claim Filed by Paul Korolov; Other Relief and Notice of Opportunity for Hearing Filed by Debtor Elliot A. Viches . (Attachments: # 1 Exhibits# 2 Exhibits Continued# 3 Exhibits Continued) (be, ) (Entered: 02/27/2007) |
| 02/26/2007 | ●110 | Objection *to Motion for Bifurcation of Trial* (RE: related document(s)108 Motion Miscellaneous Relief). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Exhibit A-B# 2 Declaration of Steven C. Finley# 3 Certificate of Service) (Rao, David) (Entered: 02/26/2007) |
| 02/27/2007 | ●112 | Objection (RE: related document(s)106 Motion for Abstention, Motion Miscellaneous Relief). Filed by Debtor Elliot A. Viches (Attachments: # 1 Declaration part 1# 2 Declaration part 2# 3 Declaration part 3# 4 Declaration part 4) (jd, ) (Entered: 02/28/2007) |
| 03/01/2007 | ●113 | Document: Errata to Debtor's Opposition to Motion for Abstention. (RE: related document(s)112 Objection). Filed by Debtor Elliot A. Viches (Attachments: # 1 Errata part 2# 2 Errata part 3) (jd, ) (Entered: 03/02/2007) |
| 03/02/2007 | ●116 | Ex Parte Motion for order to allow motion for bifurcation and motion for abstention to be heard concurrently. Filed by Debtor Elliot A. Viches (Attachments: # 1 Declaration) (jd, ) (Entered: 03/07/2007) |
| 03/05/2007 | ●114 | Reply to *Opposition to Motion for Abstention and Other Related Relief* (RE: related document(s)113 Document). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Certificate of Service) (Rome-Banks, Julie) (Entered: 03/05/2007) |
| 03/05/2007 | ●115 | Reply to (RE: related document(s)110 Objection). Filed by Debtor Elliot A. Viches (Attachments: # 1 Declaration) (jd, ) (Entered: 03/07/2007) |

| 03/07/2007 | ❶118 | Order Not Signed Regarding Motion for Miscellaneous Relief(Related Doc # 108) (jd, ) (Entered: 03/08/2007) |
|---|---|---|
| 03/08/2007 | ❶117 | Document: Designation of Expert Witnesses of Creditor Claimant Guzik Tech. Ent., Inc.. Filed by Creditor Guzik Technical Enterprises, Inc. (jd, ) (Entered: 03/08/2007) |
| 03/09/2007 | ❶ | Hearing Continued (prior to hearing due to Judge Weissbrodt?s unavailability)(RE: related document(s)108 Motion for Bifurcation of Trial Filed by Debtor Elliot A. Viches. Hearing to be held on 4/27/2007 at 3:00 PM San Jose Courtroom 3020 - Weissbrodt for 108, (tb, ) (Entered: 03/09/2007) |
| 03/09/2007 | ❶ | Hearing Continued (prior to hearing due to Judge Weissbrodt?s unavailability) (RE: related document(s)106 Motion for Abstention , Motion *for Miscellaneous Relief* Filed by Creditor Guzik Technical Enterprises, Inc. Hearing to be held on 4/27/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 106, (tb, ) (Entered: 03/09/2007) |
| 03/09/2007 | ❶ | Hearing Continued (prior to hearing due to Judge Weissbrodt?s unavailability) (RE: related document(s)85 Order for Trial Setting Conference (RE: related document(s)67 Objection to Confirmation of the Plan filed by Creditor Guzik Technical Enterprises, Inc.). Trial Setting Conference set for 3/26/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 85, (tb, ) (Entered: 03/09/2007) |
| 03/09/2007 | ❶ | Hearing Continued (prior to hearing due to Judge Weissbrodt?s unavailability) (RE: related document(s)32 First Amended Chapter 13 Plan Filed by Debtor Elliot A. Viches. Confirmation hearing to be held on 3/26/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 9, (tb, ) (Entered: 03/09/2007) |
| 03/12/2007 | ❶119 | Objection to and Response to (RE: related document(s)111 Objection to Claim). Filed by Creditor Paul Korolov (Attachments: # 1 Declaration of Gregory Gentile) (jd, ) (Entered: 03/13/2007) |
| 03/12/2007 | ❶120 | Motion Filed by Debtor Elliot A. Viches (Attachments: # 1 Declaration # 2 Exhibit 1-5# 3 Certificate of Service) (jd, ) (Entered: 03/13/2007) |
| 03/12/2007 | ❶121 | Notice of Hearing (RE: related document(s)120 Motion Filed by Debtor Elliot A. Viches (Attachments: # (1) Declaration # (2) Exhibit 1-5# (3) Certificate of Service) (jd, )). Hearing scheduled for 4/9/2007 at 02:00 PM at San Jose Courtroom 3020 - Weissbrodt. Filed by Debtor Elliot A. Viches (jd, ) (Entered: 03/13/2007) |
| 03/15/2007 | ❶122 | Pre-Hearing Statement (RE: related document(s)87 Objection to Claim). |

|  |  | Filed by Debtor Elliot A. Viches (Attachments: # 1 Exhibit) (jd, ) (Entered: 03/16/2007) |
|---|---|---|
| 03/26/2007 | ●123 | Objection *(Opposition to Debtor's Motion to Disqualify Binder & Malter, LLP as Counsel for Creditor Guzik Technical Enterprises, Inc.)* (RE: related document(s)120 Motion Miscellaneous Relief). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Declaration of David B. Rao# 2 Exhibit A - D# 3 Certificate of Service) (Rao, David) (Entered: 03/26/2007) |
| 03/26/2007 | ● | Hearing Continued (RE: related document(s)32 First Amended Chapter 13 Plan Filed by Debtor Elliot A. Viches. Confirmation hearing to be held on 6/11/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 9, (tb, ) (Entered: 04/02/2007) |
| 03/26/2007 | ● | Hearing Continued (RE: related document(s)85 Order for Pre-Trial Conference (RE: related document(s)67 Objection to Confirmation of the Plan filed by Creditor Guzik Technical Enterprises, Inc.). Pre-Trial date set for 6/11/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 85, (tb, ) (Entered: 04/02/2007) |
| 03/28/2007 | ●124 | Stipulation, Stipulation and Protective Order Regarding Production of and Use of Confidential Documents and Permitting Filing of Documents Under Seal Filed by Creditor Guzik Technical Enterprises, Inc.. (Finley, Steven) (Entered: 03/28/2007) |
| 03/30/2007 | ●125 | Notice Regarding *of Unavailability of Counsel* Filed by Creditor Guzik Technical Enterprises, Inc. (Finley, Steven) (Entered: 03/30/2007) |
| 04/02/2007 | ●126 | Reply to Creditor's Oppostion to Disqualify Binder & Malter LP Law Firm a Counsel for Creditor Guzik Technical Enterpirses. (RE: related document(s)120 Motion Miscellaneous Relief). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 04/03/2007) |
| 04/02/2007 | ●127 | Reply Declaration of Debtor in Support of (RE: related document(s)120 Motion to Disqualify Binder & Malter LLP Law Firm - a counsel for Creditor Guzik Technical Enterprises Inc.). Filed by Debtor Elliot A. Viches (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3) (jd, )COURT ERROR: COURT MODIFIED TITLE OF ATTACHMENT #2. Modified on 4/4/2007 (jd, ). (Entered: 04/03/2007) |
| 04/09/2007 | ● | Hearing Continued (RE: related document(s)120 Motion to Disqualify Binder & Malter Filed by Debtor Elliot A. Viches. Hearing to be held on 4/27/2007 at 3:00 PM San Jose Courtroom 3020 - Weissbrodt for 120, if debtor files a response to tentative decision denying motion by 4/16/07 and creditor can respond by 4/23/07. (tb, ) (Entered: 04/09/2007) |

| 04/10/2007 | ◐128 | Protective Order re: production of and use of confidential documents and permitting filing of documents under seal . (jd, ) (Entered: 04/10/2007) |
| 04/12/2007 | ◐129 | BNC Certificate of Mailing (RE: related document(s)128 Order Sealing). Service Date 04/12/2007. (Admin.) (Entered: 04/12/2007) |
| 04/16/2007 | ◐130 | Ex Parte Motion to Continue Hearing On (RE: related document(s)120 Motion Miscellaneous Relief filed by Debtor Elliot A. Viches, 108 Motion Miscellaneous Relief filed by Debtor Elliot A. Viches, 116 Motion Miscellaneous Relief filed by Debtor Elliot A. Viches) . Filed by Debtor Elliot A. Viches (be, ) (Entered: 04/16/2007) |
| 04/16/2007 | ◐131 | Declaration of Elliot A. Viches in Support of (RE: related document(s)130 Motion to Continue/Reschedule Hearing). Filed by Debtor Elliot A. Viches (be, ) (Entered: 04/16/2007) |
| 04/17/2007 | ◐132 | Objection *(Opposition to Debtor's Ex Parte Application for Order for Continuance of Pending Motions for Abstention, Bifurcation and Disqualification of Binder & Malter and for Extension of Deadline to File and Respond to Debtor's Amended Pleadings)* (RE: related document(s)130 Motion to Continue/Reschedule Hearing, ). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Certificate of Service) (Rao, David) (Entered: 04/17/2007) |
| 04/18/2007 | ◐133 | Document: Letter . (RE: related document(s)130 Motion to Continue/Reschedule Hearing). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 04/20/2007) |
| 04/23/2007 | ◐134 | Order Granting Motion To Continue/Reschedule Hearing On (Related Doc # 130) Hearing to be held on 5/24/2007 at 3:00 PM San Jose Courtroom 3020 - Weissbrodt for 106, Hearing to be held on 5/24/2007 at 3:00 PM San Jose Courtroom 3020 - Weissbrodt for 108, Hearing to be held on 5/24/2007 at 3:00 PM San Jose Courtroom 3020 - Weissbrodt for 120, (jd, ) (Entered: 04/23/2007) |
| 04/30/2007 | ◐136 | Supplemental Objection (RE: related document(s)106 Motion for Abstention, Motion Miscellaneous Relief). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 05/02/2007) |
| 05/01/2007 | ◐135 | UNDER SEAL Declaration of Debtor's in Support of (RE: related document(s)112 Objection). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 05/02/2007) |
| 05/02/2007 | ◐137 | Motion for Relief from Stay RS #JJH-333, Fee Amount $150, Filed by Creditor Barclays Capital Real Estate Inc.dba HomEq Servicing (Attachments: # 1 Exhibit # 2 Declaration # 3 RS Cover Sheet) (Ha, |

| | | |
|---|---|---|
| | | Jenny) (Entered: 05/02/2007) |
| 05/02/2007 | | Receipt of filing fee for Motion for Relief From Stay(05-59344) [motion,mrlfsty] ( 150.00). Receipt number 4220473, amount $ 150.00 (U.S. Treasury) (Entered: 05/02/2007) |
| 05/02/2007 | ●138 | Notice of Hearing (RE: related document(s)137 Motion for Relief from Stay RS #JJH-333, Fee Amount $150, Filed by Creditor Barclays Capital Real Estate Inc.dba HomEq Servicing (Attachments: # 1 Exhibit # (2) Declaration # (3) RS Cover Sheet) (Ha, Jenny)). Hearing scheduled for 5/23/2007 at 10:30 AM at San Jose Courtroom 3020 - Weissbrodt. Filed by Creditor Barclays Capital Real Estate Inc.dba HomEq Servicing (Attachments: # 1 Certificate of Service) (Ha, Jenny) (Entered: 05/02/2007) |
| 05/02/2007 | ●139 | Motion to Disqualify Binder and Malter LLP Law Firm as counsel for creditor Guzik Technical Enterprises Filed by Debtor Elliot A. Viches (jd, )COURT ERROR: INCORRECT PDF ATTACHED - COURT TO RE-DOCKET. Modified on 5/4/2007 (jd, ). (Entered: 05/03/2007) |
| 05/02/2007 | ●140 | Motion to Disqualify Binder and Malter LLP Law Firm as counsel for creditor Guzik Technical Enterprises Filed by Debtor Elliot A. Viches (jd, )COURT ERROR: INCORRECT FILE DATE - COURT CORRECTED Modified on 5/7/2007 (jd, ). (Entered: 05/04/2007) |
| 05/07/2007 | ●141 | Ex Parte Motion for Order to Allow for Discovery and Motion to Continue Hearing On (RE: related document(s) 137 Motion for Relief From Stay filed by Creditor Barclays Capital Real Estate Inc.); and for Miscellaneous Relief. Filed by Debtor Elliot A. Viches (be, ) (Entered: 05/08/2007) |
| 05/07/2007 | ●142 | Declaration of Elliot A. Viches in Support of (RE: related document(s)141 Motion to Continue/Reschedule HearingMotion Miscellaneous Relief). Filed by Debtor Elliot A. Viches (be, ) (Entered: 05/08/2007) |
| 05/08/2007 | ●143 | Order Not Signed Regarding Motion To Continue/Reschedule Hearing On (Related Doc # 141), Not Signed Regarding Motion for Miscellaneous Relief(Related Doc # 141) (jd, ) (Entered: 05/09/2007) |
| 05/14/2007 | ●144 | Supplemental Declaration of David B. Rao in Opposition of *Debtor's Motion to Disqualify Binder & Malter as Counsel for Guzik Technical Enterprises, Inc.* (RE: related document(s)123 Objection, ). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Certificate of Service) (Rao, David) (Entered: 05/14/2007) |
| 05/14/2007 | ●145 | Document: *Sur-Reply to Additional Opposition to Motion for Abstention and Other Related Relief.* (RE: related document(s)135 Declaration). Filed |

by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Certificate of Service) (Rome-Banks, Julie) (Entered: 05/14/2007)

| | | |
|---|---|---|
| 05/22/2007 | 146 | Sur-Response to (RE: related document(s)106 Motion for Abstention, Motion Miscellaneous Relief). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 05/22/2007) |
| 05/23/2007 | 147 | Objection (RE: related document(s)137 Motion for Relief From Stay). Filed by Debtor Elliot A. Viches (be, ) (Entered: 05/23/2007) |
| 05/23/2007 | 148 | Declaration of Debtor in Support of (RE: related document(s)147 Objection). Filed by Debtor Elliot A. Viches (be, ) (Entered: 05/23/2007) |
| 05/23/2007 | | Hearing Continued (RE: related document(s)137 Motion for Relief from Stay RS #JJH-333, Fee Amount $150, Filed by Creditor Barclays Capital Real Estate Inc.dba HomEq Servicing. Hearing to be held on 6/27/2007 at 10:30 AM San Jose Courtroom 3020 - Weissbrodt for 137, (tb, ) (Entered: 05/23/2007) |
| 05/24/2007 | | Hearing Continued (per hearing on 5/24/07) (RE: related document(s)32 First Amended Chapter 13 Plan Filed by Debtor Elliot A. Viches. Confirmation hearing to be held on 7/30/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 9, (tb, ) (Entered: 05/29/2007) |
| 05/24/2007 | | Hearing Continued (RE: related document(s)106 Motion for Abstention , Motion *for Miscellaneous Relief* Filed by Creditor Guzik Technical Enterprises, Inc. Granted effective 7/9/07 pending further request from debtor, debtor to file a statement as to what he is doing by 6/22/07 and creditor to respond by 6/27/07 for a Hearing to be held on 7/2/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 106, not to be called before 3:00 PM. Modified on 5/30/2007 (tb, ). (Entered: 05/29/2007) |
| 05/24/2007 | | Hearing held(RE: related document(s)108 Motion for Bifurcation of Trial Filed by Debtor Elliot A. Viches. Denied without prejudice as moot. Modified on 5/30/2007 (tb, ). Modified on 5/30/2007 (tb, ). CORRECTIVE ENTRY: COURT CHANGED DOCKET ENTRY FROM HEARING HELD TO HEARING CONTINUED. Modified on 5/31/2007 (tm, ). (Entered: 05/29/2007) |
| 05/24/2007 | | Hearing held(RE: related document(s)120 Motion to Disqualify, Binder & Malter, LLP Filed by Debtor Elliot A. Viches. Motion DENIED. (tb, ) Modified on 5/30/2007 (tb, ). Modified on 5/30/2007 (tb, ). CORRECTIVE ENTRY: COURT CHANGED DOCKET TEXT FROM HEARING HELD TO HEARING CONTINUED. Modified on 5/31/2007 (tm, ). (Entered: 05/29/2007) |

| 05/30/2007 | ●149 | Certificate of Service *By Electronic Delivery RE: Proposed Order Denying Debtor's Motion to Disqualify Binder & Malter* (RE: related document(s)139 Motion Miscellaneous Relief, 140 Motion Miscellaneous Relief). (Rome-Banks, Julie) (Entered: 05/30/2007) |
| --- | --- | --- |
| 05/30/2007 | ●150 | Certificate of Service *By Mail RE: Proposed Order Denying Debtor's Motion to Disqualify Binder & Malter* (RE: related document(s)139 Motion Miscellaneous Relief, 140 Motion Miscellaneous Relief). (Rome-Banks, Julie) (Entered: 05/30/2007) |
| 05/30/2007 | ●151 | Certificate of Service *By Electronic Delivery Re: Proposed Order Denying Motion for Bifurcation of Trial* (RE: related document(s)108 Motion Miscellaneous Relief). (Rome-Banks, Julie) (Entered: 05/30/2007) |
| 05/30/2007 | ●152 | Certificate of Service *By Mail Re: Proposed Order Denying Motion For Bifurcation of Trial* (RE: related document(s)108 Motion Miscellaneous Relief). (Rome-Banks, Julie) (Entered: 05/30/2007) |
| 05/31/2007 | ●153 | Certificate of Service *re: Order Granting Motion for Abstention and Other Related Relief* (RE: related document(s)106 Motion for Abstention,,, Motion Miscellaneous Relief,, ). (Rome-Banks, Julie) (Entered: 05/31/2007) |
| 05/31/2007 | ●154 | Certificate of Service *re: Order Granting Motion for Abstention and Other Related Relief* (RE: related document(s)106 Motion for Abstention,,, Motion Miscellaneous Relief,, ). (Rome-Banks, Julie) (Entered: 05/31/2007) |
| 06/01/2007 | ●155 | Document: Letter of official position re: Guziks attempts to submit proposed order from Elliot Viches . Filed by Debtor Elliot A. Viches (jd, ) (Entered: 06/01/2007) |
| 06/01/2007 | ●156 | Objection to proposed orders (RE: related document(s)140 Motion Miscellaneous Relief, 106 Motion for Abstention, Motion Miscellaneous Relief). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 06/04/2007) |
| 06/06/2007 | ●157 | Certificate of Service (RE: related document(s)155 Letter of official position re: Guziks attempts to submit proposed order). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 06/07/2007) |
| 06/11/2007 | ●160 | Order Denying Motion for Miscellaneous Relief(Related Doc # 140) (jd, ) (Entered: 06/13/2007) |
| 06/11/2007 | ● | Hearing Continued (RE: related document(s)85 Order for Pre-Trial Conference (RE: related document(s)67 Objection to Confirmation of the Plan filed by Creditor Guzik Technical Enterprises, Inc.). Hearing set for |

| | | |
|---|---|---|
| | | 7/30/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 85, (tb, ) (Entered: 08/02/2007) |
| 06/12/2007 | ◓158 | Transcript, Date of Hearing: 5-24-07 *a) Motion for Abstention and Stay and Other Related Relief by Guzik Technical; b) Opposition by Debtor; c) Debtor's Motion for Bifurcation of Trial; d) Opposition by Guzik Technical; e) Debtor's Motion to Disqualify Binder & Malter; f) Opposition by Guzik Technical.* (McCall, Jo) (Entered: 06/12/2007) |
| 06/12/2007 | ◓159 | Supplemental Objection (RE: related document(s)137 Motion for Relief From Stay). Filed by Debtor Elliot A. Viches (Attachments: # 1 Declaration Elliot A. Viches) (jd, ) (Entered: 06/13/2007) |
| 06/15/2007 | ◓161 | BNC Certificate of Mailing (RE: related document(s)160 Order on Motion for Miscellaneous Relief). Service Date 06/15/2007. (Admin.) (Entered: 06/15/2007) |
| 06/22/2007 | ◓162 | Ex Parte Motion for Order to Continue Hearing On (RE: related document(s)137 Motion for Relief From Stay filed by Creditor Barclays Capital Real Estate Inc.) . Filed by Debtor Elliot A. Viches (be, ) (Entered: 06/22/2007) |
| 06/22/2007 | ◓163 | Declaration of Elliot Viches in Support of (RE: related document(s)162 Motion to Continue/Reschedule Hearing). Filed by Debtor Elliot A. Viches (be, ) (Entered: 06/22/2007) |
| 06/22/2007 | ◓164 | Disclosure Statement Filed by Debtor Elliot A. Viches (be, ) (Entered: 06/22/2007) |
| 06/25/2007 | ◓165 | Declaration of Scott Walter (RE: related document(s)137 Motion for Relief From Stay). Filed by Creditor Barclays Capital Real Estate Inc. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3) (Phillips, JaVonne) (Entered: 06/25/2007) |
| 06/26/2007 | ◓ | Hearing Continued (prior to hearing per chambers and request by debtor to continue) (RE: related document(s)137 Motion for Relief from Stay RS #JJH-333, Fee Amount $150, Filed by Creditor Barclays Capital Real Estate Inc.dba HomEq Servicing. Hearing to be held on 7/2/2007 at 2:30 PM San Jose Courtroom 3020 - Weissbrodt for 137, (tb, ) (Entered: 06/26/2007) |
| 06/27/2007 | ◓166 | Objection *(Opposition to Debtor's Disclosure Statement)* (RE: related document(s)164 Statement). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Certificate of Service) (Rome-Banks, Julie) (Entered: 06/27/2007) |

| 07/02/2007 | ❑167 | Declaration of Elliot A. Viches in Support of Opposition of (RE: related document(s)137 Motion for Relief From Stay). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 07/02/2007) |
| 07/02/2007 | ❑168 | Reply to (RE: related document(s)166 Objection). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 07/02/2007) |
| 07/02/2007 | ❑ | Hearing Held (RE: related document(s)137 Motion for Relief from Stay RS #JJH-333, Fee Amount $150, Filed by Creditor Barclays Capital Real Estate Inc.dba HomEq Servicing. Starting with the July payment, debtor to make a payment and 1/12th toward the three month arrearages for a cure within twelve months; 10 day default notice, if no cure movant can record an NOD only; motion can be restored to calendar on 15 days notice; movant to file a claim for attorney's fees. (tb, ) (Entered: 07/02/2007) |
| 07/02/2007 | ❑ | Hearing Continued (RE: related document(s)106 Motion for Abstention , Motion *for Miscellaneous Relief* Filed by Creditor Guzik Technical Enterprises, Inc. Hearing to be held on 7/27/2007 at 3:00 PM San Jose Courtroom 3020 - Weissbrodt for 106, debtor to file by 7/10/07, Guzik by 7/17/07, debtor's reply by 7/20/07 (to be faxed to chambers). (tb, ) (Entered: 07/03/2007) |
| 07/03/2007 | ❑169 | Certificate of Service *of proposed order* (RELATED DOCUMENT:137 Motion for Relief from Stay RS #JJH-333) (Phillips, JaVonne) ERROR: NOT LINKED - COURT ADDED LINKAGE. Modified on 7/5/2007 (jd, ). (Entered: 07/03/2007) |
| 07/10/2007 | ❑170 | Objection to (Proposed) Order (RE: related document(s)137 Motion for Relief From Stay). Filed by Debtor Elliot A. Viches (be, ) (Entered: 07/10/2007) |
| 07/10/2007 | ❑171 | Debtor's Brief: . (RE: related document(s)166 Objection). Filed by Debtor Elliot A. Viches (cvt, ) (Entered: 07/12/2007) |
| 07/12/2007 | ❑172 | Order After Hearing **NOT SIGNED** (RE: related document(s)137 Motion for Relief From Stay filed by Creditor Barclays Capital Real Estate Inc.). (cvt, ) (Entered: 07/13/2007) |
| 07/12/2007 | ❑173 | Order Temporarily Granting in part, Denying in part Motion for Relief From Stay (Related Doc # 137) (cvt, ) (Entered: 07/13/2007) |
| 07/15/2007 | ❑174 | BNC Certificate of Mailing (RE: related document(s)172 Order). Service Date 07/15/2007. (Admin.) (Entered: 07/15/2007) |
| 07/15/2007 | ❑175 | BNC Certificate of Mailing (RE: related document(s)173 Order on Motion for Relief From Stay). Service Date 07/15/2007. (Admin.) (Entered: |

| | | 07/15/2007) |
|---|---|---|
| 07/17/2007 | ❶176 | Brief/Memorandum in Opposition to *Debtor's Brief* (RE: related document(s)106 Motion for Abstention,,, Motion Miscellaneous Relief,, ). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Certificate of Service) (Rome-Banks, Julie) (Entered: 07/17/2007) |
| 07/27/2007 | ❶177 | Reply Brief (RE: related document(s)166 Objection). Filed by Debtor Elliot A. Viches (be, ) (Entered: 07/27/2007) |
| 07/27/2007 | ❶ | Hearing Continued (RE: related document(s)106 Motion for Abstention, Motion for Miscellaneous Relief Filed by Creditor Guzik Technical Enterprises, Inc. Hearing to be held on 8/24/2007 at 2:45 PM San Jose Courtroom 3020 - Weissbrodt for 106,parties to file a joint statement by 8/17/07 re what discovery is outstanding in the Guzik matter and the issues re piercing the corporate veil, the extent to which the judgment purports to have any impact on the debtor and whether or not it's a stay violation in the Korolov matter; Mr. Gentile is ordered to appear in person at the continued hearing. (tb, ) (Entered: 08/09/2007) |
| 07/27/2007 | ❶ | Hearing continued (RE: related document(s)108 Motion for Bifuracation of Trial Filed by Debtor Elliot A. Viches - Trailing Motion for Abstention. Hearing scheduled for 8/24/2007 at 02:45 PM at San Jose Courtroom 3020 - Weissbrodt. (tb, ) (Entered: 08/09/2007) |
| 07/30/2007 | ❶ | Confirmation Hearing Continued re: Chapter 13 Plan. Dismissed with a stay through 8/20/07 for a payment of $4,235.00 if paid Confirmation hearing to be held on 10/1/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 9, (tb, ) (Entered: 08/02/2007) |
| 07/30/2007 | ❶ | Hearing Continued (RE: related document(s)85 Order for Pre-Trial Conference (RE: related document(s)67 Objection to Confirmation of the Plan filed by Creditor Guzik Technical Enterprises, Inc.). Hearing set for 10/1/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 85, (tb, ) (Entered: 08/02/2007) |
| 08/02/2007 | ❶178 | Payment Order Regarding Pre-Hearing Conference. (jd, ) (Entered: 08/02/2007) |
| 08/04/2007 | ❶179 | BNC Certificate of Mailing - Electronic Order (RE: related document(s)178 Payment Order RE: Pre-Hearing Conference). Service Date 08/04/2007. (Admin.) (Entered: 08/04/2007) |
| 08/09/2007 | ❶180 | Transcript, Date of Hearing: 7-27-07*a) Motion for Abstention and Stay and Other Related Relief by Guzik Technical Enterprises; b) Opposition by Debtor; c) Motion for Bifurcation of Trial by Debtor; d) Opposition by* |

*Guzik Technical Enterprises.* (McCall, Jo) (Entered: 08/09/2007)

| | | |
|---|---|---|
| 08/17/2007 | ●181 | Status Conference Statement (RELATED DOCUMENT:48Objection to Proof of Claim Filed by Paul Korolov and Notice of Opportunity for Hearing, 111 OBJECTION TO CLAIM) Filed by Creditor Paul Korolov (Gentile, Gregory) 1st ERROR: WRONG EVENT SELECTED, THE CORRECT EVENT IS PRE-HEARING STATEMENT: 2nd ERROR: NO LINKED - COURT ADDED LINKAGE. Modified on 8/20/2007 (jd, ). CORRECTIVE ENTRY - COURT MODIFIED DOCKET TEXT TO ADDED LINKAGE. Modified on 8/20/2007 (jd, ). (Entered: 08/17/2007) |
| 08/17/2007 | ●182 | Joint Status Conference Statement (RELATED DOCUMENT: 16 Objection to Confirmation of Plan). Filed by Creditor Guzik Technical Enterprises, Inc., Debtor Elliot A. Viches (Attachments: # 1 Certificate of Service) (Rome-Banks, Julie)ERROR: INCORRECT EVENT SELECTED- THE CORRECT EVENT IS PRE-HEARING STATEMENT. 2nd ERROR: NOT LINKED - COURT ADDED LINKAGE. Modified on 8/20/2007 (jd, ). CORRECTIVE ENTRY COURT MODIFIED DOCKET TEXT. Modified on 8/20/2007 (jd, ). (Entered: 08/17/2007) |
| 08/20/2007 | ●184 | 2nd Amended Chapter 13 Plan Filed by Debtor Elliot A. Viches (RE: related document(s)32 Amended Chapter 13 Plan filed by Debtor Elliot A. Viches, 3 Chapter 13 Plan filed by Debtor Elliot A. Viches). (jd, ) CORRECTIVE ENTRY: COURT MODIFIED DOCKET TEXT. Modified on 8/23/2007 (jd, ). (Entered: 08/22/2007) |
| 08/22/2007 | ●183 | Status Conference Statement (RE: related document(s)182 Status Conference Statement, 181 Status Conference Statement). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 08/22/2007) |
| 08/23/2007 | ●185 | Status Conference Statement (RE: related document(s)182 Status Conference Statement). Filed by Debtor Elliot A. Viches (Attachments: # 1 Exhibit 1# 2 Exhibit 2) (tm, ) (Entered: 08/23/2007) |
| 08/24/2007 | ●186 | Errata (RE: related document(s)185 Status Conference Statement). Filed by Debtor Elliot A. Viches (be, ) (Entered: 08/24/2007) |
| 08/24/2007 | ● | Hearing Continued (RE: related document(s)106 Motion for Abstention , Motion *for Miscellaneous Relief* Filed by Creditor Guzik Technical Enterprises, Inc. Hearing to be held on 12/3/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 106, creditors Guzik and Korolov have until 10/1/07 to file objections to the amended Plan and creditors agree to notify debtor informally by letter within a week an outline of the objections. (tb, ) (Entered: 08/24/2007) |

| 08/24/2007 | ● | Hearing Continued (RE: related document(s)108 Motion for Bifurcation of Trial Filed by Debtor Elliot A. Viches (Attachments: # (1) Declaration) (jd, )). Hearing to be held on 12/3/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 108, (tb, ) (Entered: 08/24/2007) |
| 08/29/2007 | ●187 | Declaration of Elliot A. Viches RE: 10/14/05 payment of $55k to secured creditor HSBC Filed by Debtor Elliot A. Viches (jd, ) (Entered: 08/29/2007) |
| 09/03/2007 | ●188 | Order Not Signed Regarding Motion for Bifurcation of Trial(Related Doc # 108) (cvt, ) (Entered: 09/04/2007) |
| 09/03/2007 | ●189 | Order Not Signed Regarding Motion for Abstention (Related Doc # 106), Not Signed Regarding Motion for Miscellaneous Relief(Related Doc # 106) (cvt, ) (Entered: 09/04/2007) |
| 09/06/2007 | ●190 | BNC Certificate of Mailing (RE: related document(s)188 Order on Motion for Miscellaneous Relief). Service Date 09/06/2007. (Admin.) (Entered: 09/06/2007) |
| 09/06/2007 | ●191 | BNC Certificate of Mailing (RE: related document(s)189 Order on Motion for Abstention, Order on Motion for Miscellaneous Relief). Service Date 09/06/2007. (Admin.) (Entered: 09/06/2007) |
| 09/11/2007 | ●192 | Motion *for Order (I) Authorizing Unsecured Creditor to Pursue Avoidance of Post-Petition Transfer on Behalf of Estate, or, Alternatively, (II) to Convert Case to Chapter 7* Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # (1) Declaration of Julie H. Rome-Banks in Support# 2 Exhibit "A" to Declaration of Julie H. Rome-Banks# 3 Exhibit "B" to Declaration of Julie H. Rome-Banks# 4 Exhibit "C" to Declaration of Julie H. Rome-Banks# 5 Exhibit "D" to Declaration of Julie H. Rome-Banks# 6 Certificate of Service) (Rome-Banks, Julie)ERROR: THIS IS A 2 PART MOTION, THE EVENT MOTION TO CONVERT SHOULD HAVE BEEN SELECTED AS WELL. 2nd ERROR: CONVERSION FEE NOT PAID. Modified on 9/12/2007 (jd, ). (Entered: 09/11/2007) |
| 09/11/2007 | ●193 | Notice of Hearing *re: Motion for Order (I) Authorizing Unsecured Creditor to Pursue Avoidance of Post-Petition Transfer on Behalf of Estate, or, Alternatively, (II) to Convert Case to Chapter 7* (RE: related document(s)192 Motion *for Order (I) Authorizing Unsecured Creditor to Pursue Avoidance of Post-Petition Transfer on Behalf of Estate, or, Alternatively, (II) to Convert Case to Chapter 7* Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Declaration of Julie H. Rome-Banks in Support# (2) Exhibit "A" to Declaration of Julie H. Rome-Banks# (3) Exhibit "B" to Declaration of Julie H. Rome-Banks# (4) Exhibit "C" to Declaration of Julie H. Rome-Banks# (5) Exhibit "D" to |

Declaration of Julie H. Rome-Banks# (6) Certificate of Service)
(Rome-Banks, Julie)). Hearing scheduled for 10/1/2007 at 02:00 PM at
San Jose Courtroom 3020 - Weissbrodt. Filed by Creditor Guzik Technical
Enterprises, Inc. (Attachments: # 1 Certificate of Service) (Rome-Banks,
Julie) (Entered: 09/11/2007)

| 09/12/2007 | 194 | Withdrawal of Documents *re: Motion for Order (I) Authorizing Unsecured Creditor to Pursue Avoidance of Post-Petition Transfer on Behalf of Estate, or, Alternatively, (II) to Convert Case to Chapter 7* (RE: related document(s)192 Motion Miscellaneous Relief,,, ). Filed by Creditor Guzik Technical Enterprises, Inc. (Rome-Banks, Julie) (Entered: 09/12/2007) |
|---|---|---|
| 09/12/2007 | 195 | Motion *for Order (I) Authorizing Unsecured Creditor to Pursue Avoidance of Post-Petition Transfer on Behalf of Estate*, or in the alternative Motion to Convert Case to Chapter 7 Fee Amount $25 Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Declaration of Julie H. Rome-Banks in Support# 2 Exhibit "A" to Declaration of Julie H. Rome-Banks# 3 Exhibit "B" to Declaration of Julie H. Rome-Banks# 4 Exhibit "C" to Declaration of Julie H. Rome-Banks# 5 Exhibit "D" to Declaration of Julie H. Rome-Banks# 6 Certificate of Service) (Rome-Banks, Julie) (Entered: 09/12/2007) |
| 09/12/2007 | | Receipt of filing fee for Motion to Convert Case to Chapter 7(05-59344) [motion,mcnv7] ( 25.00). Receipt number 4619564, amount $ 25.00 (U.S. Treasury) (Entered: 09/12/2007) |
| 09/12/2007 | 196 | Amended Notice of Hearing *on Motion for Order (I) Authorizing Unsecured Creditor to Pursue Avoidance of Post-Petition Transfer on Behalf of Estate, or, Alternatively, (II) to Convert Case to Chapter 7* (RE: related document(s)195 Motion *for Order (I) Authorizing Unsecured Creditor to Pursue Avoidance of Post-Petition Transfer on Behalf of Estate*, or in the alternative Motion to Convert Case to Chapter 7 Fee Amount $25 Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # (1) Declaration of Julie H. Rome-Banks in Support# (2) Exhibit "A" to Declaration of Julie H. Rome-Banks# (3) Exhibit "B" to Declaration of Julie H. Rome-Banks# (4) Exhibit "C" to Declaration of Julie H. Rome-Banks# (5) Exhibit "D" to Declaration of Julie H. Rome-Banks# (6) Certificate of Service) (Rome-Banks, Julie)). Hearing scheduled for 10/1/2007 at 02:00 PM at San Jose Courtroom 3020 - Weissbrodt. Filed by Creditor Guzik Technical Enterprises, Inc. (Rome-Banks, Julie) (Entered: 09/12/2007) |
| 09/13/2007 | 197 | Joinder (RE: related document(s)195 Motion Miscellaneous Relief,,, Motion to Convert Case to Chapter 7,, ). Filed by Creditor Paul Korolov (Gentile, Gregory) (Entered: 09/13/2007) |

| 09/13/2007 | ●198 | Certificate of Service (RE: related document(s)197 JOINDER TO MOTION ). (Gentile, Gregory)CORRECTIVE ENTRY: INCORRECTLY LINKED - COURT CORRECTED. Modified on 9/14/2007 (jd, ). (Entered: 09/13/2007) |
| 09/18/2007 | ●199 | Statement of By Chapter 13 Trustee in Response to Guzik's Motion for Order Authorizing Creditor to Pursue Avoidance Action, etc. (RE: related document(s)195 Motion Miscellaneous Relief,,, Motion to Convert Case to Chapter 7,, ). Filed by Trustee Devin Derham-Burk (Attachments: # 1 Certificate of Service) (Delateur, Eva) (Entered: 09/18/2007) |
| 09/26/2007 | ●200 | Response to (RE: related document(s)192 Motion Miscellaneous Relief,,, ). Filed by Creditor HSBC Mortgage Services (Attachments: # 1 Exhibit # 2 Certificate of Service) (Phillips, JaVonne) ERROR: INCORRECT EVENT SELECTED, TITLE OF PDF DOES NOT MATCH EVENT SELECTED. THE CORRECT EVENT IS OBJECTION. FOR INFORMATIONAL PURPOSES ONLY, NO ACTION TO BE TAKEN AT THIS TIME. Modified on 9/27/2007 (jd, ). (Entered: 09/26/2007) |
| 09/26/2007 | ●201 | Objection (RE: related document(s)195 Motion Miscellaneous Relief, Motion to Convert Case to Chapter 7). Filed by Debtor Elliot A. Viches (Attachments: # 1 Declaration Part 1# 2 Declaration Part 2# 3 Declaration Part 3# 4 Certificate of Service) (jd, ) (Entered: 09/27/2007) |
| 09/27/2007 | ●202 | Substitution of Attorney . Attorney Gregory M. Gentile terminated. Paul Korolov, In Pro Per added to the case. (Gentile, Gregory) (Entered: 09/27/2007) |
| 09/27/2007 | ●203 | Certificate of Service (RE: related document(s)202 Substitution of Attorney). (Gentile, Gregory) (Entered: 09/27/2007) |
| 10/01/2007 | ●204 | Transcript, Date of Hearing: Aug. 24, 2007 *continued hearing on motion for abstention and stay*. (Palmer, Susan) (Entered: 10/01/2007) |
| 10/01/2007 | ●205 | Objection *to Debtor's Second Amended Chapter 13 Plan* (RE: related document(s)184 Amended Chapter 13 Plan, ). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Certificate of Service) (Rome-Banks, Julie) (Entered: 10/01/2007) |
| 10/01/2007 | ●206 | Supplemental Declaration of Julie H. Rome-Banks in Support of (RE: related document(s)195 Motion Miscellaneous Relief,,, Motion to Convert Case to Chapter 7,, ). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Exhibit Exhibit A to Supplemental Declaration of Julie H. Rome-Banks# 2 Certificate of Service) (Rome-Banks, Julie) (Entered: 10/01/2007) |

| | | |
|---|---|---|
| 10/01/2007 | ❷207 | Brief/Memorandum in Opposition to *Second Amended Chapter 13 Plan* (RELATED DOCUMENT: 1842nd Amended Chapter 13 Plan) Filed by Creditor Paul Korolov (Gentile, Gregory) CORRECTIVE ENTRY: NOT LINKED - COURT ADDED LINKAGE. Modified on 10/2/2007 (jd, ). (Entered: 10/01/2007) |
| 10/01/2007 | ❷208 | Certificate of Service *of Objection to Second Amended Chapter 13 Plan* (RE: related document(s)207 Opposition Brief/Memorandum). (Gentile, Gregory) (Entered: 10/01/2007) |
| 10/01/2007 | ❷ | Hearing Held (RE: related document(s)195 Motion *for Order (I) Authorizing Unsecured Creditor to Pursue Avoidance of Post-Petition Transfer on Behalf of Estate*, or in the alternative Motion to Convert Case to Chapter 7 Fee Amount $25 Filed by Creditor Guzik Technical Enterprises, Inc. Motion withdrawn by movant (trustee to file an adversary). (tb, ) (Entered: 10/01/2007) |
| 10/01/2007 | ❷ | Confirmation Hearing Continued re: Chapter 13 Plan. Confirmation hearing to be held on 12/3/2007 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 9, (tb, ) (Entered: 10/01/2007) |
| 10/01/2007 | ❷209 | Declaration of Elliot Viches Filed by Debtor Elliot A. Viches (jd, ) (Entered: 10/02/2007) |
| 10/01/2007 | ❷ | Courtroom Hearing Continued (RE: Order To Set Hearing - related document(s) 85 ) (Continued to 12/3/2007 02:00 PM at San Jose Courtroom 3020 - Weissbrodt) (tb, ) (Entered: 11/19/2007) |
| 10/12/2007 | ❷210 | Adversary case 07-05165. 12 (Recovery of money/property - 547 preference), 14 (Recovery of money/property - other), 21 (Validity, priority or extent of lien or other interest in property) Complaint by Devin D erham-Burk against HSBC Mortgage Services, Inc., Examnet, Inc., Mortgage Electronic Registration Systems, Inc., Secured Funding Corp.. Fee Amount $250. (Attachments: # 1 Exhibit A thru C) (Delateur, Eva) (Entered: 10/12/2007) |
| 10/15/2007 | ❷211 | Stipulation and Order for Tolling the Statute of Limitation . (jd, ) (Entered: 10/15/2007) |
| 10/19/2007 | ❷212 | Notice of Change of Address *and Name of Creditor with Certificate of Service* Filed by Creditor DCFS Trust (Kim, John) (Entered: 10/19/2007) |
| 10/25/2007 | ❷213 | Supplemental Statement of by Chapter 13 Trustee in Response to Guzik's Motion for Order Authorizing Creditor to Pursue Avoidance Action, etc. (RE: related document(s)199 Statement, ). Filed by Trustee Devin Derham-Burk (Attachments: # (1) Certificate of Service) (Delateur, Eva) |

|  |  | (Entered: 10/25/2007) |
|---|---|---|
| 11/19/2007 | 214 | Pre-Hearing Statement (RE: related document(s) 67 Amended Objection to Confirmation of Plan) Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Certificate of Service) (Rome-Banks, Julie) CORRECTIVE ENTRY: INCORRECT LINKAGE, COURT CORRECTED. Modified on 11/20/2007 (jd, ). (Entered: 11/19/2007) |
| 11/20/2007 | 215 | Pre-Hearing Statement (RE: related document(s)67 Objection to Confirmation of the Plan). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 11/20/2007) |
| 11/29/2007 | 216 | Amended Objection to Confirmation of Plan *with Certificate of Service* Filed by Trustee Devin Derham-Burk (Derham-Burk, Devin (harbor)) (Entered: 11/29/2007) |
| 11/30/2007 | 217 | Pre-Hearing Statement (RE: related document(s)67 Objection to Confirmation of the Plan). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 11/30/2007) |
| 12/03/2007 | | Courtroom Hearing Continued (RE: multi-part motion - related document(s) 106 ) (Continued to 2/11/2008 02:00 PM at San Jose Courtroom 3020 - Weissbrodt) (tb, ) (Entered: 12/04/2007) |
| 12/03/2007 | | Courtroom Hearing Continued (RE: Motion Miscellaneous Relief - related document(s) 108 ) (Continued to 2/11/2008 02:00 PM at San Jose Courtroom 3020 - Weissbrodt) (tb, ) (Entered: 12/04/2007) |
| 12/03/2007 | | Courtroom Hearing Continued (RE: Order To Set Hearing - related document(s) 85 ) (Continued to 2/11/2008 02:00 PM at San Jose Courtroom 3020 - Weissbrodt) (tb, ) (Entered: 12/04/2007) |
| 12/03/2007 | | Confirmation Hearing Continued re: Chapter 13 Plan. (Confirmation Hearing to be Held on 2/11/2008 02:00 PM at San Jose Courtroom 3020 - Weissbrodt) (tb, ) (Entered: 12/04/2007) |
| 02/04/2008 | 218 | Pre-Hearing Statement (RE: related document(s)61 Objection to Confirmation of the Plan). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 02/05/2008) |
| 02/06/2008 | 219 | Pre-Hearing Statement (RE: related document(s)205 Objection). Filed by Creditor Guzik Technical Enterprises, Inc. (Attachments: # 1 Certificate of Service) (Rome-Banks, Julie) (Entered: 02/06/2008) |
| 02/08/2008 | 220 | Pre-Hearing Statement (RE: related document(s)61 Objection to |

Confirmation of the Plan). Filed by Debtor Elliot A. Viches (jd, ) (Entered: 02/08/2008)

| 02/11/2008 | ❶ | Courtroom Hearing Continued (RE: Motion Miscellaneous Relief - related document(s) 108 ) (Continued to 5/5/2008 02:00 PM at San Jose Courtroom 3020 - Weissbrodt) (tb, ) (Entered: 02/25/2008) |
|---|---|---|
| 02/11/2008 | ❶ | Courtroom Hearing Continued (RE: Order To Set Hearing - related document(s) 85 ) (Continued to 5/5/2008 02:00 PM at San Jose Courtroom 3020 - Weissbrodt) (tb, ) (Entered: 02/25/2008) |
| 02/11/2008 | ❶ | Confirmation Hearing Continued re: Chapter 13 Plan. (Confirmation Hearing to be Held on 5/5/2008 02:00 PM at San Jose Courtroom 3020 - Weissbrodt) (tb, ) (Entered: 02/25/2008) |
| 02/11/2008 | ❶ | Hearing Continued (RE: related document(s)106 Motion for Abstention , Motion *for Miscellaneous Relief* Filed by Creditor Guzik Technical Enterprises, Inc. Hearing to be held on 5/5/2008 at 2:00 PM San Jose Courtroom 3020 - Weissbrodt for 106, (tb, ) (Entered: 02/25/2008) |
| 02/26/2008 | ❶221 | Transcript, Date of Hearing: 2-11-08*a) Hearing on Confirmation of Plan; b) Second Amended Objection by Trustsee; c) Objection to Second Amended Plan by Guzik Technical Enterprises, Inc. ; d) Objection to Second Amended Plan by Paul Korolov; f) Motion for Abstention and Stay and Other Related Relief by Guzik Technical Enterprises, Inc.; g) Opposition by Debtor; h) Motion for Bifurcation of Trial by Debtor; i) Opposition by Guzik Technical Enterprises, Inc.*. (McCall, Jo) (Entered: 02/26/2008) |
| 03/03/2008 | ❶222 | Motion for Withdrawal of Reference Fee Amount $0.00 ($150.00 DUE) Filed by Debtor Elliot A. Viches (Attachments: # 1 Memorandum of Points and Authorities # 2 Exhibit # 3 Certificate of Service) (ec, ) (Entered: 03/05/2008) |
| 03/05/2008 | ❶223 | Document: Transmittal of Withdrawal of Reference to the District Court. (RE: related document(s)222 Motion for Withdrawal of Reference). (ec, ) CORRECTIVE ENTRY: COURT MODIFIED DOCKET TEXT. Modified on 3/6/2008 (ec, ). (Entered: 03/05/2008) |
| 03/05/2008 | ❶224 | Document: Amended Transmittal of Withdrawal of Reference to the District Court. (RE: related document(s)222 Motion for Withdrawal of Reference). (ec, ) (Entered: 03/06/2008) |
| 03/06/2008 | ❶225 | Courts Certificate of Mailing. Number of notices mailed: 1 (RE: related document(s)224 Document). (ec, ) (Entered: 03/06/2008) |